# **EXHIBIT D**



5 September 2018

Please ask for
Christopher Sandall
0207 893 3792

TO ALL KNOWN AND CONTINGENT CREDITORS

Dear Sirs

**BSG Resources Limited (the "Company") - In Administration**

In accordance with the Order of the Royal Court of Guernsey ("the Administration Order") handed down on 6 March 2018, I am reporting the progress made in the Administration for the period from appointment to 5 September 2018, that being the first six months of the Administration.

**1    Statutory Information**

The Joint Administrators are William Callewaert and Malcolm Cohen of BDO Limited and BDO LLP, respectively, (the "Joint Administrators") who were appointed in respect of the Company on 6 March 2018.

The Joint Administrators were appointed by The Royal Court of Guernsey ("the Court") on an application made by the Company.

The Company's registered office address is West Wing, Frances House, Sir William Place, St Peter Port, Guernsey, GY1 1GX and the Company's registered number is 46565.

**2    Background to the Administration**

This is the first report to creditors and it is therefore appropriate that the background to the appointment of the Joint Administrators is given.  There are a number of confidential matters in this Administration and as a result the Administration application was heard by the Court *in camera*.  This report will not provide details of any confidential matters, principally in relation to ongoing litigation and arbitration matters.

Under the provisions of The Companies (Guernsey) Law, 2008, a company can make an application for the appointment of administrators where a company is insolvent or it can be shown that a company is likely to become insolvent, and where the court can be satisfied that one or more of the statutory purposes of an administration order may be achieved.

BDO LLP, a UK limited liability partnership registered in England and Wales under number OC305127, is a member of BDO International Limited, a UK company limited by guarantee, and forms part of the international BDO network of independent member firms.  A list of members' names is open to inspection at our registered office, 55 Baker Street, London W1U 7EU.  BDO LLP is authorised and regulated by the Financial Conduct Authority to conduct investment business.

LITI-22440257-2

**|BDO**

During February 2018, the directors of the Company formed the view that the Company was already insolvent or was likely to become so. Accordingly, the Company made an application to the Court for the appointment of the Joint Administrators and provided the Court with sufficient supporting evidence that the appointment of the Joint Administrators was the most appropriate course of action in light of the Company's financial position.

The statutory purpose of the Administration Order is the survival of the Company as a going concern.

It was the directors' view that the Company held two contingent assets, being a claim in an International Centre for Settlement of Investment Disputes ("ICSID") arbitration against the Republic of Guinea and a claim against George Soros and other related parties in the United States, which the Company would have found more difficult, or even impossible, to continue pursuing if it had become insolvent without the protection of the moratorium which comes into force upon the making of an Administration Order.

The decision to place the Company into Administration was taken with a view to realising the two contingent assets for the benefit of its creditors and returning the Company to a position of solvency.

### 3  Approach to the Administration

The Joint Administrators' role is to fulfil the purpose of the Administration Order, namely to restore the Company as a going concern (and thus to ensure that all creditors are paid in full). In order to achieve this, the Joint Administrators have been working closely with the Company's directors and advisors with the aim of fulfilling the purpose of the Administration Order.

The affairs of the Company, particularly the litigation matters, are varied, complex and largely interrelated. The Joint Administrators and their team have spent a considerable amount of time in the first six months, in consultation with the Company's management, advisors and the lawyers instructed on each matter, in acquiring the requisite knowledge to deal with all these matters and to progress them in a manner consistent with their duties to the Court.

Since their appointment, the Joint Administrators have retained the Company's premises in Guernsey and its existing employees, with a view to maintaining the historic knowledge and cooperation of these key individuals to ensure the best prospects of a successful outcome for the Administration.



## 4 Litigation Matters

An overview of each of the major litigation matters is set out below.

### 4.1 Claim against the Republic of Guinea

The Company is a claimant in an arbitration proceeding against the Republic of Guinea ("Guinea"), conducted through the ICSID. In summary, the claim relates to iron ore exploration and mining rights in the Simandou region, previously awarded to the Company by Guinea, which, it is alleged, were illegally expropriated by Guinea in 2014. The Company's claim seeks the restoration of those rights, together with damages.

At the time of the Joint Administrators' appointment, the arbitration proceedings were already at an advanced stage. Since then, the Joint Administrators have confirmed the appointment of the lawyers acting for the Company (Mishcon de Reya) and have been instructing them on the ongoing issues. These have principally involved a hearing before the arbitration panel in Paris to determine the authenticity and admissibility of certain documentary evidence adduced by Guinea, the submission of post hearing briefs and responses and the preparation of costs submissions (to be filed mid September 2018).

Unless the arbitral tribunal were to order otherwise, the Joint Administrators understand that the proceeding is now fully briefed and that the decision of the tribunal is awaited. A decision may be rendered in the latter part of 2019 or sometime thereafter.

### 4.2 Claim against George Soros

The Company filed a complaint, against George Soros and related parties in the United States District Court for the Southern District of New York in 2017. The complaint asserts various claims against George Soros and his Open Society Foundations and related entities arising out or related to their alleged actions to intentionally deprive the Company of its iron ore mining interests in the Simandou region of Guinea. The complaint seeks US$10 billion in damages.

In November 2017, the presiding judge granted the defendants' request for a stay of the litigation pending resolution of the ICSID arbitration noted above, without otherwise ruling on the merits of a motion to dismiss the complaint which had been submitted by the defendants. As a result, the action has been stayed since that time. A status conference is scheduled to be held before the judge in October 2018, at which point the future direction and timetable for the litigation may become more clear.

### 4.3 Claim by Vale S.A.

The Company is the respondent to an arbitration proceeding, conducted through the London Court of International Arbitration ("LCIA"), brought against it by Vale SA ("Vale"). The proceeding, held on a private basis, relates to a joint venture previously established between Vale and the Company relating to the Simandou iron ore mining project in Guinea.

LITI-22440257-2



Vale seeks to recover its investment in the shares of the joint venture company, which it purchased from the Company for US$500m, as well as the US$750m which it had invested in necessary infrastructure in connection with the project. Its claims are based on alleged fraudulent misrepresentations on the part of the Company which led to it making its investment.

The Company denied these allegations and prior to the Joint Administrators' appointment the Company had alleged procedural irregularities by the LCIA tribunal in its conduct of the case, which led to the replacement of the chairman of the tribunal for perceived bias.

The Joint Administrators have been advised by the lawyers representing the Company in this matter (Mishcon de Reya) that the arbitration process is now complete and that the arbitration award could be issued by the tribunal at any time. At the date of this report it has not yet been issued.

### 4.4 Cunico Litigation

The Company is a respondent to a Dutch proceeding brought by *inter alia* a Dutch registered company, Cunico Resources NV ("Cunico"). The claim is part of a wider dispute (and litigations in the Netherlands, Dubai and the Bahamas) between (amongst others) the shareholders (and their parent companies/beneficiaries) of Cunico and involves numerous parties, including but not limited to entities and persons directly or indirectly related to the Company. Shortly after our appointment the Company was served with a summons to appear before the Amsterdam District Court (Private Law Division) in order to progress the proceeding. This necessitated the Joint Administrators' retention of Dutch lawyers to advise on the Company's position with regard both to the summons and to the existing Dutch litigations generally.

Prior to the Joint Administrators' appointment the Company's management were at an advanced stage of settlement discussions with the other parties to the abovementioned litigations. Following our appointment (but unrelated to it), these discussions have been continuing periodically. The Joint Administrators are hopeful that these discussions may lead to the settlement of this dispute on mutually acceptable terms.

## 5 Assets

In addition to the potential litigation recoveries mentioned above, the other main assets of the Company are as follows:

### 5.1 Octea Limited

The Company holds a direct subsidiary company, Octea Limited ("Octea"), that acts as the holding company for a group of companies engaged in diamond mining, extraction and refinement based in Sierra Leone, as well as the marketing and sale of diamonds.

### 5.2 West African Power Limited

The Company holds a direct subsidiary company, West African Power Limited, that ultimately holds, through a group of subsidiary undertakings, a minority investment in a power station located in Geregu, Nigeria.

### 5.3 Bank Account

The Company holds a bank account with Banque J Safra Sarasin in Switzerland. At the date of appointment there was US$17,947 in this account. The Joint Administrators have taken control of this account and no payments can be made without their authorisation.

### 5.4 Debtors

The Joint Administrators are aware of a number of debtors and are undertaking a review of all of the relevant agreements and contracts; based on the initial review it does not appear that any of these debts are currently due.

### 5.5 Investigation of Assets

The Joint Administrators have a duty to identify any potential assets of the Company other than those identified above. If you are aware of any asset or potential asset that is not included above, please provide relevant information to the Joint Administrators.

## 6 Creditors

### 6.1 Secured Creditors

#### 6.1.1 Standard Chartered Bank ("SCB")

SCB is the historic lender to the Company and certain of its subsidiary undertakings.

The outstanding debt due to SCB prior to the appointment of the Joint Administrators was US$16m, allegedly rising to c. US$75m as a result of the Company entering Administration. The claimed escalation of the debt as a result of the Administration is currently a matter of dispute between the Joint Administrators and SCB. The Joint Administrators anticipate taking steps to resolve this issue in the coming months.

SCB purports to have security over all proceeds flowing into the Company to the extent of its claim into the Company. The Joint Administrators continue to take advice on this position.

#### 6.1.2 Star West Investments Limited ("Star West")

Star West holds a charge over the shares of Octea as security for its loan of $151m to that company in respect of the Company's guarantees of Octea's obligations to Star West.

**|BDO**

These guarantees have not been called upon and at present there is no debt due to Star West by the Company.

### 6.2 Unsecured Creditors

The estimated unsecured creditors of the Company amount to US$7,491,893. These comprise inter-company or associated company creditors, general trade and expense creditors, the Guernsey Social Security Office and the Guernsey Income Tax Office.

### 6.3 Contingent Creditors

In addition to the creditors set out above there are two contingent creditors; Star West (in respect of the guarantee noted above) and Vale S.A. (in respect of its arbitration claim against the Company, noted above). The certainty, quantum and timing of these liabilities is currently unknown.

## 7 Receipts and Payments Account

Enclosed, for your information, is a summary of the receipts and payments account for the Administration to date (showing a nil balance in hand), reporting as follows:

### 7.1 Realisations

There have been no realisations in this Administration to date.

### 7.2 Funding

The Company has no liquid assets with which to fund the costs of the Administration.

Accordingly, it is expected that a formal funding agreement will shortly be entered into with Nysco Management Corp. (the Company's immediate parent company) through which they provide funding via a loan for certain aspects of the Administration. A summary account of the sums loaned to the Company are at Appendix 1.

### 7.3 Trading

The Company acts as an adviser and administration function for a number of its subsidiaries and has continued to do so to a limited extent.

Operational costs have been incurred principally in respect of salaries and legal and professional fees.

A management fee is anticipated to be paid to the Company in the next 12 months from its direct subsidiary, Octea. The payment of this management fee is presently subject to some uncertainty in terms of the quantum and timing of its receipt by the Company.

**BDO**

## 8  Pre Appointment Costs

The Administration application to the Court sought approval of pre-appointment fees of the Joint Administrators of £64,500. These fees were approved by the Court in full and have been drawn under the funding agreement noted above.

## 9  Joint Administrators' Remuneration

The Joint Administrators requested that the Court approve their fees on a time costs basis and provided an estimated budget for the first year of the Administration. As part of the Administration Order, the Court approved the basis and estimated fees of the Joint Administrators for the first twelve months totalling £577,741.

The Joint Administrators have made a further application to the Court to obtain an increased fee approval for the first 12 months of the Administration for a total amount of £901,239. The increase in estimated fees is a result of unanticipated costs incurred in relation to the litigation matters referred to above.

The table at appendix 2 summarises the Joint Administrators' time costs incurred from appointment to the date of this report.

## 10  Disbursements

Direct disbursements are recovered in respect of precise sums paid to third parties during the Administration. A sum of £3,175 (summarised in the loan account as 'General Disbursements') has been drawn in respect of direct disbursements between the date of the Joint Administrators' appointment and the date of this report. These are detailed in the table below.

| Disbursement | Amount £ |
| --- | --- |
| Travel (Air) | 2,122.84 |
| Travel (Rail) | 56.20 |
| Travel (Taxi/Tube) | 534.53 |
| Hotel | 443.73 |
| Meals & Subsistence | 18.00 |
| | 3,175.30 |

Indirect disbursements for costs such as printing, photocopying and telephone calls that cannot be specifically allocated to the Administration have not been drawn by the Joint Administrators.



11  **Future of the Administration**

As stated, the purpose of the Administration is the survival of the Company as a going concern.

The two contingent assets in this Administration are the ICSID arbitration against the Republic of Guinea and the US litigation against George Soros. The status of these two matters has been set out, to the fullest extent possible, above. The outcome of these matters will determine the future strategy of the Administration and whether or not it will be possible for the Joint Administrators to achieve the purpose of the Administration.

If you require any further information, please contact me or my colleague Christopher Sandall on 0207 893 3792 or email him on christopher.sandall@bdo.co.uk and BSGR@bdo.co.uk.

Yours faithfully
For and on behalf of
BSG Resources Limited

William Callewaert
Joint Administrator

Appendix 1

## BSG Resources Limited (In Administration)
### Receipts and Payments Account
As at 28 August 2018

**RECEIPTS**
None — nil
— nil

**PAYMENTS**
None — nil
— nil

Balance held by Joint Administrators — nil

### Loan Account
As at 28 August 2018

| | Note | |
|---|---|---|
| **Operating Costs** | | |
| Staff costs including tax & social security contributions | 1 | ( 92,396) |
| Legal and Professional fees | 2 | ( 22,255) |
| General office costs | | ( 369) |
| | | ( 115,020) |
| **Legal Fees & Associated Costs** | | |
| Legal Fees | 3 | ( 927,721) |
| IT Services | 4 | ( 64,843) |
| | | ( 992,564) |
| **Joint Administrator's Fees** | | |
| Joint Administrators' pre-appointment fees | 5 | ( 64,500) |
| Joint Administrators' post-appointment fees | 5 | ( 296,780) |
| Joint Administrators' general disbursements | 6 | ( 3,175) |
| | | ( 364,455) |
| **Total loaned to BSG Resources Ltd (In Administration)** | | ( 1,472,038) |

**NOTES**

1. The Company retains two members of staff who provide administrative and operational functions.
2. Legal and professional fees incurred in respect of operational matters.
3. Legal fees and costs incurred in relation to matters arising in the Administration. This includes an amount of £104k in respect of ICSID arbitration court fees.
4. IT Services includes the provision of cloud-based storage and access for data and digital documents relating to the various legal proceedings.
5. The Joint Administrators' pre- and post-appointment fees were approved by the Royal Court of Guernsey.
6. Disbursements incurred are detailed in the body of the report.

Appendix 2

BSG Resources Limited (In Administration)
Summary of Joint Administrators Time Costs
As At 25 August 2018

| Grade | Partner £703 per hour | | Principal/Director £433 per hour | | Senior Manager/Manager £388 per hour | | Executive £209 per hour | | Totals £464 per hour | |
|---|---|---|---|---|---|---|---|---|---|---|
| Average Rate | £ | Hours | £ | Hours | £ | Hours | £ | Hours | £ | Hours |
| Appointment Matters | 14,943 | 21.50 | 22,839 | 49.10 | 4,030 | 10.85 | - | - | 41,811 | 81.45 |
| Day One Matters | 4,526 | 6.50 | 12,987 | 33.90 | 16,100 | 45.00 | 33 | 0.30 | 33,647 | 85.70 |
| Litigation Matters | 117,312 | 166.10 | 98,801 | 211.00 | 50,278 | 121.70 | 7,623 | 22.00 | 274,014 | 520.80 |
| Trading Matters | 5,563 | 7.80 | 51,076 | 144.50 | 25,021 | 80.80 | 232 | 3.25 | 81,891 | 236.35 |
| Tax | 3,371 | 4.85 | 3,872 | 6.20 | - | - | 133 | 0.80 | 7,376 | 11.85 |
| Statutory Complianace | - | - | 16,208 | 46.40 | 2,082 | 4.75 | - | - | 18,290 | 51.15 |
| General Administration | 25,768 | 36.65 | 24,922 | 53.60 | 44,641 | 109.75 | 48 | 0.50 | 95,380 | 200.50 |
| Other Matters | 44,860 | 64.20 | 52,209 | 108.40 | 50,677 | 123.70 | 5,044 | 36.00 | 152,790 | 332.30 |
| | 216,343 | 307.60 | 282,915 | 653.10 | 192,828 | 496.55 | 13,113 | 62.85 | 705,199 | 1,520.10 |

LIT1-22440257-2