# **EXHIBIT F**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BSG RESOURCES LIMITED (in administration),<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-11845 (_____) |

**ORDER RECOGNIZING FOREIGN MAIN**
**PROCEEDING AND GRANTING RELATED RELIEF**

      This matter was brought by William Callewaert and Malcolm Cohen (together, the "Joint Administrators") in their capacity as the Joint Administrators[1] and duly authorized foreign representatives for BSG Resources Limited (in administration) (the "Debtor"), upon the filing, on behalf of the Debtor, of the *Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding* (the "Verified Petition") pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned Chapter 15 case (the "Chapter 15 Case").

      The Court has reviewed the Verified Petition along with the other papers, pleadings and exhibits submitted by the Joint Administrators in support of the Verified Petition (collectively, the "Supporting Papers,") including, among other things, (a) the *Declaration of Malcolm Cohen* (the "Cohen Declaration")[2] and (b) the *Memorandum of Law* in support of the Verified Petition.

---

[1] The Joint Administrators were appointed as joint administrators and foreign representatives of the Debtor pursuant to Part XXI of the Companies (Guernsey) Law, 2008.

[2] The Cohen Declaration was filed in support of (i) the Verified Petition, (ii) the *Application for an Order Scheduling Recognition Hearing, Specifying Deadline for Filing Objections and Specifying Form and Manner of Notice* (the "Notice Application") and, (iii) the *Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code* (the "Application for Provisional Relief"). Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Verified Petition and the Cohen Declaration, as applicable.

For good cause shown, including the record created at the hearing held to consider the Verified Petition (the "<u>Recognition Hearing</u>"), the Court finds and concludes as follows:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

    C.    Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

    D.    Good, sufficient, appropriate and timely notice of the filing of the Verified Petition and the Recognition Hearing on the Verified Petition has been given pursuant to Local Rules 2002-4 and 9078-1 and Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure.

    E.    The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

    F.    Pursuant to section 1517(a)(2) of the Bankruptcy Code, the Joint Administrators are a "person" within the meaning of section 101(41) of the Bankruptcy Code, and the Joint Administrators are the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

    G.    The Guernsey Administration currently pending before the Guernsey Court is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

    H.    The Guernsey Administration is pending in Guernsey, where the Debtor's "center of main interests," as that term is used in section 1517(b)(1) of the Bankruptcy Code, is located, and, accordingly, the Guernsey Administration is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

    I.    The Debtor is entitled to all of the relief provided under sections 1520 and 1521(a)(1) and (2) of the Bankruptcy Code, without limitation, because those protections are

necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors and stakeholders.

Therefore, it is hereby ordered that:

1. The Verified Petition is GRANTED.

2. The Verified Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

3. The Guernsey Administration is recognized as a "foreign main proceeding" (as defined in section 1502(a)(4) of the Bankruptcy Code) pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

4. The Joint Administrators are recognized, on a final basis, as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code.

5. Other than as expressly set forth herein, the Debtor is entitled to all of the relief provided under sections 1520 and 1521 of the Bankruptcy Code, without limitation.

6. Pursuant to sections 1520 and 1521 of the Bankruptcy Code, and, as necessary, sections 105(a) and 1507 of the Bankruptcy Code, the Guernsey Administration Order is hereby given full force and effect in the United States.

7. The Debtor is authorized to maintain its U.S. assets, including its litigation interests, in the ordinary course of the Debtor's business, pursuant to section 1520(a) of the Bankruptcy Code.

8. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with any public policy of the United States, and warranted pursuant to sections 1507(a), 1509(b)(2)-(3), 1520, 1521(a), and 1522 of the Bankruptcy Code.

9. Pursuant to section 1521(a)(6), any additional relief granted under section 1519(a) is hereby extended.

10. Any action to interfere with the Debtor's assets, including its litigation interests, are hereby barred, enjoined, and stayed, pursuant to sections 362, 1520(a), and 1521(a)(1) and (2) of the Bankruptcy Code.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief, any adversary proceeding in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced within the jurisdiction of this Court.

12. The Joint Administrators shall provide service and notice of this Order by first class mail, postage prepaid, upon the Chapter 15 Notice Parties as defined in the Notice Application.

Dated: _____, 2019

_____
United States Bankruptcy Judge