# EXHIBIT A

## Proposed Order to Show Cause

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> BSG RESOURCES LIMITED (in administration), <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 19-11845 (_____) |

### ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER

William Callewaert and Malcolm Cohen (together, the "Joint Administrators") are the Court-appointed Joint Administrators for BSG Resources Limited (in administration) (the "Debtor") in a proceeding under Guernsey's Part XXI of the Companies (Guernsey) Law, 2008 (the "Guernsey Administration"). The Joint Administrators are authorized to serve as the foreign representative of the Debtor as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code").

On June 3, 2019, the Joint Administrators commenced this Chapter 15 case (the "Chapter 15 Case") by filing, on behalf of the Debtor and pursuant to sections 1504 and 1515 of the Bankruptcy Code, the *Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Verified Petition") along with the Official Form 401 (*Chapter 15 Petition for Recognition of a Foreign Proceeding*); the *Application for an Order (I) Scheduling Recognition Hearing, (II) Specifying Deadline for Filing Objections and (III) Specifying Form and Manner of Notice* (the "Notice Application"); and an *Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code* (the "Application for Provisional Relief" and, collectively with the Verified Petition and Notice Application, the "First Day Motions").

The Joint Administrators have also filed a memorandum of law (the "Memorandum of Law") and a *Declaration of Malcolm Cohen* (the "Cohen Declaration") in support of the First Day Motions.

By its Application for Provisional Relief, the Joint Administrators requested entry, on an *ex parte* basis, of a temporary restraining order staying execution against the assets of the Debtor, and applying section 362 of the Bankruptcy Code in this Chapter 15 Case on a provisional basis pending the earlier of (i) adjudication of the Joint Administrators' request for recognition of the Guernsey Administration or (ii) after notice and a hearing, entry of an order granting a preliminary injunction extending the provisional relief in the temporary restraining order until disposition of the Verified Petition.

The Court has considered and reviewed the Application for Provisional Relief, the Verified Petition, and the Cohen Declaration and all related documents filed contemporaneously therewith. Based on the foregoing,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

a)     The Joint Administrators have demonstrated a substantial likelihood of success on the merits that the Debtor is the subject of a pending foreign main proceeding and the Joint Administrators are the foreign representative of the Debtor;

b)     The Joint Administrators have demonstrated that, without a stay of execution against the Debtor's assets and the protections of section 362 of the Bankruptcy Code, there is a material risk that the Debtor will suffer irreparable harm to the value of its business, assets, and property as a result of potential enforcement and collection efforts of claimants pending the disposition of the Verified Petition;

c)     No injury will result to any party that is greater than the harm to the Debtor in the absence of the requested relief;

  d) The interests of the public will be served by this Court's granting of the relief requested by the Joint Administrators;

  e) Due to the nature of the relief requested, the Court finds that no security is required under Rule 65(c) of the Federal Rules of Civil Procedure to the extent applicable in these cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure;

  f) It would not be feasible, prior to entry of this Order, for the Joint Administrators to serve prior notice of the Application for Provisional Relief on all parties-in-interest, and giving such prior notice would create the risk that creditors would rush to take actions that would undermine or defeat the purposes of the relief that the Joint Administrators seek.

  g) This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334 and section 1501 of the Bankruptcy Code;

  h) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

  i) Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

  1. The Joint Administrators' application is **GRANTED** as of _____;

  2. All parties-in-interest shall show cause before the Honorable _____, United States Bankruptcy Judge for the Southern District of New York, at a hearing at _____ on _____ (the "Hearing"), at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, Courtroom #\_\_\_\_ as to why an order should not be entered:

    i. establishing the Joint Administrators as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code;

    ii. enjoining all persons and entities subject to this Court's jurisdiction from taking or continuing to take any act to seize, attach, possess, execute upon,

3

            exercise control over and/or enforce liens against any assets of the Debtor located in the territorial jurisdiction of the United States; and

    iii.    directing that the automatic stay set forth in section 362 of the Bankruptcy Code shall be applicable, within the territorial boundaries of the United States, to the Debtor and its assets.

3.    Subject to paragraph 4 below, pending the Hearing:

    i.    the Joint Administrators are established, on an interim basis, as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code;

    ii.    Pursuant to sections 1519(a)(1) and 105(a) of the Bankruptcy Code, all persons and entities are enjoined from seizing, attaching, possessing, executing, and/or enforcing liens against the assets of the Debtor; and

    iii.    Pursuant to sections 1519(a)(3) and 105(a) of the Bankruptcy Code, the automatic stay pursuant to section 362 of the Bankruptcy Code is applicable in this Chapter 15 Case within the territorial jurisdiction of the United States; *provided, however*, that the automatic stay shall not enjoin a police or regulatory act of a governmental unit to the extent provided in Section 362(b)(4) of the Bankruptcy Code.

4.    Pursuant to Federal Rule 65(b)(4), any party in interest may make a motion seeking relief from or modifying this Order on no less than two (2) business days' notice to the Joint Administrators' United States counsel, by filing a motion seeking an order of this Court dissolving or modifying the injunction entered in this proceeding.

5. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

6. Notice of entry of this Order and of the Hearing shall be served within two business days of its entry by United States mail first-class postage prepaid, by electronic mail or by fax on all parties against whom relief is sought, or their counsel, if applicable, including such parties as set forth in the List Pursuant to Bankruptcy Rule 1007(a)(4) filed concurrently herewith.

7. Service in accordance with this Order shall constitute adequate and sufficient service and notice.

8. Responses or objections to the Joint Administrators' request for a preliminary injunction shall be (i) made in writing and shall set forth the basis therefor, and such responses or objections, if filed by an attorney, must be filed in accordance with General Order M-399 and the Court's Current Guidelines for Electronic Filing (copies of which may be viewed on the Court's website at www.nysb.uscourts.gov), and by all other parties in interest in hard copy filed with the Office of the Clerk of the Court, One Bowling Green, New York, New York, with a hard copy to be sent to the chambers of the Honorable _____, United States Bankruptcy Judge and (ii) served by electronic mail and United States mail upon Duane Morris LLP, Attn: Frederick D. Hyman and Jarret P. Hitchings, 1540 Broadway, New York, New York 10036, counsel to the Joint Administrators, so as to be received on or before _____ at _____, prevailing Eastern Time.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2019        _____
                                       United States Bankruptcy Judge

5

DM3\5776992.3