## EXHIBIT B

**Proposed  Preliminary Injunction Order**

DM3\5776992.3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| BSG RESOURCES LIMITED (in administration), | Case No. 19-11845 (_____) |
| Debtor in a Foreign Proceeding. | |

## <u>ORDER GRANTING PRELIMINARY INJUNCTION</u>

William Callewaert and Malcolm Cohen (together, the "<u>Joint Administrators</u>") are the Court-appointed Joint Administrators for BSG Resources Limited (in administration) (the "<u>Debtor</u>") in a proceeding under Guernsey's Part XXI of the Companies (Guernsey) Law, 2008 (the "<u>Guernsey Administration</u>").  The Joint Administrators are authorized to serve as the foreign representative of the Debtor as defined by section 101(24) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

On June 3, 2019, the Joint Administrators commenced this Chapter 15 case (the "<u>Chapter 15 Case</u>") by filing, on behalf of the Debtor and pursuant to sections 1504 and 1515 of the Bankruptcy Code, the *Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "<u>Verified Petition</u>") along with the Official Form 401 (*Chapter 15 Petition for Recognition of a Foreign Proceeding*); the *Application for an Order (I) Scheduling Recognition Hearing, (II) Specifying Deadline for Filing Objections and (III) Specifying Form and Manner of Notice* (the "<u>Notice Application</u>"); and an *Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code* (the "<u>Application for Provisional Relief</u>" and, collectively with the Verified Petition and Notice Application, the "<u>First Day Motions</u>").

The Joint Administrators have also filed a memorandum of law (the "Memorandum of Law") and a *Declaration of Malcolm Cohen* (the "Cohen Declaration") in support of the First Day Motions.

By its Application for Provisional Relief, the Joint Administrators requested entry, on an *ex parte* basis, of an order to show cause with temporary restraining order staying execution against the assets of the Debtor and applying section 362 of the Bankruptcy Code in this Chapter 15 case on a provisional basis pending either the adjudication of the Joint Administrators' request for recognition of the Guernsey Administration or a hearing on the Joint Administrators' request for a preliminary injunction, and granting such other relief as the Court sees just and proper.

The Court has considered and reviewed the Application for Provisional Relief, the Verified Petition, the Cohen Declaration and all related documents filed contemporaneously therewith. Based on the foregoing,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

a)      The Joint Administrators have demonstrated a substantial likelihood of success on the merits that the Debtor is the subject of a pending foreign main proceeding and the Joint Administrators are the foreign representative of the Debtor;

b)      The Joint Administrators have demonstrated that, without a stay of execution against the Debtor's assets and the protections of section 362 of the Bankruptcy Code, there is a material risk that the Debtor will suffer irreparable harm to the value of its business, assets, and property as a result of potential enforcement and collection efforts of claimants pending the disposition of the Verified Petition;

c)      No injury will result to any party that is greater than the harm to the Debtor in the absence of the requested relief;

2

d)      The interests of the public will be served by this Court's granting the relief requested by the Joint Administrators;

e)      Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure to the extent applicable in these cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure;

f)      This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1334;

g)      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

h)      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Joint Administrators' application is **GRANTED.**

2.      Until such a time as an order adjudicating the Joint Administrators' request for recognition of the Guernsey Administration is entered, or as otherwise ordered by this Court:

   i.      the Joint Administrators are established as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code;

   ii.     Pursuant to sections 1519(a)(1) and 105(a) of the Bankruptcy Code, all persons and entities are enjoined from seizing, attaching, possessing, executing, and/or enforcing liens against the assets, businesses operations or processes of the Debtor; and

   iii.    Pursuant to sections 1519(a)(3) and 105(a) of the Bankruptcy Code, the automatic stay pursuant to section 362 of the Bankruptcy Code is applicable in this Chapter 15 case within the territorial jurisdiction of the United States; *provided, however*, that the automatic stall shall not enjoin a police or regulatory act of a governmental unit to the extent provided in Section 362(b)(4) of the Bankruptcy Code.

3

3.      Notice of this Order shall be served within two business days of its entry by United States mail first-class postage prepaid, by electronic mail or by fax on all parties against whom relief is sought, or their counsel, if applicable, including such parties as set forth in the List Pursuant to Bankruptcy Rule 1007(a)(4) previously filed by the Debtor.

4.      Service in accordance with this Order shall constitute adequate and sufficient service and notice.

5.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2019            _____
                                            United States Bankruptcy Judge

DM3\5776992.3