CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza                                                              **Hearing Date: June 13, 2019 2:00 pm**
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Vale, S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BSG RESOURCES LIMITED (in administration),<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-11845 (SHL) |

**OPPOSITION TO JOINT ADMINISTRATORS' MOTION PURSUANT TO 11 U.S.C. §§ 107(b) AND FED. R. BANKR. P. 9018 FOR AUTHORITY TO FILE AND MAINTAIN CONFIDENTIAL INFORMATION UNDER SEAL**

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT................................................................................................................ 2

I. The Joint Administrators Have Failed to Meet Their Burden For
Sealing the Driver Affidavit and Driver Affidavit Exhibits In Full.............................. 4

II. The Joint Administrators Have Failed to Meet Their Burden For
Seeking Partial Redaction of the Driver Affidavit and the Driver
Affidavit Exhibits..................................................................................................... 8

CONCLUSION............................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Rules and Statutes**

Bankruptcy Code Section 107(a) .................................................................................... 2

Bankruptcy Code Section 107(b) .................................................................................... 3, 9

Fed. R. Bankr. P. 9018 .................................................................................................... 3

**Cases**

*Geltzer v. Anderson Worldwide, S.C.*,
No. 05 Civ. 3339(GEL), 2007 WL 273526 (S.D.N.Y. Jan. 30, 2007) ............................ 9

*Gowan v. Westford Asset Mgmt LLC (In re Dreier LLP)*,
485 B.R. 821 (Bankr. S.D.N.Y. 2013) ............................................................................ 8

*In re Anthracite Capital, Inc.*,
492 B.R. 162 (Bankr. S.D.N.Y. 2013) ............................................................................ 2-3, 9

*In re Borders Grp., Inc.*,
462 B.R. 42 (Bankr. S.D.N.Y. 2011) .............................................................................. 3

*In re Food Mgmt. Grp., LLC*,
359 B.R. 543 (Bankr. S.D.N.Y. 2007) ............................................................................ 6

*In re Motors Liquidation Co.*,
561 B.R. 36 (Bankr. S.D.N.Y. 2016) .............................................................................. 3, 5

*In re Nw. Airlines Corp.*,
363 B.R. 704 (Bankr. S.D.N.Y. 2007) ............................................................................ 3

*In re Oldco M Corp.*,
466 B.R. 234 (Bankr. S.D.N.Y. 2012) ............................................................................ 4, 10

*In re Omnicom Grp., Inc. Sec. Litig.*,
233 F.R.D. 400 (S.D.N.Y. 2006) .................................................................................... 10

*John Doe Corp. v. United States (In re John Doe Corp.)*,
675 F.2d 482 (2d Cir. 1982) ............................................................................................ 9-10

*PDV Sweeny, Inc. v. ConocoPhillips Co.*,
No. 14-cv-5183 (AJN), 2014 WL 4979316 (S.D.N.Y. Oct. 6, 2014).................................    10

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*,
21 F.3d 24 (2d Cir. 1994) .............................................................................................. 2, 3, 4, 8

Vale, S.A. ("Vale") hereby submits this opposition to the *Joint Administrators' Motion Pursuant to 11 U.S.C. §§ 107(b) and Fed. R. Bankr. P. 9018 for Authority to File and Maintain Confidential Information Under Seal*, ECF No. 10 (the "Sealing Motion") and the *Supplement to the Joint Administrators' Motion Pursuant to 11 U.S.C. §§ 107(b) and Fed. R. Bankr. P. 9018 For Authority to File and Maintain Confidential Information Under Seal*, ECF No. 16 (the "Suppl. Motion to Seal" and, together with the Sealing Motion, the "Motions to Seal") filed on June 3, 2019 and June 7, 2019 respectively, by William Callewaert and Malcom Cohen (together, the "Joint Administrators"), in their capacity as court-appointed joint administrators for BSG Resources Limited ("BSGR" or the "Debtor") in a bankruptcy proceeding pending before the Royal Court of Guernsey (the "Guernsey Administration"). In support of this opposition, Vale respectfully states as follows:

## **PRELIMINARY STATEMENT**

1. With their Motions to Seal, the Joint Administrators seek to keep from public view – and from the view of BSGR's creditors – documents that cannot plausibly be construed as warranting protection under Section 107(b) of the Bankruptcy Code. In particular, even though the Joint Administrators' counsel informed the Court that parts of it have information that is no longer confidential, the Joint Administrators ask the Court to seal the entirety of an affidavit filed by a director of BSGR, Peter Harold Driver (*Affidavit of Peter Harold Driver in Support of the Company's Application for an Administrative Order* (the "Driver Affidavit")) and each exhibit attached thereto (the "Driver Affidavit Exhibits"). *See* Hr'g Tr. 10:21-25, June 4, 2019 ("June 4 Hr'g Tr."). The Joint Administrators have failed to establish that these documents (amounting to approximately a thousand pages) are commercially sensitive, nor have they provided any justification for any potential harm that may result from the disclosure of these

1

documents to the public or BSGR's creditors.

2.  This Court specifically afforded the Joint Administrators an additional opportunity to substantiate the need for sealing – noting that the initial Sealing Motion failed to provide the Court with "sufficient justification to really do much of anything . . . for the purposes of [sealing]," June 4 Hr'g Tr. 58:9-10; *see also* June 4 Hr'g Tr. 57:1-14.  Despite this, the Suppl. Motion to Seal and the *Declaration of Matthew Newman*, ECF No. 17 (the "Newman Decl.") submitted by the Joint Administrators rely solely on the bald assertion that because the documents were filed under seal in Guernsey, they are *ipso facto* confidential, or that certain information in the Driver Affidavit is the sort of information that, "depending on the circumstances," may be sealed by a Guernsey court.  Newman Decl. ¶ 9.  Further, while the Joint Administrators have proposed providing Vale with redacted copies of the documents, these redactions are based on similar conclusory statements that the information and documents withheld are confidential, privileged or otherwise sensitive.  The Joint Administrators have thus failed to establish cause to seal or redact the Driver Affidavit and the Driver Affidavit Exhibits, and the Motions to Seal should accordingly be denied.

### **ARGUMENT**

3.  The Bankruptcy Code endorses a strong presumption and public policy in favor of public access to court records.  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)).  Congress codified its "strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings" under Section 107(a) of the Bankruptcy Code, offering only "narrow statutory exceptions" to the general rule that court records are open to examination by the public.  *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y.

2

2013). A court's ability to limit the public's access right remains an extraordinary measure that is warranted only under rare circumstances. *Id.*

4.  Under Section 107(b) of the Bankruptcy Code, information may only be protected if it is "a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1); Fed. R. Bankr. P. 9018. "Commercial information" may only be protected when such information would provide "an unfair advantage to competitors by providing them information as to commercial operations of the debtor." *In re Orion*, 21 F.3d at 27 (citation omitted); *see also In re Motors Liquidation Co.*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016) (citation omitted) (information must be "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors."). Importantly, information is not "commercial" merely because it relates to business affairs. *In re Nw. Airlines Corp.*, 363 B.R. 704, 706 n.4 (Bankr. S.D.N.Y. 2007) (citation omitted). Courts must examine sealing requests with skepticism. *In re Anthracite Capital, Inc.*, 492 B.R. at 174. While courts have held that redaction is preferable to wholesale sealing, the movant must nonetheless meet the same heavy burden to show that the information subject to redaction would provide an unfair advantage to its competitors. *In re Borders Grp., Inc.*, 462 B.R. 42, 47-48 (Bankr. S.D.N.Y. 2011).

5.  The Joint Administrators have failed to provide any justification that would serve as a basis for filing the Driver Affidavit and Driver Affidavit Exhibits under seal. Though they have offered to provide Vale with redacted versions of these documents, the Joint Administrators still fail to present a basis for redaction. Suppl. Motion to Seal ¶ 4. Even after the Court gave the Joint Administrators an additional opportunity to make a particularized showing, the Motions to Seal rely on nothing more than conclusory statements which fail to

3

establish the basis for why the information in the Driver Affidavit and Driver Affidavit Exhibits should be kept from the view of the public or its creditors and a lawyer affidavit that itself acknowledges the default position in Guernsey that all proceedings must be public, and the need to make a showing to establish a basis to seal information. *See* Newman Decl. ¶ 7. Simply stating in their application that information is "commercial in nature" and sealed in the Guernsey Administration does not satisfy the Joint Administrators' burden. *See Verified Chapter 15 Pet. for Recognition of Foreign Main Proceeding and Related Relief* ¶ 32, ECF No. 5 ("Verified Petition"). *See also* Sealing Motion ¶ 14; Suppl. Motion to Seal ¶ 4. As such, the Motions to Seal should be denied.

I. **The Joint Administrators Have Failed to Meet Their Burden For Sealing the Driver Affidavit and Driver Affidavit Exhibits In Full**

6. It is well established that the Joint Administrators, as movants and as BSGR's fiduciaries, bear the burden of demonstrating that the information they seek to protect from public access is commercial and confidential. *In re Orion*, 21 F.3d at 27; *In re Oldco M Corp.*, 466 B.R. 234, 236-37 (Bankr. S.D.N.Y. 2012) ("[W]here a party acts in a fiduciary capacity for another, such as a trustee in a bankruptcy case, the public interest in openness of court proceedings is at its zenith.") (citations omitted).

7. The Joint Administrators have woefully failed to meet their burden here. Indeed, in several material respects, the Joint Administrators have not even attempted to do so. Most tellingly, the Joint Administrators have failed to assert why the Driver Affidavit and Driver Affidavit Exhibits are confidential under Guernsey law. Rather, the Sealing Motion merely asserts, in conclusory fashion, that the Driver Affidavit and Driver Affidavit Exhibits should be maintained under seal in their entirety because they are "either commercial in nature, concern[] matters that may currently be the subject to foreign regulatory review or investigation, the subject

4

to on-going private, non-public arbitration, or obtained pursuant to confidentially or non-disclosure agreements." Sealing Motion ¶ 14. However, the Joint Administrators have not even attempted to substantiate these assertions of confidentiality. Instead, they rely solely on their Guernsey counsel's bare declaration concerning the "[t]ypes of material that [one] would, depending on the circumstances, expect to remain sealed on the court file due to commercial sensitivity." Newman Decl. ¶ 9. This comes nowhere close to establishing a basis for keeping these documents from the view of the public and BSGR's creditors and is wholly insufficient to justify sealing the Driver Affidavit and Driver Affidavit Exhibits, which purport to form the basis of the Joint Administrators' Chapter 15 Petition. *See In re Motors Liquidation Co.*, 561 B.R. at 44 (conclusory statements regarding the proposed sealed information's commercial importance made by lawyers in briefs were not evidence).

8. Nor is it sufficient for the Joint Administrators to rely on the Guernsey Administration's uncontested order to seal records. *Id.* (in the context of a sealing motion, stating "it is inappropriate to rely on orders entered in uncontested matters as support for requested relief in a contested matter."). The Newman Declaration fails to explain how BSGR would be harmed by public access to such information, or whether the Joint Administrators provided such justification to the Guernsey Court when requesting sealing. *See id.* ("[J]ust because information may be 'confidential' does not mean it is 'commercial information' entitled to the extraordinary procedure of sealing."). The Guernsey Court Order sealing the Driver Affidavit similarly does not confirm any findings that would support the sealing of evidence, and instead relies on the BSGR Application dated February 27, 2018 and the Driver Affidavit. *See* Verified Petition Ex. A, ECF No. 5-1.

9. Indeed, as Vale's counsel in Guernsey has explained, the sealing of records in

5

administrative proceedings in Guernsey is "exceptional in nature," particularly where the movant seeks to seal the entire record as is the case here. *See Declaration of Jon Barclay* in support of the opposition to the Joint Administrators' Motions to Seal ¶ 6 (the "Barclay Decl."). Under Guernsey law, the movant cannot simply state that information shall "remain private, merely because it is believed to be commercially sensitive. More is required." Barclay Decl. ¶ 11. Accordingly, it would be a "serious departure from the established principle that privacy should be ordered only, and only so far as is necessary, to prevent justice being frustrated" to have based an order to seal the entire court file in the BSG Resources Limited administration on the type of conclusory statements made in the Newman Declaration. *See* Barclay Decl. ¶ 10. There are no legal grounds allowing sealing based on that kind of showing. *See* Barclay Decl. ¶ 11. The Joint Administrators' failure to make a particularized showing to support their request to seal the Driver Affidavit and information contained therein is compounded by their request that the documents be sealed through the end of the proceeding, rather than for a limited time and purpose, and with a narrow reason for doing so. *See* Sealing Motion ¶ 1. Tellingly, and despite being aware of this Court's skepticism, the Joint Administrators have failed to present Vale or the Court with any basis or justification for the Guernsey Administration's *ex parte* sealing order.

10. Further, to the extent the Driver Affidavit and Driver Affidavit Exhibits contain information already publicly available, including information contained in the Verified Petition and related filings, the Joint Administrators cannot request that such information be sealed. *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 565 (Bankr. S.D.N.Y. 2007) (citing *United States v. Cont'l Airlines, Inc. (In re Cont'l Airlines)*, 150 B.R. 334, 339 (D. Del. 1993)) ("[T]he Court lacks the authority to seal information derived from public records."); *see also* June 4 Hr'g Tr. 67:6-17 (Court's questioning of "how the information set forth in this declaration of Malcolm

6

Cohen can be public and various things – the things that [are] here [Driver Affidavit and Driver Affidavit Exhibits] can't be.").

11.  In fact, each of the categories of documents that Joint Administrators argue warrants protection from public view are regularly submitted as part of First Day Motions, without redactions, before this Court, even where such documents may not have been publicly available in the ordinary course of the debtor's business. *See* Berkenbosch Decl. Ex. E, *In re Oi Brasil Holdings Coöperatief U.A.*, No. 17-11888 (SHL) (Bankr. S.D.N.Y. July 7, 2017), ECF No. 4-6 (listing in detail debtor's assets and liabilities as well as loan agreements, board discussions and board minutes attached to an exhibit to the Insolvency Trustee's declaration); Berkenbosch Decl. Exs. I, J, *In re Oi Brasil Holdings Coöperatief U.A.*, No. 17-11888 (SHL) (Bankr. S.D.N.Y. July 7, 2017), ECF Nos. 4-10, 4-11 (including confidential letters sent to the board); Abi Decl. Ex. E, *In re PT Bakrie Telecom TBK*, No. 18-10200 (SHL) (Bankr. S.D.N.Y. Jan. 29, 2018), ECF No. 6-15 (providing an exhibit of unaudited and audited financial statements); Crumpler Decl., *In re Keystone Private Equity Invs. Ltd.*, No. 18-13219 (SHL) (Bankr. S.D.N.Y. Oct. 25, 2018), ECF No. 3 (describing communications between the board and creditors and terms of a Confidential Settlement Agreement between liquidators); Crumpler Decl. Exs. B, C, *In re Keystone Private Equity Invs. Ltd.*, No. 18-13219 (SHL) (Bankr. S.D.N.Y. Oct. 25, 2018), ECF Nos. 3-2, 3-3 (exhibit of a confidential report sent to creditors detailing assets and a confidential Net Asset Value Report); Foreign Representative Decl. Ex. 1, *In re Oceanair Linhas Aereas*, No. 18-14182 (SHL) (Bankr. S.D.N.Y. Dec. 27, 2018), ECF No. 4-1 (attaching an exhibit of board meeting minutes).

12.  Without access to such information, Vale, BSGR's largest creditor, is prohibited from understanding key information relevant to the bankruptcy, including with regard

7

to the Center of Main Interests Inquiry ("COMI") analysis at the core of this Chapter 15 recognition. The Joint Administrators may not seal records simply because it is their preference or because they "crave" privacy. *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 485 B.R. 821, 822-23 (Bankr. S.D.N.Y. 2013). They have not demonstrated any harm (competitive or otherwise) that rebuts the strong legal and public policy presumption in favor of making such documents publicly available. Moreover, the Joint Administrators should not be permitted to impose confidentiality obligations on Vale as a prerequisite to getting access to such information in lieu of being required to make a showing why such information should not be publicly disclosed.

## II. The Joint Administrators Have Failed to Meet Their Burden For Seeking Partial Redaction of the Driver Affidavit and the Driver Affidavit Exhibits

13. Just as the Joint Administrators have not explained why sealing the Driver Affidavit and Driver Affidavits Exhibits in full is appropriate, they have also failed to justify their proposal to provide such documents subject to redaction across the three broad categories they identify: "(i) commercially sensitive information that would not be disclosed in a Guernsey administration, (ii) legal advice given to the Debtor's board and the board's then-opinions and recommendations, and (iii) documents subject to third-party confidentiality provisions." Suppl. Motion to Seal ¶ 4. Redaction of judicial records is warranted only where movants can specify a potential harm that may result from the disclosure of certain confidential information. *In re Orion*, 21 F.3d at 27. Here, the Joint Administrators have failed to identify any specific potential harm that would necessitate redaction, relying instead on unsupported assertions. Suppl. Motion to Seal ¶ 4.

14. *First*, the Joint Administrators rely on the assertion that the information must be redacted because it is "commercially sensitive information that would not be disclosed in a

8

Guernsey administration." Suppl. Motion to Seal ¶ 4. Given the concession by the Joint Administrators, however, that "BSG Resources Limited, today, has very little in the way of operating assets," it is implausible that public disclosure of such commercial information, especially when it is already more than a year old, would advantage BSGR's competitors. June 4 Hr'g Tr. 18:21-22; 28:15-18. As shown above, the bare assertion that the Driver Affidavit and the Driver Affidavit Exhibits were filed under seal in Guernsey does not satisfy the relevant standard for protection (including redaction) under Section 107(b). Nor is the Joint Administrators' purported concern for the impact of public disclosure on BSGR's ability to fund expenses in third party litigation (like the litigation against George Soros and related parties) a relevant consideration. *See* June 4 Hr'g Tr. 28:25-29:12. The narrow commercial information exception is not intended to protect against "providing third parties with a litigation advantage in outside actions." *In re Anthracite Capital, Inc.*, 492 B.R. at 173; *Geltzer v. Anderson Worldwide, S.C.*, No. 05 Civ. 3339(GEL), 2007 WL 273526 at *4 (S.D.N.Y. Jan. 30, 2007) ("There is no discernible public interest, or interest of the bankruptcy estates, in preserving [the party's] 'leverage' as against other parties who have sued it").

15.     *Second*, the Joint Administrators incorrectly assert that non-privileged opinions and recommendations of BSGR's board should be redacted. Suppl. Motion to Seal ¶ 4. The Joint Administrators improperly conflate "legal advice given to the Debtor's board" and the broader, non-privileged set of "the board's then-opinions and recommendations." Suppl. Motion to Seal ¶ 4. Board opinions and recommendations are not inherently privileged, especially where Joint Administrators have not made any assertion that their creation was motivated by a desire for legal advice. *See John Doe Corp. v. United States (In re John Doe Corp.)*, 675 F.2d 482, 489 (2d Cir. 1982) (finding that a board report was not privileged where it served "a purpose

9

other than the seeking and rendering of legal advice"); *In re Omnicom Grp., Inc. Sec. Litig.*, 233 F.R.D. 400, 415 (S.D.N.Y. 2006).

16.     *Finally*, the Joint Administrators assert that documents subject to third-party confidentiality provisions should be redacted without supplying any information regarding the confidentiality provisions that purportedly govern the redacted or withheld information. The Joint Administrators fall into the same tautological trap highlighted above – protection through redaction does not attach merely by virtue of identifying that documents are subject to confidentiality provisions. *See, e.g.*, *In re Oldco M Corp.*, 466 B.R. at 238 (finding that a settlement agreement, which provided that the terms would be confidential, could not be sealed in its entirety, but that bank account and routing numbers could be redacted); *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-cv-5183 (AJN), 2014 WL 4979316 at *3 (S.D.N.Y. Oct. 6, 2014) (denying a "Redaction Request" and stating that the existence of a confidentiality agreement did not overcome a strong presumption in favor of public access to court documents).

17.     In sum, the Joint Administrators have not demonstrated any harm (competitive or otherwise) that would justify sealing or redacting documents – conclusory statements that sealing in Guernsey requires confidential treatment by this Court are insufficient in light of the strong legal and public policy presumption in favor of making such documents publicly available.

## CONCLUSION

For the foregoing reasons, Vale respectfully requests that the Court deny the Joint Administrators' motions to seal the Driver Affidavit and the Driver Affidavit Exhibits.

Dated: June 12, 2019
      New York, New York

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*/s/ Lisa M. Schweitzer*
Jonathan I. Blackman
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for Vale, S.A.*