# **EXHIBIT 11**

# Application Notice

- You must complete Parts A **and** B, **and** Part C if applicable
- Send any relevant fee and the completed application notice to the court with any draft order, witness statement or other evidence
- It is for you (and not the court) to serve this application notice

| In the | High Court of Justice<br>Business and Property Courts of England and Wales<br>Commercial Court (QBD) |
|---|---|
| Claim No. | CL-2019-000269 |
| Warrant no.<br>(if applicable) | |
| Claimant<br>(including ref.) | VALE S.A. |
| Defendant<br>(including ref.) | BSG RESOURCES LIMITED (in administration) |
| Date | 23 May 2019 |

**You should provide this information for listing the application**

Time estimate          (hours)          (mins)

To be listed / determined with sections 68 and 24 claim (**CL-2019-000262**)

Is this agreed by all parties?   Yes [ ]     No [x]

Please always refer to the Commercial Court Guide for details of how applications should be prepared and will be heard, or in a small number of exceptional cases can be dealt with on paper.

## Part A

1. Where there is more than one claimant or defendant, specify which claimant or defendant

   The Defendant

2. State clearly what order you are seeking (if there is room) or otherwise refer to a draft order (which must be attached)

   intends to apply for an order a draft of which is attached that

   the Order of Mr Justice Bryan dated 9 May 2019 be set aside pursuant to CPR 62.18(9)(a) and/or stayed pending the final outcome of the Defendant's application to challenge the award dated 4 April 2019.

3. Briefly set out why you are seeking the order. Identify any rule or statutory provision

   Because the Defendant has brought an application under sections 68 and 24 of the Arbitration Act 1996 (the "**Act**") (i) challenging the award dated 4 April 2019 (the "**Award**") on the grounds of serious irregularity affecting the Tribunal, the proceedings or the Award; and (ii) for an order setting the Award aside in whole or in part, or declaring the Award to be of no effect in whole or in part, or remitting the Award to the Tribunal, in whole or in part, for reconsideration; and, for the reasons set out in the Defendant's application under sections 68 and 24 of the Act, the Award should not be enforced and/or enforcement should be stayed pending the final outcome of that application.

---

The court office at Admiralty and Commercial Registry, Rolls Building, 7 Rolls Buildings, Fetter Lane, London EC4A 1NL is open from 10am to 4.30pm Monday to Friday. When corresponding with the court please address forms or letters to the Clerk to the Commercial Court and quote the claim number.

N244 (CC) – w3   Application Notice (4.99)
This form is reproduced from www.hmcourts-service.gov.uk/ and is subject to Crown copyright protection.

*Printed on behalf of The Court Service*

# Part B

The Defendant wishes to rely on (i) the attached Arbitration Claim Form and the Second witness statement of Karel Norbert Daele dated 10 May 2019; and (ii) evidence in Part C, in support of this application

**Signed** *Mishcon de Reya LLP*
Applicant's legal representative

Address to which documents about this claim should be sent (including reference if appropriate)(4)

| 4. If you are not already a party to the proceedings, you muct provide an address for service of documents | Mishcon de Reya LLP<br>Africa House<br>70 Kingsway<br>London | | if applicable |
|---|---|---|---|
| | | Tel no. | 020 3321 7000 |
| | | fax no. | 020 7404 5982 |
| | | DX no. | 37954 Kingsway |
| | Postcode   WC2B 6AH | e-mail | |

# Part C

**(Note: Part C should only be used where it is convenient to enter here the evidence in support of the application, rather than to use witness statements or affidavits)**

The defendant wishes to rely on the following evidence in support of this application:

1. On 4 April 2019, the tribunal issued its Award in arbitration proceedings (LCIA Case No. 142683).

2. Pursuant to the Award, the tribunal ordered the Defendant to pay the Claimant as follows:
   a. damages of US$ 1,246,580,846;
   b. pre-award interest on the Damages at a rate of LIBOR USD 3-month plus 7%;
   c. GBP 1,413,565.42 representing the costs of the arbitration that the Defendant had failed to pay and the Claimant had paid instead;
   d. US$ 16,000,000 in respect of the Claimant's legal fees; and
   e. post-award interest at a rate of LIBOR USD 3-month plus 5% from the date of the award until full payment.

3. On 16 April 2019, the Defendant made a pre-action application for a short extension of time of eight days by which to bring its application to challenge the Award.

4. By the Order of Mr Justice Teare dated 17 April 2019, the date for the Defendant's challenge was extended to 10 May 2019. The Order of Mr Justice Teare was subsequently amended under an application of the Defendant pursuant to CPR 40.12 (1).

5. On 10 May 2019, the Defendant filed its challenge to the Award in arbitration claim number CL-2019-000262. Copies of the Arbitration Claim Form and accompanying evidence is relied on in support of this application. The challenge is made principally on the basis that the Tribunal was infected by apparent bias and/or failed to comply with its general duty (under section 33 of the Act) which constitutes a serious irregularity under section 68(2)(a). The primary relief sought by the Defendant in its challenge is that the Award be set aside and/or declared to be of no effect (s 68(3)(b) and (c) of the Act).

6. By email of 20:28 on 10 May 2019, the Defendant was served with the Order of the Hon. Mr Justice Bryan dated 9 May 2019 which permits the Claimant under section 66(1) of the Act to enforce the Award (the "**Enforcement Order**").

7. In light of the Defendant's challenge which, if successful, would see the Award be set aside and or declared to be of no effect, the Defendant is applying pursuant to CPR 62.18(9)(a) that the Enforcement Order be set aside, and/or stayed pending the final outcome of the Defendant's challenge.

8. The Defendant is not extending any reasons that the Enforcement Order be set aside (and/or stayed) beyond the existence of and reasons set out in its section 68 challenge referred to above. On that basis, it is submitted that this application be case managed and determined alongside the section 68 challenge under CL-2019-000262.

9. Pursuant to CPR 62.18(9)(a) and paragraph 4 of the Enforcement Order, the Award must not be enforced until after the present application to set aside the Enforcement Order has been finally disposed of. For completeness and/or only if it becomes necessary, the Defendant further seeks by this application a stay of the Enforcement Order pending the final outcome of

the Defendant's challenge to the Award.

10. Pursuant to CPR 32.12(2)(a), Mr Daele has consented to his Second Witness Statement filed under CL-2019-000262 to be used in these proceedings.

## Statement of Truth

*(I believe)(The applicant believes) that the facts stated in this application notice are true

*I am duly authorised by the applicant to sign this statement

Full name... TYRONE REES-DAVIES

Name of Applicant's legal representative

MISHCON DE REYA LLP

**Signed** [signature]

Applicant's legal representative

**Date** 23/05/2019.