Duane Morris LLP
Frederick D. Hyman (NY 2553832)
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
RHyman@duanemorris.com

-and-

Jarret P. Hitchings (DE 5564)
222 Delaware Avenue, Ste. 1600
Wilmington, Delaware 19801
Telephone: (302) 657-4952
JPHitchings@duanemorris.com

*Attorneys for William Callewaert and Malcolm Cohen
in their capacity as Joint Administrators and Foreign Representatives
for the Debtor BSG Resources Limited (in administration)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| BSG RESOURCES LIMITED (in administration), | Case No. 19-11845 (SHL) |
| Debtor in a Foreign Proceeding. | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

This Stipulation (the "**Stipulation**" or "**Protective Order**") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (i) William Callewaert and Malcolm Cohen appointed as joint administrators (together, the "**Foreign Representatives**" or "**Joint Administrators**") for BSG Resources Limited ("**BSG**" or "**Debtor**"), the debtor in the above-captioned chapter 15 case (this "**Chapter 15 Proceeding**"); and (ii) Vale, S.A. ("**Vale**" and together with Debtor and the Foreign Representatives, the "**Parties**").

WHEREAS, on June 3, 2019, the Foreign Representatives, on behalf of the Debtor, filed a voluntary petition for recognition of a foreign main proceeding and related relief under chapter 15

of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") (ECF No. 1);

WHEREAS, on June 3, 2019, the Foreign Representatives, on behalf of the Debtor, filed a *Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief* (ECF No. 5) (the "**Verified Petition for Recognition**") which seeks, among other relief, the imposition of the protections of section 362 of the Bankruptcy Code upon the recognition of the Debtor's foreign insolvency proceeding (the "**Guernsey Administration**") as a "foreign main proceeding";

WHEREAS, the Parties have served or will serve each other with, or have received from the other Parties, documents, depositions, deposition exhibits, interrogatories and responses, admissions, and any other information produced, given, or exchanged by and among the Parties and any non-parties to each of the respective above-captioned actions ("**Discovery Materials**");

WHEREAS, the Parties desire to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure; and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms;

**NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND IT IS ORDERED THAT**:

# DEFINITIONS

1. "**Party**": BSG, Vale or the Joint Administrators, including all of their respective officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

2. "**Discovery Material**": All information, documents, items, and things produced, served, or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the parties or by non-parties.

3. "**Producing Party**": A Party or non-party that produces Discovery Material in this action.

4. "**Receiving Party**": A Party that receives Discovery Material from a Producing Party.

5. "**Designating Party**": A Party or non-party that designates Discovery Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."

6. "**CONFIDENTIAL Material**": Discovery Material that the Designating Party believes in good faith as of the date of production contains or constitutes: (i) non-public information that is commercially sensitive, including, without limitation, research, business development or financial analysis, confidential technical information and data, or trade secrets; or (ii) information protected from disclosure under federal, state, or other applicable law, regulation, or court order. Copies, abstracts, compilations, summaries, and extracts of Discovery Materials designated as CONFIDENTIAL, as well as testimony that contains or recites such CONFIDENTIAL Material, will also be treated as CONFIDENTIAL Material. CONFIDENTIAL Material shall not include: (i) information that is publicly available in the same form in which it was provided; (ii) information that was, is or becomes public knowledge, not in violation of this Protective Order; (iii) information that is voluntarily de-designated by the Producing Party; (iv)

3

information rightfully acquired from an independent source without restrictions as to use; or (v) information that is at any time independently developed by a Party without use of or reliance upon any Discovery Materials.

7. "**OUTSIDE COUNSEL EYES ONLY Material**": Discovery Material that the Designating Party in good faith believes is not generally known to others and contains or constitutes non-public information reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual. OUTSIDE COUNSEL EYES ONLY Material shall not include: (i) information that is publicly available in the same form in which it was provided; (ii) information that was, is or becomes public knowledge, not in violation of this Protective Order; (iii) information that is voluntarily de-designated by the Producing Party; (iv) information rightfully acquired from an independent source without restrictions as to use; or (v) information that is at any time independently developed by a Party without use of or reliance upon any Discovery Materials. The foregoing definition is without prejudice to the right of the Producing Party to seek the Court's approval to designate specific other documents as Outside Counsel Eyes Only where it believes such treatment is necessary, in which case the Producing Party shall produce any such document to counsel for the Receiving Party, and the Receiving Party shall treat the document provisionally as Outside Counsel Eyes Only until the Court has had an opportunity to rule on the application.

8. "**Designated Material**": Discovery Material that is designated "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" and all copies, abstracts, compilations, summaries, and extracts of such Discovery Material, as well as testimony that contains or recites such material.

4

9. **"Counsel of Record"**: (i) Outside counsel who appear on the pleadings as counsel for a Party and other counsel advising such parties in connection with the Chapter 15 Proceeding, and (ii) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. "Counsel of Record" does not include any person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party.

10. **"Outside Consultant"**: A person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current or anticipated: (i) officer, director, or employee of a Party or of a Party's competitor, or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

11. **"Professional Vendors"**: Persons or entities unaffiliated with a Party or a competitor of a Party that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing transcripts, exhibits, or demonstrations, or organizing or processing data) and their employees and subcontractors. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

## SCOPE

12. <u>Compliance with Applicable Rules Governing Confidentiality</u>. This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles or as otherwise defined herein as Designated Material. All claims of confidentiality will be dealt with strictly in

5

accordance with the terms of this Protective Order, and no Party will refuse to produce any Discovery Material solely on the grounds of confidentiality.

## ACCESS TO DESIGNATED MATERIAL

13. <u>Access to CONFIDENTIAL Material</u>. Only the following persons are permitted to have access to CONFIDENTIAL Material:

(a) Current and former employees, officers, or directors of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and, only as to former employees, officers, and directors, those who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A, *provided that* receipt of any CONFIDENTIAL Material by counsel to a Party shall not itself be deemed to be receipt of any CONFIDENTIAL Material by any employee, officer, director, or employee of such Party;

(b) persons who appear on the face of Designated Material or in the metadata associated with the Designated Material as an author, addressee, or recipient thereof, or any other person for which counsel to the Receiving Party has a good faith basis for believing that such person rightly acquired such information or received such document from an independent source without restrictions as to its use prior to its production in the Chapter 15 Proceeding;

(c) Counsel of Record;

(d) subject to paragraph 18(b) and only as expressly permitted therein, persons expected to be deponents, trial witnesses, and hearing witnesses in the Chapter 15 Proceeding and counsel to such persons;

(e) expert witnesses or consultants who are employed or retained by the Receiving Party or its counsel in connection with the Chapter 15 Proceeding, and that have

6

signed the "Acknowledgement and Agreement to Be Bound by Protective Order," attached as Exhibit A, *provided that* counsel, in good faith, requires their assistance in connection with such proceedings, and *further provided that* any report created by such expert or consultant relying on or incorporating Confidential Material in whole or in part shall be designated as Confidential Material by the Party responsible for its creation;

(f) the Bankruptcy Court and its personnel;

(g) court reporters;

(h) any mediator or arbitrator engaged or assigned to mediate this matter, and his or her staff who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached as Exhibit A;

(i) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached as Exhibit A; and

(j) any other person, with the express written consent of the Producing Party.

14.     Access to OUTSIDE COUNSEL EYES ONLY Material.  Only the following are permitted to have access to OUTSIDE COUNSEL EYES ONLY Material:

(a) Counsel of Record;

(b) Outside Consultants and experts that have signed the "Acknowledgement and Agreement to Be Bound by Protective Order," attached as Exhibit A and where counsel, in good faith, requires their assistance in connection with the Chapter 15 Proceeding, *provided that* any report created by such expert or consultant relying on or incorporating Outside Counsel Eyes Only Material in whole or in part shall

7

be designated as Outside Counsel Eyes Only Material by the Party responsible for its creation;

(c) the Bankruptcy Court and its personnel;

(d) court reporters;

(e) any mediator or arbitrator engaged or assigned to mediate this matter, and his or her staff who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached as Exhibit A;

(f) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which that has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached as Exhibit A;

(g) Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof; and

(h) subject to paragraph 18(c) and only as expressly permitted therein, persons expected to be deponents, trial witnesses, and hearing witnesses in the Chapter 15 Proceeding and counsel to such persons.

15. <u>Acknowledgments to Be Bound</u>.  Each person to whom Designated Material may be disclosed and who is required to sign the "Acknowledgment and Agreement to Be Bound by Protective Order" must do so prior to reviewing Designated Material.  Counsel of Record for the Receiving Party must retain each original executed document.

## USE OF DESIGNATED MATERIAL

16. <u>Use of Designated Material by a Receiving Party</u>.  A Receiving Party is permitted to use Designated Material only for purposes of this case and is prohibited from disclosing Designated Material except in accordance with this Protective Order.

17. <u>Use of Designated Material by a Producing Party</u>.  Nothing in this Protective Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

18. <u>Use of Designated Material at Depositions or by Witnesses</u>.

   (a) Except as otherwise provided in subparagraphs (b) and (c) below, no Party shall disclose CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Materials to anyone not set forth in paragraphs 13 and/or 14, unless and until the Producing Party has agreed that the materials may be disclosed, or the Bankruptcy Court has so ruled.

   (b) A Receiving Party may disclose CONFIDENTIAL Material to persons expected to be deponents, trial witnesses, or hearing witnesses in the Chapter 15 Proceeding, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery.

   (c) A Receiving Party can examine (i) a deponent, trial witness, or hearing witness about Designated Material of which the witness had prior knowledge, or that a Receiving Party believes in good faith may be relevant to such witness's testimony and (ii) directors, officers, employees, or designated Rule 30(b)(6) witnesses of a Producing Party about Designated Material.  If a Receiving Party desires to examine a witness concerning Designated Material in a manner which is not permitted by the preceding sentence, and if the Parties cannot resolve the matter consensually, the Party seeking to prevent disclosure to the witness shall make a telephonic application to the Bankruptcy Court, and the Parties shall not disclose the Designated Materials until the Bankruptcy Court has ruled on the matter.

9

Except as set forth herein, no Party shall disclose OUTSIDE COUNSEL EYES ONLY Materials to anyone not set forth in paragraph 14 above or in this paragraph unless and until the Producing Party has agreed that the materials may be disclosed, or the Bankruptcy Court has so ruled.

(d) Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

19. <u>Use of Designated Material in Court</u>. Before disclosing Designated Material of another Party in an open courtroom at trial or other court hearings, the Party seeking to use the Designated Material must provide notice to the Designating Party so that the Designating Party or Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Designated Material in the open courtroom, such as by asking for the courtroom to be sealed or for the transcript or any demonstratives to be designated confidential. The Parties agree that the use of Designated Material at trial or in other court hearings shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Designated Material.

20. <u>Filing Designated Material</u>. All CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY Materials filed in any court, and all portions of pleadings, motions, or other papers filed with any court that disclose CONFIDENTIAL and OUTSIDE COUNSEL EYES ONLY Material, shall be filed in redacted form in accordance with Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York , with all CONFIDENTIAL and OUTSIDE COUNSEL EYES ONLY Materials redacted along with an unredacted copy filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court and provided to the Bankruptcy Court and all Parties entitled to receive such

CONFIDENTIAL and OUTSIDE COUNSEL EYES ONLY Materials. If any person fails to redact Designated Material, the Producing Party, Designating Party, or any Party claiming confidentiality for the Material may request that the Court place the filing under seal pursuant to Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

21. <u>Transmittal of Designated Material</u>. OUTSIDE COUNSEL EYES ONLY Material may only be transmitted or transported as set forth below:

(a) OUTSIDE COUNSEL EYES ONLY Material may only be transported: (i) by hand delivery; (ii) in sealed envelopes or containers via the mail or an established overnight, freight, delivery, or messenger service; or (iii) by telephone, facsimile, or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient. If OUTSIDE COUNSEL EYES ONLY Material is transported outside of the United States, it must remain under the continuous control of the Receiving Party and be returned to the United States as soon as is reasonably practicable.

22. <u>Unauthorized Use or Disclosure</u>. If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Protective Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly: (i) use its best efforts to retrieve all copies of the Designated Material; (ii) inform the person to whom unauthorized disclosures were made of the terms of this Protective Order; and (iii) ask that person to execute

11

the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached as Exhibit A.

## PROCEDURE FOR DESIGNATING MATERIALS

23. <u>Designating Documents</u>.  For Discovery Material in documentary form (other than transcripts or documents produced natively), the Designating Party must affix the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" on each page that contains Designated Material.

24. <u>Designating Other Discovery Material</u>.  For non-documentary Discovery Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY." For any documents produced natively, the file name may be modified to indicate the appropriate designation.

25. <u>Testimony and Transcripts</u>.  For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party will specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript by informing the reporter and the Parties on the record or in writing of the applicable designations within five (5) calendar days of completion of the certified transcript. The entire transcript of all other depositions will be treated as OUTSIDE COUNSEL EYES ONLY until the five-day period has expired. The court reporter must affix to the top of transcript pages identified by a Designating Party the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" as instructed by the Designating Party. Subject to the Court's preferences, the parties will work together to make arrangements for making such designations to exhibits, testimony, and other Discovery Material used during hearings, pretrial proceedings, and during the trial of this case.

12

26. <u>Non-Party Designations</u>.  A non-Party producing information or Discovery Material voluntarily or pursuant to a subpoena or court order is intended to be a third-party beneficiary of this Stipulation and may designate the information or Discovery Material in the same manner as a Party under the terms of this Stipulation, as necessary to, *inter alia*, protect the confidentiality of the CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY Materials it produces; however, such designation shall not by itself entitle the non-Party producing such information or Discovery Material to receive any Designated Material produced by other Parties.

27. <u>Challenges to Designations</u>.  Any Party or non-Party may challenge a confidentiality designation at any time according to the following procedures:

(a) <u>Written Notice</u>.  The Designating Party shall use reasonable care when designating Discovery Material as CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY.  Nothing in this Protective Order shall prevent a Receiving Party from contending that any Discovery Material has been improperly designated.  If the Receiving Party disagrees with the designation of any Discovery Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Discovery Material as specifically as possible.  Subject to the Parties' mutual desire to avoid unnecessary litigation over documents that may be immaterial, the challenge should be made as soon as is practicable following production.  If the parties do not resolve the dispute within three (3) days of the Designating Party receiving written notice of the challenge, the Designating Party may seek a ruling from the Bankruptcy Court upholding the designation as valid.

(b) <u>Meet and Confer</u>.  A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper, must give the Designating Party an opportunity to review the Material challenged and to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Designating Party may file a motion to uphold the designation consistent with paragraph 27(a).

(c) <u>Judicial Intervention.</u>  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Bankruptcy Court rules on the challenge, all parties shall continue to afford the Discovery Material in question the level of protection to which it is entitled under the Designating Party's designation.

## INADVERTENT PRODUCTION

28. <u>Failure to Designate</u>.  A failure to designate confidential Discovery Material does not waive a Designating Party's right to secure protection under this Stipulation for that Discovery Material.  On discovery of a failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Discovery Material bearing the appropriate legend.  The Receiving Party must then treat the Discovery Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Discovery Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

29. <u>No Waiver of Privilege</u>.  Inadvertent production of Discovery Material will not constitute a waiver of the attorney-client privilege or work product immunity or any other

applicable privilege or immunity from discovery if, after becoming aware of a disclosure, the Producing Party or Designating Party designates the Discovery Material as privileged or immune from discovery. The Producing Party shall, at its cost, provide the Receiving Party with substitute copies bearing the legend "CONFIDENTIAL" and/or "OUTSIDE COUNSEL EYES ONLY" with any such Discovery Materials. Upon receiving notice of such designation in writing, the Receiving Party shall destroy all copies of the identified Discovery Material, including copies distributed to others (*e.g.*, Outside Consultants and Professional Vendors). The Receiving Party will remain entitled to challenge the privilege or immunity designation, but may not quote or otherwise use the Discovery Material in support of any such challenge. The Producing Party shall retain the identified Discovery Material for submission to the Bankruptcy Court in the event that the Receiving Party challenges the privilege or immunity designation.

## **MISCELLANEOUS**

30. <u>Enforcement and Jurisdiction</u>. The Bankruptcy Court will have exclusive jurisdiction to enforce this Stipulation against the Parties and any individuals who execute Exhibits A and/or B to this Protective Order, even following the final disposition of this action. Every individual who reviews Designated Material also agrees to be subject to the jurisdiction of the Bankruptcy Court for the purpose of any proceedings related to the enforcement of this Protective Order.

31. <u>Injunctive Relief</u>. Every individual who reviews Designated Material acknowledges that a breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A Party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Protective Order.

32.   Final Disposition. Within sixty (60) days after the final disposition of the Chapter 15 Proceeding, each Receiving Party must destroy or return to the Producing Party all Designated Material and submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party). However, Counsel of Record are entitled to retain one archival copy of all pleadings, motion papers and supporting materials, transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order. Emails stored on Counsel of Record's computers containing Designated Materials shall not constitute the permitted one archival copy and therefore must be deleted within sixty (60) days after the final disposition of this action. To the extent that any Receiving Party is a party to pending or threatened legal proceedings which prevent the destruction of such documents, that Receiving Party will notify in writing the Producing Party of the pending or threatened legal proceedings and the basis upon which the documents are prevented from being destroyed. The Producing Party will then have two (2) weeks to object in writing. If the Producing Party objects, the parties shall first meet and confer in an effort to resolve the dispute. If the parties are unable to resolve the dispute, counsel for either party shall, before filing any motion, arrange a conference call with the Bankruptcy Court with all counsel involved in the dispute. The Bankruptcy Court will endeavor to resolve the dispute without the filing of any motions. If the Producing Party does not object, or if the dispute is ultimately resolved in the Receiving Party's favor, the time for the Receiving Party to return or destroy such documents shall be tolled until the conclusion of such legal proceedings. For avoidance of doubt, notwithstanding any other provisions herein, this paragraph applies to "CONFIDENTIAL" and/or "OUTSIDE COUNSEL EYES ONLY" Discovery Material only, and

16

does not require that counsel for the Parties destroy work product, correspondence, expert reports, or court filings.

33. Duration. The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Bankruptcy Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Bankruptcy Court. The confidentiality obligations imposed by this Protective Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Bankruptcy Court.

34. Further Protections. This Protective Order is entered without prejudice to the right of any party to apply to the Bankruptcy Court at any time for additional protection or to relax or rescind the restrictions of this Protective Order.

35. Subpoenas in Other Litigation or Proceedings. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly and in no event more than ten (10) days after receiving the subpoena or order. The notice must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Protective Order. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless legally compelled by order of a court of competent jurisdiction to disclose such CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY Materials or else stand liable for contempt or suffer other sanction or penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the CONFIDENTIAL and/or OUTSIDE COUNSEL

17

EYES ONLY Materials which its counsel advises it is legally required to disclose, *provided that* the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY Materials by the party to whom such material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances. In no event will a Receiving Party oppose action by a Producing Party to obtain a protective order or other relief to prevent the disclosure of the CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY Materials or to obtain reliable assurance that confidential treatment will be afforded the CONFIDENTIAL and/or OUTSIDE COUNSEL EYES ONLY Materials.

36. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Bankruptcy Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

37. <u>Counterparts.</u> This Stipulation may be executed in one or more counterparts, including facsimile or electronic counterparts, all of which together shall constitute one and the same instrument.

*[Remainder of page intentionally left blank]*

**IT IS SO STIPULATED.**

Dated: July __, 2019.

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **DUANE MORRIS LLP** |
|---|---|
| */s/ Jeffrey A. Rosenthal* | */s/ Frederick D. Hyman* |
| Lisa M. Schweitzer | Frederick D. Hyman, Esq. (NY 2553832) |
| Jonathan I. Blackman | 1540 Broadway |
| Jeffrey A. Rosenthal | New York, NY 10036 |
| One Liberty Plaza | Telephone: (212) 692-1000 |
| New York, NY 10006 | Email: RHyman@duanemorris.com |
| Telephone: (212) 225-2000 | |
| Email:  JBlackman@cgsh.com | *Attorneys for William Callewaert and Malcolm Cohen in their capacity as Joint Administrators and Foreign Representatives for the Debtor BSG Resources Limited (in administration)* |
|           JRosenthal@cgsh.com | |
|           LSchweitzer@cgsh.com | |
| *Counsel for Vale, S.A.* | |

SO ORDERED this _____ day of _____, 2019.

                                                   Hon. Sean H. Lane
                                                   United States Bankruptcy Judge

**Exhibit A**

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____, state:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the Protective Order ("Order") in the matter of *In re BSG Resources Limited (in administration)*, Bankruptcy Case No. 19-11845 (SHL) S.D.N.Y. and understand and will abide by its terms. I will not divulge any Designated Material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5. I agree to be subject to the authority of the United States Bankruptcy Court for the Southern District of New York in the event of any dispute related to this agreement.

6. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 2019.

_____
Signature