# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212-225-2086
jrosenthal@cgsh.com

THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL

WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON

KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

September 16, 2019

VIA ELECTRONIC MAIL AND ECF

The Honorable Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
shl.chambers@nysb.uscourts.gov

Re:    *In re BSG Resources Limited*, No. 19-11845 (SHL)

Dear Judge Lane:

We write on behalf of Vale[1] to briefly respond to two specific points in the Joint Administrators' letter of September 13, 2019 [ECF No. 48], namely the Joint Administrators' position that "Nationality/Association With a Country" and "Personal Email Addresses" should fall under Category 1 of Personal Data (*i.e.*, data presumed to be unnecessary to the resolution of the issues in dispute before this Court and therefore generally redacted). In proposing Category 1 treatment, the Joint Administrators do not address the fact that both nationality or association with a country and personal email addresses are core to the COMI analysis, the central issue in this Proceeding, and therefore plainly fall within Category 2 Data – *i.e.*, data presumed to be necessary to the issues in dispute and therefore generally unredacted.

The Joint Administrators do not respond to Vale's position that BSGR director's, officer's or representative's nationality or association with a country is core to Vale and the Court's evaluation of where BSGR's business is actually conducted from and where its COMI lies. The Joint Administrators' failure to articulate any reason why information concerning "Nationality/Association With a Country" is not necessary or important for the COMI analysis speaks volumes.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in Vale's letter of September 12, 2019 [ECF No. 47] (the "Vale Letter").

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

Hon. Sean H. Lane, p. 2

   Likewise, the Joint Administrators fail to explain why "Personal Email Addresses" *which are used to conduct BSGR business* are not necessary for the COMI analysis. The Joint Administrators attempt to hide behind the argument that they will produce responsive emails that come from personal email addresses and will only redact the personal email address itself. But this is not a case in which a party is producing spreadsheets filled with personal emails addresses of third party consumers; to the contrary, the so-called "personal" email addresses at issue here are simply those email addresses *used to conduct BSGR business* through email addresses outside of BSGR's servers. As such, they are not "personal" in any sense of the word but are critical subjects of discovery. Indeed, as set forth in Vale's letter brief to compel the Joint Administrators to search for and produce responsive documents from BSGR's namesake and founder, Beny Steinmetz, as well as from BSGR's current and former directors and officers [ECF No. 46], it is plain that those conducting business on behalf of BSGR routinely use personal email addresses to conduct business on behalf of BSGR. As Your Honor made clear at the August 29, 2019 Hearing, "[i]f somebody's conducting business of an enterprise through personal email, . . . it's not protected as a personal email."[2] Thus, "Personal Email Addresses" plainly fall within Category 2 Data.

   Moreover, given that the Court has already ruled that Vale's document requests, previously upheld by the Court, are relevant to BSGR's COMI analysis, responsive documents sent from or to these other email addresses will all (or nearly all) be business, not personal, documents and thus should be subject to a presumption of non-redaction under Category 2. Should there be any unanticipated exceptions, Category 2 documents may still be redacted upon explanation.

   Critically, this is much ado about nothing insofar as the Joint Administrators suggest they are motivated to request these redactions by the risk of liability under the GDPR (there is no other basis). Accepting them at their word, this Court's order that the disclosure of these two categories of information is necessary to the resolution of the Chapter 15 issues provides all of the protection from liability that the Joint Administrators could possibly need. Article 49(1)(e) of the GDPR unambiguously permits disclosure when "the transfer is necessary for the establishment, exercise or defence of legal claims" and therefore, such ruling by this Court resolves the issue and protects the Joint Administrators.

   Accordingly, we respectfully reiterate our request that the Vale GDPR Protocol be approved by the Court.

   Thank you for Your Honor's consideration.

               Respectfully submitted,

               /s/ Jeffrey A. Rosenthal

cc:  Frederick Hyman, Esq.
    Michael R. Lastowski, Esq.

---

[2]  August 29 Hearing Tr. 44:13-17.