

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | FREDERICK D. (RICK) HYMAN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1063 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 208 4521 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* RHyman@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

September 17, 2019

VIA ELECTRONIC MAIL AND CM/ECF

The Honorable Sean H. Lane
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408
shl.chambers@nysb.uscourts.gov

   Re:  ***In re BSG Resources Limited*, No. 19-11845 (SHL)**

Dear Judge Lane:

  We represent William Callewaert and Malcolm Cohen (the "Joint Administrators") in their capacity as Joint Administrators and Foreign Representatives for the Debtor BSG Resources Limited (in administration) ("BSGR") in the above-referenced proceeding (the "Chapter 15 Case").[1] The Joint Administrators submit this letter to respond to the letter to Your Honor dated September 16, 2019 from Jeffrey Rosenthal of Cleary Gottlieb Steen & Hamilton LLP on behalf of Vale (the "Vale Reply"). We also confirm that, on September 13. 2019, the Joint Administrators delivered to Vale the 320 documents on the terms set forth in our letter to Your Honor dated September 13, 2019 (the "September 13 Letter").

  In the Vale Reply, Vale argues generally that a BSGR director's, officer's or representative's personal email address and nationality are core to the Court's evaluation of where BSGR's business is conducted from or where its COMI lies. The Joint Administrators disagree. A person's nationality and email address have no bearing on whether that person acts or purports to act for an entity, and if so, from where any such activities take place. Vale further greatly mischaracterizes the breadth of discovery that it has sought from the Joint Administrators and BSGR in this matter. It is not limited to directors, officers or representatives of BSGR. Vale's

---

[1] Capitalized terms not otherwise defined herein are intended to have the meaning set forth in the September 13 Letter.

DUANE MORRIS LLP

1540 BROADWAY  NEW YORK, NY 10036-4086    PHONE: +1 212 692 1000  FAX: +1 212 692 1020



The Honorable Sean H. Lane
September 17, 2019
Page 2

discovery request has and will require the production of documents that identify the nationality and personal email addresses of vast numbers of persons who have little connection to the historical operations of BSGR.

Specifically, Vale asserts that "the so-called 'personal' email addresses at issue here are simply those email addresses *used to conduct BSGR's business* through email addresses outside of BSGR's servers." This statement and others continue Vale's pattern of making unsubstantiated allegations without basis in fact to suit its arguments. The most recent production has included, for example, a letter from the Joint Administrators to an individual from whom the Joint Administrators have sought repayment of certain amounts. The name of this individual was revealed in the production – the personal email address was redacted. The email address of the recipient of the aforementioned letter is not relevant for the Purpose as agreed in the Protocol.

Vale further argues that data regarding a person's nationality or country association should be disclosed as critical for the Purpose. This is disingenuous. Given the wealth of information that Vale obviously has control of or access to, it is inconceivable that it or its counsel is not aware of the nationalities of those individuals that Vale is so focused on. Redaction of any such information will be of no harm to Vale. Of course, the production of documents will very likely identify the nationalities of numerous other individuals that have little connection to BSGR. That information should be protected.

As suggested in our September 13 Letter, the disclosure of personal email addresses and nationalities *should be the exception rather than the rule*. The Joint Administrators have nothing to hide, notwithstanding Vale's suggestions otherwise. As set forth in the draft Protocol, names of relevant individuals that appear in documents will generally be disclosed. Consistent with advice given them by their counsel, the Joint Administrators assert that other limited categories of personal data that may accompany a name – including personal email addresses and nationalities – should be generally redacted. But that is not absolute as the proposed Protocol provides an adequate and efficient mechanism to address any disputes regarding the redaction of such information should they arise.

Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Frederick Hyman*
Frederick Hyman, Esq.

cc: Jeffrey A. Rosenthal, Esq.
Lisa Schweitzer, Esq.