

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | FREDERICK D. (RICK) HYMAN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1063 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 208 4521 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* RHyman@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

October 25, 2019

<u>Via CM/ECF and Hand Delivery</u>

The Honorable Sean H. Lane
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
Courtroom: 701
New York, NY 10004-1408

<u>Via EC/ECF and E-mail</u>

Jeffrey A. Rosenthal, Esquire
Lisa M. Schweitzer, Esquire
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

    Re:  **BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Judge Lane and Counsel:

  As you know, our firm represents William Callewaert and Malcolm Cohen in their capacity as Joint Administrators and Foreign Representatives (together, the "<u>Joint Administrators</u>") for the debtor BSG Resources Limited (in administration) ("<u>BSGR</u>"). Following a discovery status conference on October 3, 2019 (the "<u>Hearing</u>"), the Court entered a *Discovery Order* [Docket No. 69]. The Discovery Order includes certain discovery milestones, including a deadline of October 26 by which the Joint Administrators are to have produced certain categories of documents (the "<u>October 26 Deadline</u>"). *See* Discovery Order at ¶ 8. In addition, the Discovery Order requires the Joint Administrators to provide counsel to Vale S.A. ("<u>Vale</u>") with certain updates concerning the status of discovery.

  In light of the October 26 Deadline, the Joint Administrators are providing this status update to both the Court and counsel for Vale, so that all parties understand the progress the Joint Administrators have made in connection with discovery.

DUANE MORRIS LLP

1540 BROADWAY  NEW YORK, NY 10036-4086    PHONE: +1 212 692 1000  FAX: +1 212 692 1020

DuaneMorris

October 25, 2019
Page 2

**I.     *Production*.**

Since the Hearing, the Joint Administrators have completed the following production to Vale:

<u>October 10, 2019</u> – JA0001473 to JA0006734 (836 documents; 5,262 pages) including, but not limited to, documents responsive to Document Request Nos. 1, 2, 3, 5, 10, 11, 14, 57, 58, 59, 60;

<u>October 12, 2019</u> – JA0006735 to JA0008578 (189 documents; 1,844 pages) including, but not limited to, documents responsive to Document Request Nos. 1, 10 and 11;

<u>October 16, 2019</u> – JA0008579 to JA0009054 (392 documents; 5,476 pages) including, but not limited to, documents responsive to Document Request No. 64;

<u>October 18, 2019</u> – JA0009055 to JA0009572 (150 documents; 518 pages) including, but not limited to, documents responsive to Document Request Nos. 2, 3 and 5; and

<u>October 23, 2019</u> – JA0009573 to JA0011860 (554 documents; 2,288 pages) including, but not limited to, documents responsive to Document Request Nos. 2, 3, 9, 57, 59 and 60.

The Joint Administrators anticipate that they will produce approximately 1,400 additional responsive, non-privileged documents to Vale on or before October 26, 2019.

**II.    *On-going Review*.**

On August 27, 2019, the Joint Administrators submitted a letter to the Court outlining their process for gathering documents responsive to the Vale discovery requests. *See* Docket No. 45 (the "<u>August 27 Letter</u>"). The Joint Administrators and their counsel have collected, reviewed, and produced documents consistent with the process described in the August 27 Letter. The following information is intended to provide an overview of the Joint Administrators' on-going document collection, review and production efforts:[1]

- Population of all documents collected from data source locations: **3,767,021**

- Number of documents identified as potentially responsive as a result of key word searches and reviewed for responsiveness: **77,807** (including families)[2]

---

[1] These figures do not account for duplicates or the adjustment for documents included in family groups which may eliminate redundant or duplicate documents. They are also subject to real-time adjustment as the review and production efforts are proceeding in earnest.

[2] This figure is the number of times that any document, plus family, is responsive to a search for any document request.

DuaneMorris

October 25, 2019
Page 3

- Upon initial responsiveness review by request, number of responsive documents: **33,160** (including families)[3]

- Upon review by counsel and the Joint Administrators, number of documents identified as responsive: **3,621 documents, or 3,868 documents including families**

- Number of documents produced to date: **2,441**

- Number of documents identified but withheld based on privilege: **394**

The Joint Administrators anticipated this review would be complete by the October 26 Deadline. However, it remains in process. The following provides an overview of the remaining review and production tasks:

- Of the 77,807 potentially responsive documents, remaining number of documents to be reviewed for relevance: **1,094**

- Number of documents reviewed for responsiveness currently undergoing redaction for GDPR personal data: **5,879**

- Number of documents reviewed for responsiveness and redacted for GDPR personal data currently under review for privilege: **4,909**

- Approximate number of documents that will be produced on October 26, 2019: **1,265**

Based on the number of remaining documents to be reviewed and assuming a similar review rate to that experienced to date, **the Joint Administrators anticipate that this production will be complete on or before November 8, 2019**.[4]

### III.    *Third-Party Documents*.

While the Joint Administrators and their counsel have been working consistently to review, process, and ultimately produce documents in the manner described above, they have also been working to obtain responsive documents maintained by third-parties (to the extent the Joint Administrators and the Company have the practical ability to do so).

As of October 17, 2019, the Joint Administrators have requested in writing (by courier and e-mail) that the following individuals or entities provide to the Joint Administrators any documents

---

[3] This figure is the number of times that any document, plus family, has been reviewed and coded as responsive to any document request.

[4] As the review process is fluid, the Joint Administrators reserve the right to adjust this target and seek further extension of any anticipated or stated completion data.

<!-- DuaneMorris -->

October 25, 2019
Page 4

responsive to the Document Requests that such individual or entity maintains or possess: (i) Beny Steinmetz (directly and through Marc Bonnant), (ii) Dag Cramer (individually and on behalf of Onyx), (iii) David Clark, (iv) David Trafford, (v) Gustaf Bodin, (vi) Peter Driver, (vii) Asher Avidan, (viii) Nysco Management, (ix) The Balda Foundation, (x) Marc Struik, (xi) Yossie Tchelet and (xii) Sandra Merloni-Horemans.

The Joint Administrators have received responses to these requests, summarized as follows:

- *Beny Steinmetz*. On October 24, 2019, counsel to the Joint Administrators received a letter from Marc Bonnant advising that he only represents Mr. Steinmetz in respect of proceedings in Geneva and had no capacity to receive our letter. Thereafter, counsel to the Joint Administrators obtained an address that is purportedly Mr. Steinmetz' personal address and sent a renewed request for documents.

- *David Trafford*. On October 20, 2019, counsel to the Joint Administrators received an email from David Trafford advising that Mr. Trafford received and read the document request and that he does not have any Company documents in his possession. Mr. Trafford further advised that any Company-related correspondence he had was conducted through his BSGR email account.

- *David Clark*. On October 15, 2019, counsel to the Joint Administrators received an email from David Clark advising, among other things, that he resigned as director of the Company in April 2014. Mr. Clark further advised that he had searched his personal records and has no records of BSGR that need to be disclosed. Finally, Mr. Clark advised that the only documents he has related to his personal involvement in the arbitration matters and were with two law firms (and are therefore privileged).

- *Gustaf Bodin*. On October 21, 2019, the Joint Administrators received a letter from Gustaf Bodin advising that all BSGR documents that he maintained were returned by him via email and courier to Peter Driver and were then destroyed by him and not stored on his server. Counsel to the Joint Administrators replied by copy to Mr. Driver asking that his search for responsive documents include anything received from Mr. Bodin. On October 25, Mr. Driver advised that all documents received from Mr. Bodin were scanned and saved on the BSGR servers.


October 25, 2019
Page 5

- *Yossie Tchelet*. On October 21, 2019, the Joint Administrators received an email from Yossie Tchelet advising that he has copies of BSGR electronic files but, to the best of his knowledge, they are copies of original files located on BSGR servers. Mr. Tchelet questioned the extent of his obligation to produce these documents and further explained that he does not believe it is his role to sort them. Counsel to the Joint Administrators replied explaining that the Discovery Order does not govern Mr. Tchelet but rather the Joint Administrators, and again requested that Mr. Tchelet produce documents. On October 24, Mr. Tchelet responded that he is willing to provide hard drives and usb sticks which would contain his BSGR files.

- *Peter Driver*. On October 25, 2019, Mr. Driver advised that, to the best of his knowledge, all documents requested of him are stored on BSGR servers or have been emailed to them. He stated that he has no separate electronic or hard copies documents.

## IV. *Cost of Discovery Effort.*

The Joint Administrators and BSGR have incurred extraordinary costs in connection with this discovery effort. BDO has incurred costs in the region of $950,000 plus costs of engaging a team of specialist paralegals of approximately $125,000 to date. Legal costs of $90,000 have been incurred in respect of specialist GDPR advice. In addition, Duane Morris has staffed a review team of over ten attorneys that have collectively spent over 330 hours reviewing documents for responsiveness, GDPR personal data, and privilege, at a cost of over $147,000 in October 2019 alone. The projected aggregate cost of completing the immediate review is thus well over $1 million (which will only compound in the event documents are received from third-parties).

## V. *Conclusion.*

As evidenced above, the Joint Administrators' production process is on-going, proceeding in good faith, and substantially complete. However, despite their best efforts, the Joint Administrators will not meet the October 26 Deadline for completion of the process. Accordingly, the Joint Administrators respectfully request an extension of the October 26 Deadline so that they may complete this production by November 8, 2019. In the meantime, the Joint Administrators will continue to provide progress reports to Vale and continue their efforts to obtain responsive documents from relevant third parties.

Very truly yours,

*/s/ Frederick D. Hyman*
Frederick D. (Rick) Hyman