# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212-225-2086
jrosenthal@cgsh.com

THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
RICHARD S. LINGER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO

FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON

KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
    RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
    RESIDENT COUNSEL

LOUISE M. PARENT
    OF COUNSEL

October 30, 2019

<u>VIA ELECTRONIC MAIL AND ECF</u>

The Honorable Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
shl.chambers@nysb.uscourts.gov

Re:    *In re BSG Resources Limited*, No. 19-11845 (SHL)

Dear Judge Lane:

We write on behalf of Vale S.A. ("<u>Vale</u>") in the above-captioned proceeding in response to the Joint Administrators' discovery status update, dated October 25, 2019 (the "<u>Discovery Update</u>") [Dkt. 70], in order to preview for the Court the main concerns we intend to raise at the upcoming November 4 discovery conference.

## I.    Continued Delay

The Joint Administrators' document production remains in a continued state of delay, this time in direct violation of the deadlines established by this Court's order.

Vale served discovery requests on the Joint Administrators on June 14, 2019; four and a half months later, the Joint Administrators have produced only a small fraction of the documents they have been ordered, and committed, to produce.  Their delay in making meaningful productions after the passage of several months continues to frustrate Vale's ability to develop its objections to the request for recognition and the statutory direction that "[a] petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time." 11 U.S.C. § 1517(c).  At the October 3, 2019 hearing (the "<u>October 3 Hearing</u>"), Your Honor observed that the Joint Administrators had taken "a series of positions . . . that basically really don't seem to have a whole lot of merit to slow discovery down."  Oct. 3, 2019 Hr'g Tr.

Hon. Sean H. Lane, p. 2

21:14-18; *see also id.* 6:22-23 ("I've never seen a case with these kind of discovery problems in my nine years plus on the bench."). In response, the Joint Administrators represented that they would complete certain described phases of their document production within 20 days. Oct. 3, 2019 Hr'g Tr. 32:2-6.[1] Given this representation, and in light of the Joint Administrators' prior failure to produce documents expeditiously, the Court's Discovery Order dated October 21, 2019 ordered that, "[c]onsistent with the importance of a timely resolution of a petition filed under Chapter 15 of the Bankruptcy Code, the Joint Administrators shall use their best efforts to complete discovery as soon as possible." Discovery Order ¶ 9. The Court also specifically ordered the Joint Administrators to complete their production of certain documents by October 26, 2019, and "reserve[d] its authority to sanction a party for failure to act in good faith in discovery." Discovery Order ¶¶ 8, 11.

Just one day before the deadline in the Discovery Order, on October 25, 2019, the Joint Administrators advised Vale and the Court that they would not comply with this deadline, and instead unilaterally declared that they would target the completion of this phase of production by November 8. Discovery Update, at 3. The Joint Administrators did not seek an extension from the Court or Vale, and they have not identified any change in circumstances that could warrant giving them even more time to stretch out the production. As troubling, the Joint Administrators declined to make a firm commitment on their completion date, noting in a footnote that they "reserve the right to adjust this target and seek further extension of any anticipated or stated completion dat[e]." *Id.* at 3 n.4.

The Joint Administrators' cavalier suggestion that they are not held to Court-ordered production deadlines is untenable and counterproductive to the purposes of Chapter 15. Vale respectfully requests that the Court grant appropriate relief to address the Joint Administrators' failure to comply with the Discovery Order, including without limitation setting a firm and final deadline – with specified sanctions for non-compliance – by which the Joint Administrators must complete document discovery.

## II.   Deficient Searches For Responsive Documents

Delay, moreover, has been far from the only problem. Since the October 3, 2019 Hearing, and in anticipation of the Joint Administrators' now-delayed production of documents, Vale has been working in good faith to resolve the parties' discovery disputes. After receiving the Joint Administrators' first discovery progress reports, which, as required by the Discovery Order, included a description of the search terms or other means used to identify responsive documents,[2] Vale wrote to the Joint Administrators on October 18, 2019 identifying specific concerns with the Joint Administrators' proposed search terms and the deficiencies they exposed

---

[1]     The Joint Administrators subsequently asked to extend their production deadline from October 23, 2019 to October 26, 2019. Letter from Frederick Hyman to the Court, dated Oct. 16, 2019 [Dkt. 65]. Vale did not oppose this extension, and the Court's October 21, 2019 Discovery Order ("<u>Discovery Order</u>" or "<u>Order</u>") [Dkt. 69] adopted this October 26 deadline.

[2]     *See* Ex. A (Letter from Jarret P. Hitchings to Jeffrey A. Rosenthal *et al.*, dated Oct. 11, 2019); Ex. B (Letter from Jarret P. Hitchings to Jeffrey A. Rosenthal *et al.*, dated Oct. 14, 2019); Ex. C (Letter from Jarret P. Hitchings to Jeffrey A. Rosenthal *et al.*, dated Oct. 18, 2019).

Hon. Sean H. Lane, p. 3

in the Joint Administrators' document production efforts. *See* Ex. D (Letter from Jeffrey A. Rosenthal to Frederick D. Hyman *et al.*, dated Oct. 18, 2019) (the "October 18 Letter").

The Joint Administrators initially refused to respond to the substantive points Vale raised in its October 18 Letter, and instead, by email dated October 23, 2019 (two days before announcing they would fail to meet their production deadline), asserted that Vale should wait until *after* the Joint Administrators completed their production to raise its concerns with the Administrators' search terms. Ex. E (Email from Rick D. Hyman to Robert Schwieder *et al.*, dated Oct. 23, 2019 at 3:18pm). Vale urged the Joint Administrators to comply with paragraph 10 of the Discovery Order,[3] whereupon they agreed to meet and confer on October 25, 2019 to discuss the issues raised in the October 18 Letter (the "October 25 Meet and Confer").

Hoping to narrow the outstanding issues that might require Court intervention at the November 4 hearing, Vale wrote to counsel for the Joint Administrators the following day to memorialize the positions that the Joint Administrators took during the October 25 Meet and Confer. On October 28, 2019, however, the Joint Administrators renounced many of the representations Vale asserted they had made during the October 25 Meet and Confer. *See* Ex. E (Email from Emily J. Balter to Rick D. Hyman *et al.*, dated Oct. 26, 2019 at 1:22pm; Email from Jarret P. Hitchings to Emily J. Balter *et al.*, dated Oct. 28 at 10:18am).

As a result, despite Vale's best efforts to narrow or fully resolve these discovery disputes without Court intervention, and notwithstanding the Discovery Order, there remain a number of issues that regrettably require the Court's assistance. While there are many issues Vale could raise, and it reserves the right to do so, Vale has set forth below examples of the Joint Administrators' positions that Vale has concluded are indefensible on their face.

A.    The Joint Administrators' Continued Failure To Produce Easily-Identifiable Documents

A number of Vale's so-ordered discovery requests seek basic information that should be readily available for the Joint Administrators to identify, locate, and produce. *See, e.g.*, Ex. A (Document Requests 3, 7, 28, 40, 43, 44, 56, 66, 67). As Vale first served these requests more than four months ago, on June 14, 2019, there is no conceivable basis for the Joint Administrators' continued failure to produce these documents.

For example, one of Vale's so-ordered document requests called for the production of the Joint Administrators' filings and other communications with the Guernsey Court. Ex. A (Document Requests 66, 67). Documents that have been *filed* in the Guernsey proceeding should be readily accessible, and should have been gathered and produced immediately upon receipt of Vale's initial document requests last spring. Nonetheless, at the October 25 Meet and Confer, counsel for the Joint Administrators represented that they *still* did not have all of their own client's Guernsey court filings. This delay is inexcusable, and Vale

---

[3]    *See* Discovery Order ¶ 10 ("If there is a dispute about the search terms, the parties shall meet and confer about the search terms so as to use their best efforts to reasonably resolve such dispute(s) without Court intervention.").

Hon. Sean H. Lane, p. 4

requests that the Court order the immediate production of the court filings by Friday, November 8, 2019.

The Joint Administrators recently suggested that they still need to determine whether production of these documents is permitted by the Guernsey Court and any applicable orders. *See* Ex. E at CGS&H pp. 4-5. Respectfully, it is inexcusable that having received Vale's requests in June – and this Court having ordered their production in July after having considered the Joint Administrators' various objections to Vale's requests – the Joint Administrators suggest they have yet to determine which judicial filings may require Guernsey court approval and take steps to obtain any such approval. Notably, in the many months since their production has been sought, the Joint Administrators have never explained how these filings are confidential under Guernsey Law or, even if they are, why they cannot be produced under the Confidentiality Stipulation and Protective Order entered by this Court on August 6, 2019 [Dkt. 39].[4] *See In re Platinum Partners Value Arbitrage Fund, L.P.*, 583 B.R. 803, 815 (Bankr. S.D.N.Y. 2018) (holding that the party objecting to discovery has the burden of proving that foreign law prohibits such discovery); *cf. Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987) (foreign blocking statutes "do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute").

Relatedly, as detailed in Vale's October 18 Letter to the Joint Administrators, there are several other categories of easily-identifiable documents that the Joint Administrators have yet to produce because they insist on locating them through search terms despite the Joint Administrators' ability to identify these categories of documents far more easily, quickly, inexpensively, and reliably by other methods. When Vale's counsel raised this at the October 25 Meet and Confer, the Joint Administrators claimed to have also performed a "manual" search for these documents but have been unable to explain what this process entails or why these documents have not been produced. *See* Ex. E at CGS&H pp. 4-5. These categories include, by way of example, Roslindale PTE's financial statements and any retainer agreements between BSGR, Beny Steinmetz, or his corporate affiliates and former French President Nicolas Sarkozy.[5]

---

[4]     The Court has already rejected the Joint Administrators' reliance on the assertion that because certain documents – specifically, the Driver Affidavits – were sealed in Guernsey, they must be sealed in this proceeding. *See* June 13, 2019 Hr'g Tr. 13:19-14:3, 25:17-22. In any event, the Joint Administrators still have not produced a fully unredacted version to Vale of the February 27, 2018 Driver Affidavit, the affidavit on which the Guernsey Administration is based.

[5]     In its October 18 Letter, Vale also questioned the Joint Administrators' failure to identify the sources or procedure for their "targeted searches," and asked why the Joint Administrators were using "targeted searches" or responded "N/A," instead of employing search terms for document requests that asked for "any and all" documents or used similarly comprehensive terms. Ex. D at 3, 5. The Joint Administrators have promised to provide Vale with a written explanation clarifying the distinction between their so-called "manual" search process and the use of search terms, as well as a written explanation of the "targeted searches" purportedly employed to locate responsive documents for several of Vale's document requests. *See* Ex. E at CGS&H p. 5. To date they have failed to do so, and Vale reserves all rights pending receipt of written explanations for these processes.

Hon. Sean H. Lane, p. 5

B.    <u>Arbitrary and Overly Narrow Search Terms</u>

While Vale has refrained from asking the Court to engage in a request by request review at this time of the Joint Administrators' proffered search terms to identify documents that are responsive to Vale's so-ordered Document Requests, there are certain proposed terms that are facially inadequate and appear to have been specifically crafted to limit the production of *responsive* documents.  Indeed, during the October 25 Meet and Confer, the Joint Administrators explained that they often selected search terms to limit the number of responsive documents and ensure the manageability of their review process.  *See* Ex. E at CGS&H p. 5.  But while it makes sense to narrow search terms in order to better target responsive documents by separating the wheat from the chaff, the Joint Administrators' approach is often nothing more than to narrow terms to eliminate responsive and non-responsive documents alike without any effort to distinguish between them.  Vale raised four specific issues related to the Joint Administrators' search terms in the October 18 Letter – the Joint Administrators have failed to adequately respond to any of the four.

*First*, the Joint Administrators frequently and inexplicably used the full official names of certain corporate entities as search terms, rather than the names more commonly used to refer to those entities, as described in the chart below:

| Request No(s). | Joint Administrators' Proposed Search Term(s) | Vale's Proposed Simpler Search Term(s) |
|---|---|---|
| 3, 21 | "balda foundation" | Balda |
| 3, 52 | "nysco management corp" | Nysco |
| 3 | "onyx financial advisors" | Onyx |
| 28, 33 | "octea limited" | Octea |
| 33 | "Star West Investments Limited" | Star West |
| 36, 37 | "standard chartered plc" | Standard Chartered SCB |
| 42, 43, 44 | "Roslindale PTE" | Roslindale |
| 51 | "litigation solutions limited" "litigation solutions ltd" | LSL Litigation Solutions |
| 53 | "tiffany & co" "tiffany and co" "tiffany & company" "tiffany and company" | Tiffany Tiffany's |

There is no rational justification for the Joint Administrators to use more complex search terms other than to reduce the number of documents for review by excluding documents that are equally likely to be responsive.  For example, the Joint Administrators have offered no reason to believe that references in documents to "Balda" are to any entity other than the "Balda Foundation" and therefore, the decision not to review and produce documents that contain the word "Balda" unless it is immediately followed by "Foundation" serves no purpose other than to artificially narrow the scope of responsive documents.  The same can be said for references in documents to "Octea" that are not followed by "limited," to "Nysco" that are not followed by

Hon. Sean H. Lane, p. 6

"management corp," to "Standard Chartered" that are not followed by "plc," and so on.  Unless they can articulate a basis for believing that the search terms in the right-hand column above result in an unreasonably higher percentage of false hits, the Joint Administrators should be ordered to use the logical search terms in that column.

   *Second*, the Joint Administrators proposed to employ keyword search terms where it makes no sense not to search by domain.   For example, in response to Vale's request for "[a]ny and all documents and communications between BSGR and financial advisors and/or auditors," the Joint Administrators proposed using the search terms "ernst & young" and "ernst and young."  *See* Ex. A (Document Request No. 8).  But by definition, communications between BSGR and Ernst & Young and its associates can all be identified by collecting emails sent to or from email addresses with "ey.com" domains.  By forsaking the obvious approach of collecting emails to or from the ey.com domain in favor of limiting them to emails that actually contain "ernst & young" or "ernst and young" in the body of the email, the Joint Administrators are not even attempting to collect and review the large majority of responsive documents for no logical reason.  The same principle applies to responsive documents and communications involving, among others, Baker Tilly, Binder Dijker Otte LLP, and the Royal Court of Guernsey.  *See id.* (Document Request Nos. 8, 24, 67).  All of these should be located through domain searches and not the use of more limited search terms.

   *Third*, the Joint Administrators' proposed search terms frequently use proximity connectors to narrow search results artificially and inappropriately (such as by requiring certain words to be within 10 or 20 words of other words).  *See, e.g.*, *id.* (Document Request Nos. 21, 28, 52, 60).  The imposition of those limiting agents constitutes a completely arbitrary and artificial restraint on the scope of Vale's court-ordered discovery and, not surprisingly, the Joint Administrators have offered no explanation for their use or claimed that the percentage of false hits rises materially without such proximity connectors, as they must.

   *Fourth*, we offer the Court a particularly egregious example of the Joint Administrators' use of proposed search terms to withhold potentially responsive and material documents.  Having been ordered to produce "documents sufficient to identify the ownership structure of and beneficial interests in the Balda Foundation," the Joint Administrators refuse to review documents unless they contain both "Balda" *and* "Agnes."  *Id.* (Document Request 20).  But that omits all documents that reference any interest in "Balda" of "Beny" or "Steinmetz" or "BS" or anyone else.  Searching only for "Agnes" (presumably Agnes Steinmetz, the wife of Beny Steinmetz) assumes a conclusion – that Agnes Steinmetz is the sole beneficiary of the Balda Foundation – that not only is contrary to what the Joint Administrators advised the Court,[6] but is contrary to the Court's finding that Beny Steinmetz holds a financial interest in BSGR through his beneficial interest in the Balda Foundation.[7]  And by presuming the conclusion, the Joint Administrators defeat the key purpose of discovery in the first place.

   The Joint Administrators have offered to provide Vale with a written response identifying (i) the search term hit rate for each of the document requests described above using

---

[6]  Oct. 3, 2019 Hr'g Tr. 14:16-18 (the Joint Administrators represented to the Court that "[t]he joint administrators themselves do not know if Beny Steinmetz and his family ultimately own and control Balda").

[7]  Oct. 3, 2019 Hr'g Tr. 29:3-6.

Hon. Sean H. Lane, p. 7

their current search terms, and (ii) the search term hit rate for each of these document requests using Vale's proposed search terms.  Ex. E at CGS&H p. 5.  Putting aside that any such analysis should have been performed *before* the selection of search terms in order to guide such selection, these statistics are meaningless.  It is self-evident that more detailed search terms will yield fewer hits, but the key question is whether more complex terms are necessary to reduce the percentage of *unresponsive* hits.  We have thus suggested that to the extent the Joint Administrators desire to perform a comparison, they should review a sample of hits using their and our respective search terms in order to see if the narrower terms are necessary to separate responsive from unresponsive documents rather than merely minimize hits by ignoring large quantities of responsive documents.  Finally, the Joint Administrators' disclosure of various information about the costs they have incurred to date in connection with their discovery efforts to date is a red herring at best.  The various inefficient approaches and laborious strategies described above were undertaken by the Joint Administrators without prior consultation with Vale, and any costs incurred by the Joint Administrators' in pursuing ineffective strategies should not be a basis for them to get out of compliance with the discovery that the Court has repeatedly directed them to undertake.

C.      Pending Issues

While we have raised certain of the most troubling categorical issues with the Joint Administrators' document production efforts to date, given that their document production is still ongoing, Vale reserves the right to raise additional issues with the Court at a future time.  In particular, the Joint Administrators have not provided even a partial privilege log to date, but instead "expect" to provide one when their production is completed.  Ex. E at CGS&H pp. 1, 4.  The Joint Administrators also have not yet produced the documents that contained improper redactions based on "commercially sensitive" designations to Vale in an unredacted form, even though they were directed to do so by the Court.[8]  Moreover, the Joint Administrators assert that they have requested documents from Beny Steinmetz, certain present and former directors of BSGR, Balda, Nysco, and Onyx, and that their efforts to obtain those documents are ongoing, but have not yet produced any documents from these custodians.

Thank you for Your Honor's consideration.

Respectfully submitted,

/s/ Jeffrey A. Rosenthal

Enclosures

cc:     Frederick Hyman, Esq.
        Michael R. Lastowski, Esq.

---

[8]      Oct. 3, 2019 Hr'g Tr. 108:20-22 ("[Y]ou're going to go back and you're going to produce them attorneys' eyes only with that information unredacted.").

# Exhibit A

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

| | |
|---|---|
| NEW YORK | SHANGHAI |
| LONDON | ATLANTA |
| SINGAPORE | BALTIMORE |
| PHILADELPHIA | WILMINGTON |
| CHICAGO | MIAMI |
| WASHINGTON, DC | BOCA RATON |
| SAN FRANCISCO | PITTSBURGH |
| SILICON VALLEY | NEWARK |
| SAN DIEGO | LAS VEGAS |
| LOS ANGELES | CHERRY HILL |
| TAIWAN | LAKE TAHOE |
| BOSTON | MYANMAR |
| HOUSTON | OMAN |
| AUSTIN | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | *OF DUANE MORRIS* |
| HO CHI MINH CITY | |
| | ALLIANCES IN MEXICO |
| | AND SRI LANKA |

JARRET P. HITCHINGS
DIRECT DIAL: +1 302 657 4952
PERSONAL FAX: +1 302 397 2740
*E-MAIL:* JPHitchings@duanemorris.com

*www.duanemorris.com*

October 11, 2019

*VIA E-MAIL*

Jeffrey A. Rosenthal, Esquire
Lisa M. Schweitzer, Esquire
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

> **Re:    BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Counsel:

Please accept this discovery progress report in accordance with the Court's oral ruling issued on October 3, 2019. The Joint Administrators made the following production during the week ending October 11, 2019:

October 10, 2019 – JA0001473 to JA0006734 (836 documents; 5,262 pages) including, but not limited to, documents responsive to Document Request Nos. 1, 2, 3, 5, 10, 11, 14, 57, 58, 59, 60.

In addition, a schedule setting forth the search terms and methodologies applied to the various databases being searched for responsive documents is annexed hereto. This schedule and the referenced searched terms and methodologies are continuously reviewed and may be revised or refined as during the course of discovery.

Very truly yours,

*/s/ Jarret P. Hitchings*

DUANE MORRIS LLP

222 DELAWARE AVENUE, SUITE 1600    WILMINGTON, DE 19801-1659          PHONE: +1 302 657 4900    FAX: +1 302 657 4901

Schedule 1

**BSG Resources Limited (in Administration)**
**Response to Vale S.A.'s first request for production of documents to the Joint Administrators.**
**Summary of keywords and/or methodology used to identify potentially responsive documents and, where applicable, intial counts of potentially responsive documents.**

This document is a working draft and as such the information set out below is subject to change as the disclosure process continues.

| Request No. | Vale Request | Keywords used and/or search methodology* ** | Other filters used | Doc. Review Count (inc families) |
|---|---|---|---|---|
| 1 | Documents sufficient to identify all of BSGR's assets, the locations of those assets, whether such assets have been pledged, and the locations of the parties to whom they have been pledged. | TARGETED SEARCH: Undertaking searches for relevant documents in company books and records | N/A | TBC |
| 2 | Any and all structural and organizational charts or spreadsheets sufficient to identify all entities and affiliates of BSGR, including those not identified in Ex. B of the Verified Chapter 15 Petition such as BSG Capital Markets Limited and BSG Real Estate Limited. | "organisation* chart" OR "org chart" OR "organisation* structure" OR "org structure" OR "organisation* diagram" OR "org diagram" OR organagram OR "legal structure" or filename is like "group structure" | Limited to BSGR (company) data sources only | 3,057 |
| 3 | Documents sufficient to identify (i) all directors, board members, and officers; (ii) the frequency of board of director meetings; and (iii) the locations of such meetings for BSGR, and other entities associated with BSGR including but not limited to, the Balda Foundation, Onyx Financial Advisors, and Nysco Management Corp | (minutes w/2 meeting) AND ("balda foundation" OR "onyx financial advisors" OR "nysco management corp") | File name is not like "Canadian Pathfinder" | 1,194 |
| 4 | Documents sufficient to identify all advisors, consultants and beneficial owners affiliated with BSGR, including but not limited to, the Balda Foundation, Onyx Financial Advisors, Nysco Management Corp., and Beny Steinmetz, and their location. | N/A | N/A | N/A |
| 5 | Documents sufficient to identify all employees of BSGR, including their location, title and employment status from 2014 to present. | TARGETED SEARCH 1: Entire contents of company folders entitled "Personnel Files' and 'Employment Contracts" and their subfolders reviewed.<br><br>TARGETED SEARCH 2: Targeted search of administration files for relevant documents. | No date filter | 1,342 |
| 6 | Documents sufficient to identify all professionals retained by BSGR and/or the Joint Administrators, including by not limited to those in Guernsey and any persons who continue to manage BSGR's affairs, the locations and places of residence of such individuals, and the amounts (if any) currently owned by BSGR to such individuals. | TARGETED SEARCH: Company books and records searched for relevant documents | N/A | TBC |
| 7 | Any and all financial statements of BSGR, whether unaudited or audited for financial years 2014 through present. | "bsg resources" w/10 "FINANCIAL STATEMENTS For the year ended" | N/A | 6,030 |
| 8 | Any and all documents and communications between BSGR and financial advisors and/or auditors concerning the financial statements of BSGR, whether unaudited or audited for financial years 2014 through present. | ("baker tilly" OR "ernst & young" OR "ernst and young") AND ("financial statement*" OR fy20* OR "fy 20*" OR audit) | File extension is not xls, xlsx, csv<br><br>File name is not like octea | Included in above count as searches combined |
| 9 | Any and all documents concerning debt arrangements between BSGR and all its subsidiaries, parents and related entities, including but not limited to debt arrangements with BSG Capital Markets Limited and BSG Real Estate Limited and documents related to the Joint Administrators' demand for payment from BSG Capital Markets Limited and BSG Real Estate Limited. | No keywords - specific docs identified | N/A | N/A |
| 10 | Documents sufficient to identify (i) all bank accounts held by or on behalf of BSGR as of (A) the date of the commencement of the foreign insolvency proceeding, February 27, 2018, (B) the date of the Enforcement Petition, April 23, 2019, and (C) the date of the filing of the Chapter 15 Petition, June 3, 2019; (ii) the locations of such accounts; and (iii) the balances in such accounts. | TARGETED SEARCH: Targeted search of administration financial records folder for relevant documents. | n/a | 634 |
| 11 | Any and all bank statements related to the bank account held with Banque J Safra Sarasin in Switzerland for financial years 2014 through present. | "statement-safra" OR "statements-safra" within the file name | No date filter | 222 |
| 12 | Documents sufficient to identify (i) all of BSGR's creditors including intercompany or associated company creditors; (ii) secured, unsecured, and contingent creditor claims, including disputed claims, and (iii) the locations and places of residence of such creditors' claims. | No keywords - specific docs identified | N/A | 3 |
| 13 | Any and all documents concerning the amount and nature of BSGR creditors' claims, including with regards to secured creditors, an identification of the relevant pledged property and its location. | N/A | N/A | n/a |
| 14 | Documents sufficient to identify the nature of BSGR's business activities conducted or directed from BSGR's headquarters in Guernsey, as of (A) the date of the commencement of the foreign insolvency proceeding, February 27, 2018, (B) the date of the Enforcement Petition, April 23, 2019, and (C) the date of the filing of the Chapter 15 Petition, June 3, 2019. | TARGETED SEARCH: Targeted search of administration folders for relevant documents. | N/A | TBC |
| 15 | Documents sufficient to identify the nature of BSGR's business activities conducted or directed from each of the United States, the United Kingdom, Guinea, Sierra Leone, Switzerland, Israel, and Nigeria, as of (A) the date of the commencement of the foreign insolvency proceeding, February 27, 2018, (B) the date of the Petition, April 23, 2019, and (C) the date of the filing of the Chapter 15 Petition, June 3, 2019. | TARGETED SEARCH: Targeted search of administration folders for relevant documents. | N/A | TBC |
| 16 | Any and all documents reflecting any actions taken by the Joint Administrators to investigate the transfer of assets of BSGR to its owners or affiliates or other parties for their benefit (including without limitation the $500 million payment from Vale) and the location of the parties involved or implicated in such actions. | TARGETED SEARCH: Targeted search of administration folders for relevant documents. | N/A | TBC |
| 17 | Documents sufficient to identify any and all creditors of BSGR that opposed or expressed any view relating to the relief sought in the Verified Chapter 15 Petition. | TARGETED SEARCH: Targeted search of administration records for relevant documents. | N/A | TBC |
| 18 | Documents sufficient to identify any and all parties that opposed or expressed any view relating to the relief sought in the Verified Chapter 15 Petition. | TARGETED SEARCH: Targeted search of administration records for relevant documents. | N/A | TBC |
| 19 | Any and all documents sufficient to demonstrate the nature and extent of advisory and technical services BSGR has provided and currently provides to its subsidiaries and any compensation or other consideration it receives for such services. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 20 | Documents sufficient to identify the ownership structure of and beneficial interests in the Balda Foundation. | balda AND agnes | No date filter | 3,081 |

| Request No. | Vale Request | Keywords used and/or search methodology* ** | Other filters used | Doc. Review Count (inc families) |
|---|---|---|---|---|
| 21 | Any and all documents showing any direct or indirect relationship of Beny Steinmetz, any member of his family, and/or the Balda Foundation in any entity that the Joint Administrators believe may be a current or contingent creditor of BSGR, including Litigation Solutions Limited, Star West and GSOL | ("Balda Foundation" OR Steinmetz) w/50 ("Star West" OR "standard chartered" OR SCB OR "Litigation Solutions" OR LSL OR GSOL OR "Global Special Opportunities") | No spreadsheets | Included in above count as searches combined |
| 22 | Documents sufficient to identify (i) the locations where BSGR's books and records are maintained; and (ii) the nature and identity of such books and records. | TARGETED SEARCH: Targeted search of pre administration company files for relevant documents. | N/A | TBC |
| 23 | Any and all documents filed by BSGR, BDO LLP or Joint Administrators with the Guernsey Registry between March 9, 2007 and January 16, 2018, including but not limited to all Change of Director Forms filed since the Guernsey Administration began. | N/A | N/A | TBC |
| 24 | All documents and communications between BDO LLP and BSGR concerning applications for an administrative order before the Guernsey Court. | BDO AND ("BSGR" OR "BSG Resources") | Dated between 01/07/2017 and 08/03/2018 | 3,186 |
| 25 | All documents and communications between BDO LLP and BSGR concerning applications for an administrative order before the U.S. Bankruptcy Court. | N/A | N/A | N/A |
| 26 | Any and all budgets concerning the administration of BSGR and any and all communications between BDO LLP and BSGR concerning those budgets. | budget* <br><br> Limited to the following folders: BSGR Insolvency - Billing BSGR Insolvency - Working Papers - Lead Schedules - YEAR 1 BSGR Insolvency - Working Papers - Lead Schedules - YEAR 2 | No date filter | 1,615 |
| 27 | Any and all documents concerning BDO LLP's agreement with any person to pay BDO LLP for their services as Joint Administrators in connection with the Verified Chapter 15 Petition or otherwise in connection with BSGR and documents sufficient to identify the source, direct or indirect, of such payments. | n/a | n/a | N/a |
| 28 | Any and all financial statements of Octea from 2014 through present. | "OCTEA LIMITED" w/10 "FINANCIAL STATEMENTS For the year ended 31 December" | N/A | 969 |
| 29 | Documents sufficient to identify (i) identify directors, officers, managers, employees, consultants, creditors, or shareholders of Octea and (ii) show the ownership structure thereof. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 30 | Any and all documents concerning any loan combination agreement between Octea and BSGR and any amendments thereto. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 31 | Any and all documents concerning management services provided to Octea by BSGR, including but not limited to managing agreements between Octea and BSGR. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 32 | Any and all documents provided to Joint Administrators as part of the Joint Administrators' monitoring of Octea's financial statements and performance, including but not limited to any documents received as part of Joint Administrators' observer status on Octea's board. | TARGETED SEARCH: Targeted search of administration records for relevant documents. | N/A | TBC |
| 33 | Any and all documents concerning agreements between BSGR and Star West and any amendments thereto, including but not limited to agreements and arrangements related to BSGR's guarantees of Octea's obligations to Star West Investments Limited and Star West Investments Limited's charge over the share of Octea as security for its loan. | "octea limited" and "Star West Investments Limited" <br><br> AND <br><br> TARGETED SEARCH: Targeted search of post admin files for relevant documents. | N/A | 5,167 |
| 34 | Any and all documents concerning sales of diamonds by Octea to any third parties, including but not limited to any person or entity directly or indirectly associated with the Balda Foundation or Beny Steinmetz. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 35 | Any and all documents concerning any payments or other transfers of funds, however denominated, from Octea to any third parties, including but not limited to any person either directly or indirectly associated with the Balda Foundation or Beny Steinmetz. | | N/A | TBC |
| 36 | Documents sufficient to identify agreements between BSGR and Standard Chartered Bank and any amendments thereto, including but not limited to the term loan facility agreement extended by Standard Chartered Bank and Implementation Agreement with Standard Chartered Bank. | "standard chartered plc" and (agreement OR debt) | And file name is not like "your payment ref" | 2,358 |
| 37 | Documents sufficient to identify the basis of the dispute, and any resolution thereof, concerning the claimed escalation of debt due to Standard Chartered Bank. | "standard chartered plc" and (agreement OR debt) <br><br> AND <br><br> TARGETED SEARCH: Targeted search of post admin files for relevant documents. | And file name is not like "your payment ref" | Included in above count as searches combined |
| 38 | Any and all documents concerning BSGR's minority interest in West African Power Limited. | west african power OR "wapl" OR "wapo" | N/A | 5,376 |
| 39 | Any and all documents concerning West African Power Operation and documents sufficient to identify the directors and officers of West African Power Operation and to show the ownership structure thereof. | west african power OR "wapl" OR "wapo" | N/A | Included in above count as searches combined |
| 40 | Any and all financial statements of West African Power Limited from 2014 to present. | west african power OR "wapl" OR "wapo" | N/A | Included in above count as searches combined |
| 41 | Documents sufficient to describe the dispute concerning the funding of West African Power Operation and the right to presentation of West African Power Limited on the board of the Nigerian Operating subsidiary. | west african power OR "wapl" OR "wapo" | N/A | Included in above count as searches combined |
| 42 | Any and all documents concerning BSGR's holdings in Roslindale PTE Ltd. | "Roslindale PTE" | N/A | 6,884 |
| 43 | Any and all financial statements of Roslindale PTE Ltd from 2014 to present. | "Roslindale PTE" | N/A | Included in above count as searches combined |
| 44 | Documents sufficient to identify the directors and officers of Roslindale PTE Ltd and to show the ownership structure thereof. | "Roslindale PTE" | N/A | Included in above count as searches combined |
| 45 | Documents sufficient to identify agreements between BSGR and Niron, including but not limited to the terms of the proposed revenue sharing arrangement between BSGR and Niron. | Niron | N/A | 5,152 |
| 46 | Documents sufficient to identify any present or contingent financial interests by BSGR in Niron, direct or indirect, or any financial interests held by directors, officers, managers, employees, consultants, creditors, or shareholders of BSGR. | Niron | N/A | Included in above count as searches combined |
| 47 | Documents sufficient to identify any present or contingent financial interests by Beny Steinmetz or his family members in Niron, direct or indirect. | Niron | N/A | Included in above count as searches combined |

| Request No. | Vale Request | Keywords used and/or search methodology* ** | Other filters used | Doc. Review Count (inc families) |
|---|---|---|---|---|
| 48 | Any and all documents concerning any relationship between BSGR and Niron, its affiliates, direct and indirect owners, including relationships between individual directors, officers, employees, managers, consultants, creditors, or shareholders of BSGR and Niron. | Niron | N/A | Included in above count as searches combined |
| 49 | Any and all documents concerning the history of incorporation of Niron, its corporate ownership, directors and officers, employees, consultants, managers, creditors and shareholders. | Niron | N/A | Included in above count as searches combined |
| 50 | Documents sufficient to identify current agreement between Niron and BSGR, including but not limited to agreements concerning the Zogota mining concession. | Niron | N/A | Included in above count as searches combined |
| 51 | Any and all documents concerning agreements between Litigation Solutions Limited and BSGR, including but not limited to the Funding Agreement entered into in November 2017 between Litigation Solutions Limited and BSGR, security agreements and any other agreements related thereto. | ("litigation solutions limited" OR "litigation solutions ltd") and agreement | N/A | 1,945 |
| 52 | Any and all documents concerning agreements between Nysco Management Corp., and BSGR, and any amendments thereto, including but not limited to the Funding Agreement entered into on December 18, 2018 and any other agreements related thereto. | "nysco management corp*" w/20 agreement | N/A | 3,591 |
| 53 | Any and all agreements between BSGR and Tiffany & Co., including any loan agreements, and any amendments thereto. | "tiffany & co" OR "tiffany and co" OR "tiffany & company" OR "tiffany and company" | N/A | 1,232 |
| 54 | Any and all documents concerning BSGR and/or the Joint Administrators and the Republic of Guinea, including but not limited to any contractual arrangements and any binding or non-binding settlement term sheets negotiated between BSGR and the Republic of Guinea including the February 2019 agreement. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 55 | Any records of attendance, meeting minutes, and non-privileged notes taken by individuals present during settlement discussions between BSGR and the Republic of Guinea, including any meetings involving Alpha Conde, Nicolas Sarkozy, Beny Steinmetz and any other agents or representatives of BSGR, and the location of such discussions. | n/a | N/A | N/A |
| 56 | Documents sufficient to identify any retainer agreements between BSGR, Beny Steinmetz or his corporate affiliates and former French President Nicolas Sarkozy. | Sarkozy and title not like "The 6am Cut London" and email from not like "MSNBC Headlines", "lopinion@info.lopinion.fr", "noreply@africaintelligence.com", noreply | N/A | 1,435 |
| 57 | Documents sufficient to (i) identify and describe the basis of any and all disputes between BSGR and Cunico in each of the Netherlands, Dubai and the Bahamas and (ii) any and all parties involved in the disputes. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 58 | Documents sufficient to (i) identify and describe the basis of the BSGR's claims against Cunico in appeal proceedings and (ii) identify any and all parties involved in the appeal proceeding. | cunico AND (cooperatief OR coöperatief OR cooeperatief) AND "shareholder loan*" AND unified title is not like chart, MANACCS, "consolidated & company", budget, ConsolidationWB, "forecast cash flow", "canadian pathfinder", "BSGR CONSOLIDATED COMPANY FS" | N/A | 1,208 |
| 59 | Any and all documents concerning the research the Joint Administrators have undertaken in order to ascertain BSGR's underlying asset base in relation to the Cunico litigation. | cunico AND (claim* OR litigation* OR "loan proceeding*") AND unified title is not like budget Searching only BDO data sources | Dated on or after 01/03/2018 | 7,932 |
| 60 | Any and all Documents concerning the loan of US$290,000 to a former employee of BSGR. | (asha OR asher OR ash OR avidan) w/20 (loan OR "legal fee*" OR "legal expense" OR "legal cost*") | No date filter No excel | 1,063 |
| 61 | Any and all other funding agreements between BSGR and/or the Joint Administrators and a third party. | n/a | N/A | n/a |
| 62 | Documents sufficient to identify any loan agreements between BSGR and/or the Joint Administrators and a third party. | TARGETED SEARCH: Searches for relevant documents in company books and records | N/A | TBC |
| 63 | Any and all agreements executed by or on behalf of BSGR and/or the Joint Administrators on or after February 27, 2018. | ("Ogier LLP" OR "MacFarlanes" OR "Babbe" OR "Reed Smith" OR "fieldfisher" OR "Shpetter" OR (Rajah w/2 Tann) OR "Duane Morris") AND ("engagement letter" OR "letter of engagement" OR "LOE" OR "retainer") Limited to the following folder on BDO's DMS: BSGR Insolvency- Working Papers - Solicitor | Dated on or after 27/02/2018 | 454 |
| 64 | Documents sufficient to identify (i) meetings attended by the Joint Administrators in connection with the discharge of their duties, the other attendees at such meetings and the locations of such meetings; and (ii) conference calls or videoconferences attended by the Joint Administrators in connection with the discharge of their duties, the location from which they attended such conference calls or videoconferences, the other attendees at such meetings, and the locations from which they attended such conference calls or videoconferences. | TARGETED SEARCH: Review of calendar entries for Joint Administrators and BSGR mailboxes. | No date filter | 512 |
| 65 | Documents sufficient to identify (i) the parties against whom the Joint Administrators have asserted claims and causes of action on behalf of BSGR and/or its creditors and (ii) the locations of such parties. | n/a | N/A | N/A |
| 66 | To the extent not already filed in connection with the Verified Chapter 15 Petition and/or the Cohen Declaration, (i) any and all submissions or reports submitted to the Guernsey Courts concerning the Guernsey Administration made by any party including but not limited to the Joint Administrators and BSGR and (ii) any and all transcripts of any and all proceedings before the Guernsey Courts concerning the Guernsey Administration. | ogier* AND transcript* AND "Royal Court" of Guernsey | No date filter | 2,895 |

| Request No. | Vale Request | Keywords used and/or search methodology* ** | Other filters used | Doc. Review Count (inc families) |
|---|---|---|---|---|
| 67 | Any and all communications by BSGR or the Joint Administrators with the Guernsey Courts. | Ogier* AND "Royal Court* of Guernsey" | No date filter | Included in above count as searches combined |
| 68 | Any and all documents and communications which the Joint Administrators may rely on at the hearing on the Verified Chapter 15 Petition. | N/A | N/A | n/a |

* Unless otherwise stated a date filter has been applied to each of the searches so as to only return documents dated on or after 1 January 2014.
** Where no search terms or methodology have been listed, it is either as the responsive documents have already been provided, will be provided in response to another request or no responsive documents exis

# Exhibit B

# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

JARRET P. HITCHINGS
DIRECT DIAL: +1 302 657 4952
PERSONAL FAX: +1 302 397 2740
*E-MAIL:* JPHitchings@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

October 14, 2019

*VIA E-MAIL*

Jeffrey A. Rosenthal, Esquire
Lisa M. Schweitzer, Esquire
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

> **Re:    BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Counsel:

Please accept this further discovery progress report in accordance with the Court's oral ruling issued on October 3, 2019.[1] The Joint Administrators made the following production during the week ending October 11, 2019 (including on Saturday, October 12, 2019:

October 10, 2019 – JA0001473 to JA0006734 (836 documents; 5,262 pages) including, but not limited to, documents responsive to Document Request Nos. 1, 2, 3, 5, 10, 11, 14, 57, 58, 59, 60;

October 12, 2019 – JA0006735 to JA0008578 (189 documents; 1,844 pages) including, but not limited to, documents responsive to Document Request Nos. 1, 10 and 11;

In addition, a schedule setting forth the search terms and methodologies applied to the various databases being searched for responsive documents is annexed hereto. This schedule and the referenced searched terms and methodologies are continuously reviewed and may be revised or refined as during the course of discovery.

---

[1] This report is intended to supplement the letter status update provided on October 11, 2019.

DuaneMorris

Jeffrey A. Rosenthal, Esquire
October 14, 2019
Page 2

Finally, the following information is intended to provide an overview of the Joint Administrator's ongoing document collection, review and production efforts:

- Population of all documents searched: 1.2 million

- Number of documents identified as potentially responsive as a result of key word searches: 69,092

- Number of documents reviewed: 53,908

- Number of documents identified as responsive in first review: 11,543

These 11,543 documents are in the process of being redacted for personal data subject to GDPR and then reviewed and designated/redacted for attorney-client privilege. Following a final "quality control" review by the Joint Administrators, these documents will be produced on a rolling basis.

Very truly yours,

*/s/ Jarret P. Hitchings*

# Exhibit C

# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

JARRET P. HITCHINGS
DIRECT DIAL: +1 302 657 4952
PERSONAL FAX: +1 302 397 2740
*E-MAIL:* JPHitchings@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

October 18, 2019

<u>*VIA E-MAIL*</u>

Jeffrey A. Rosenthal, Esquire
Lisa M. Schweitzer, Esquire
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

> **Re:    BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Counsel:

Please accept this further discovery progress report in accordance with the Court's oral ruling issued on October 3, 2019.

**I.    *Production*.** The Joint Administrators made the following production during the week ending October 18, 2019:

> <u>October 16, 2019</u> – JA0008579 to JA0009054 (392 documents; 5,476 pages) including, but not limited to, documents responsive to Document Request No. 64;

> <u>October 18, 2019</u> – JA0009055 to JA0009572 (150 documents; 518 pages) including, but not limited to, documents responsive to Document Request Nos. 2, 3 and 5.

**II.    *On-going Review*.** The following information is intended to provide an overview of the Joint Administrator's ongoing document collection, review and production efforts:

- Population of all documents searched: 1.2 million

- Number of documents identified as potentially responsive as a result of key word searches: 72,027

- Number of documents reviewed: 69,810

Duane Morris

Jeffrey A. Rosenthal, Esquire
Lisa M. Schweitzer, Esquire
October 18, 2019
Page 2

- Number of documents identified as responsive in first review: 15,123 (including those produced)

These 15,123 documents are in the process of being redacted for personal data subject to GDPR and then reviewed and designated/redacted for attorney-client privilege. Following a final "quality control" review by the Joint Administrators, these documents will be produced on a rolling basis.

The Joint Administrators anticipate that review and production of responsive, non-privileged documents will be complete by October 26, 2019.

**III.**     ***Third-Party Documents***. As of October 17, 2019, the Joint Administrators have requested in writing (by courier and e-mail) that the following individuals or entities provide to the Joint Administrators any documents responsive to the Document Requests that such individual or entity maintains or possess: (i) Beny Steinmetz, (ii) Dag Cramer (individually and on behalf of Onyx), (iii) David Clark, (iv) David Trafford, (v) Gustaf Bodin, (vi) Peter Drive, (vii) Asher Avidan, (viii) Nysco Management, (ix) The Balda Foundation, (x) Marc Struik, and (xi) Yossie Tchelet.

Very truly yours,

*/s/ Jarret P. Hitchings*

# Exhibit D

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212-225-2086
jrosenthal@cgsh.com

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

October 18, 2019

<u>BY EMAIL</u>

Frederick D. Hyman, Esq.
Michael R. Lastowski, Esq.
Jarret P. Hitchings, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036

Re:  *In re BSG Resources Limited*, No. 19-11845 (SHL)

Dear Counsel:

We write on behalf of Vale S.A. ("<u>Vale</u>") in the above-captioned proceeding (the "<u>Proceeding</u>") with regard to the Joint Administrators' discovery progress reports dated October 11 and 14, 2019 (collectively, the "<u>Discovery Reports</u>").  As set forth below, the Discovery Reports fail to provide all of the categories of information required by the Court's ruling at the hearing held on October 3, 2019 (the "<u>October 3 Hearing</u>"), and expose glaring deficiencies in the Joint Administrators' document production efforts which, if not rectified, will lead to the likely non-production of numerous documents responsive to Vale's requests sustained by the Court.

*First,* during the October 3 Hearing, the Court ordered the Joint Administrators to produce weekly discovery reports containing, at a minimum, the following categories of information:  (1) all of the discovery tasks that have been accomplished to date; (2) the discovery tasks that remain in progress; (3) the discovery tasks that have not yet been started; and (4) the Joint Administrators' best estimate of when discovery will be complete.[1]  Notwithstanding this order, the Discovery Reports do not clearly indicate which tasks are currently in progress, and instead merely provide a brief explanation of the dates and sizes of past productions and the number of documents searched, identified as responsive to search terms, reviewed, and identified as responsive to document requests.  Moreover, the Discovery Reports fail to provide *any*

---

[1]     October 3 Hr'g Tr. 100:23-25, 101:1-3, 102:5-13, 104:15-22.

Messrs. Hyman, Lastowski and Hitchings, p. 2

information whatsoever as to the outstanding discovery tasks that the Joint Administrators have
not yet started, and fail to state your estimated date for the completion of discovery.  Please
confirm that, moving forward, your weekly discovery reports will identify information
responsive to each of the four categories ordered by the Court and described above, including in
particular details about your outstanding discovery tasks and an estimated date when discovery
will be complete.[2]

       *Second*, your proposed "search terms and methodologies applied to the various
databases being searched for responsive documents" to Vale's so-ordered requests for production
(the "<u>Document Requests</u>" or "<u>DR</u>"), as described in Schedule 1 to the Discovery Reports (the
"<u>Proposed Search Terms</u>"), are arbitrary, overly narrow, and wholly inadequate and require, *inter
alia*, the following steps to rectify them:

       1.      ***The Joint Administrators must immediately locate and produce easily-
identifiable documents responsive to the Document Requests.***

       A number of Vale's Document Requests seek easily-identifiable categories of
documents that are unquestionably within your possession, custody or control.  The Joint
Administrators' proposed methodology for identifying documents that are responsive to these
Document Requests is plainly inadequate insofar as, for many of them, your Discovery Reports
indicate that the Joint Administrators are using search terms even though these categories of
documents could be far more easily, quickly, inexpensively and reliably located by other
methods.

       For example, the Court so-ordered production of the financial statements for
BSGR and its subsidiaries and affiliates Octéa Limited, West African Power Limited, and
Roslindale PTE.  *See* DR 7, 28, 40, 43.  It is inconceivable that the Joint Administrators have no
ready access to, and cannot directly locate, BSGR's financials, for example.  Nevertheless, rather
than simply identifying a complete set of financial statements for each of these entities, you
propose to review a total of 12,375 documents that are responsive to certain search terms deemed
to be related to these requests in the hope that the responsive financial statements are among
them.  This approach needlessly delays the production of these documents, results in additional
potentially unnecessary costs for the parties, and may not actually locate the full universe of
documents that you have been ordered to produce.

       Likewise, the Joint Administrators propose to locate BSGR's and the Joint
Administrators' filings and other communications with the Guernsey Courts, as well as the
transcripts of any proceedings held therein, *see* DR 66-67, by using search terms and then hoping
to find them amid potentially thousands of responsive documents, rather than simply identifying
and producing them to Vale.  Your position in relation to this Document Request is untenable, as
documents that have been *filed* in the Guernsey proceeding should be readily accessible, and
could easily have been gathered and produced immediately upon receipt of the Document
Requests over four months ago.  The same can be said with respect to several other of Vale's

---

[2]     While we await the Court's entry of a written order on this issue, Judge Lane made clear that his rulings on
the record on October 3 constituted orders of the Court and thus require compliance.  October 3 Hr'g Tr. 6:16-20;
111:21-23; 115:15-18.

Messrs. Hyman, Lastowski and Hitchings, p. 3

requests for documents, including but not limited to requests for the makeup and activity of BSGR's and Roslindale's Boards of Directors, DR 3, 44, and any retainer agreement between BSGR and former French President Nicolas Sarkozy, DR 56.  In each of those cases, the Joint Administrators' plan to run search terms for documents whose location should be well known or easily ascertainable does not make sense to us and raises significant concerns.

> **2.      The Joint Administrators must run searches for so-ordered Document Requests that ask for "any and all" communications.**

Conversely, for several Document Requests that clearly must be subject to search terms in order to be comprehensive (such as DR 9, 14-19, 25, each of which seek production of "any and all" documents or include similarly comprehensive terms), the Joint Administrators have either responded "N/A" or reported that you are using a "targeted search" to locate documents responsive to Vale's so-ordered Document Requests.  These requests necessarily require the use of search terms to locate and produce *all* of the responsive documents and communications, both paper and electronic, within your possession, custody, and/or control.  By employing your approach, you purport to unilaterally and unjustifiably limit the Court's order granting broad discovery related to these requests.

Indeed, in response to several of Vale's Document Requests, *see* DR 4, 13, 23, 25, 27, 35, 55, 61, 65, the Joint Administrators do not provide any information regarding the process you have employed to locate responsive documents, and instead under search methodology simply state "N/A," meaning either that "responsive documents have already been provided, will be provided in response to another request or no responsive documents exis [*sic*]."  Discovery Reports, Ex. A at 4.  Without more information, Vale has no understanding of what steps you have taken to locate these documents and whether that process is sufficient to comply with the Court's order.

> **3.      The Joint Administrators must broaden their arbitrary and overly narrow search terms.**

Even where the Proposed Search Terms properly contemplate the use of keyword searches, your proffered search terms are often grossly inadequate.  *See, e.g.*, DR 3, 8, 20, 21, 24, 28, 33, 36-37, 42-44, 51-53, 60, 67.  The effect of this results-oriented narrowing of search terms is to artificially lower the responsiveness rate in contravention of the Court's order granting discovery responsive to Vale's Document Requests.

*First*, a number of Proposed Search Terms inexplicably include the full official names of certain corporate entities, rather than the names more commonly used within email and other communications to refer to those entities, as described in the chart below:

| Request No(s). | Proposed Search Term(s) | Shorthand Name(s) |
|---|---|---|
| 3, 21 | "balda foundation" | Balda |
| 3, 52 | "nysco management corp" | Nysco |
| 3 | "onyx financial advisors" | Onyx |
| 28, 33 | "octea limited" | Octea |
| 33 | "Star West Investments Limited" | Star West |

Messrs. Hyman, Lastowski and Hitchings, p. 4

| Request No(s). | Proposed Search Term(s) | Shorthand Name(s) |
|---|---|---|
| 36, 37 | "standard chartered plc" | Standard Chartered<br>SCB |
| 42, 43, 44 | "Roslindale PTE" | Roslindale |
| 51 | "litigation solutions limited"<br>"litigation solutions ltd" | LSL<br>Litigation Solutions |
| 53 | "tiffany & co"<br>"tiffany and co"<br>"tiffany & company"<br>"tiffany and company" | Tiffany<br>Tiffany's |

Surely the Joint Administrators cannot credibly contend that the addition of "foundation" after "balda," for example, is necessary to weed out an inordinate number of false hits without the collateral consequence of missing responsive documents. The only justification we see for the Joint Administrators' choice to use more complex search terms is to arbitrarily exclude responsive documents from review and production.[3]

        *Second*, the Joint Administrators propose to employ keyword search terms when searches by domain are far more logical. For example, in response to Vale's request for "[a]ny and all documents and communications between BSGR and financial advisors and/or auditors," DR 8, certain of your Proposed Search Terms are "ernst & young" and "ernst and young." That makes no sense – communications involving Ernst & Young and its associates can be found by collecting emails sent to or from email addresses with "ey.com" domains rather than assuming that they would say "ernst & young" or "ernst and young" in the email.[4] The same principle applies to responsive documents and communications involving, among others, Baker Tilly (DR 8), Binder Dijker Otte LLP ("BDO") (DR 24), and the Royal Court of Guernsey (DR 67). Domain name searches make far more sense than the approach the Joint Administrators are taking.

        *Third*, the Proposed Search Terms frequently use proximity connectors to narrow search results artificially and inappropriately. *See, e.g.*, DR 21, 28, 52, 60. The imposition of those limiting agents – particularly when you have failed to provide, for purposes of comparison, hit counts without the use of proximity connectors – constitutes a completely arbitrary restraint on the scope of Vale's court-ordered discovery.

        *Fourth*, in a particularly egregious example, the Proposed Search Terms require that "documents sufficient to identify the ownership structure of and beneficial interests in the Balda Foundation" contain *both* the terms "Balda" *and* "Agnes." DR 20. That approach unjustifiably assumes that Agnes Steinmetz is the sole beneficiary of the Balda Foundation, despite the Court's express rejection of that argument and its contrary finding that Beny

---

[3]        Curiously, at times you have used shorthand names for these same terms, such as "balda" for Document Request 20, and "SCB" and "LSL" for Document Request 21. We are at a loss to understand why those terms were presumably deemed overbroad by you with respect to other Document Requests.

[4]        Even were search terms proper in these circumstances, we do not understand why you would not include "Ernst" (standing alone) and "E&Y" except to the extent you intend to exclude responsive documents.

Messrs. Hyman, Lastowski and Hitchings, p. 5

Steinmetz holds a financial interest in BSGR through his beneficial interest in the Balda Foundation.[5]  You cannot credibly purport to exclude even the review of documents referencing Beny Steinmetz's (or any third party's) interest in the Balda Foundation that do not also mention "Agnes."

### 4.        The Proposed Search Terms fail to identify "targeted search" sources.

Finally, in response to several of Vale's so-ordered Document Requests, you propose to run targeted searches in "company books and records," "administration records" or "administration folders" without clearly defining the meaning of those phrases. *See, e.g.*, DR 1, 6, 14-19, 29-32, 34, 54, 57, 62.  You do not specify whether those searches include server folders, databases, internal proprietary locations, or documents only available in hard copy.  Absent more clarity about these search methodologies and procedures, neither Vale nor the Court can possibly evaluate the adequacy of the Proposed Search Terms.

That said, for some of these Document Requests, your proposed approach is plainly insufficient.  For example, in response to Vale's requests for "[d]ocuments sufficient to identify the nature of BSGR's business activities conducted or directed" in Guernsey and elsewhere, you propose to review only the Joint Administrators' own "administration folders." DR 14-15.  Limiting this search to "administration folders" – and not BSGR's documents – is facially under-inclusive, as the Court has held that documents predating the Guernsey Administration are relevant to its determination of COMI.[6]

* * * * *

In short, we are concerned that the Proposed Search Terms appear to be designed to delay the completion of discovery, contravene the Court's orders, and unduly narrow the scope of discovery already ordered by the Court.  As these were just examples of our concerns and not a comprehensive list, we request to meet and confer to discuss at a more granular level appropriate ways to remedy the infirmities in the Joint Administrators' Proposed Search Terms and other collection and review methods.  If we are unable to reach a mutually acceptable resolution of these issues, Vale reserves all rights, including without limitation our right to seek costs for enforcement of the Court's discovery orders.

We note that in raising these various concerns and objections to your search methods and in offering alternative search methods, Vale does not intend to in any way waive its various defenses and objections to the Joint Administrators' discovery failures and shortcomings to date or any other and further objections it may have.  All rights are reserved with respect to the Joint Administrators' responses to the requests.

---

[5]        October 3 Hr'g Tr. 29:3-6.  Indeed, the Joint Administrators propose to exclude from your search any potential beneficiaries other than Agnes Steinmetz even though you represented to the Court at the October 3 Hearing that "[t]he joint administrators themselves do not know if Beny Steinmetz and his family ultimately own and control Balda."  Hr'g Tr. 14:16-18

[6]        July 29 Hr'g Tr. 18:8-17, 19:3-4.

Messrs. Hyman, Lastowski and Hitchings, p. 6

Sincerely,


/s/ Jeffrey A. Rosenthal

# Exhibit E

| | |
|---|---|
| **From:** | Hitchings, Jarret P. |
| **To:** | Balter, Emily J.; Hyman, Rick D. |
| **Cc:** | Schwieder, Robert; Rosenthal, Jeffrey A.; Schweitzer, Lisa M.; Levander, Samuel; Lastowski, Michael R. |
| **Subject:** | RE: BSGR - Production Progress Report |
| **Date:** | Monday, October 28, 2019 9:00:16 PM |

Emily —

There is no back-track. We will endeavor to respond as indicated, but necessarily subject to our clients' direction and approval.

In an effort to provide as prompt responses as possible, please see the following two notes:

1. Universe of documents. There are a total of 3.7 million documents in the data sources identified in our August 27 letter. This number is generated from our client's processing tool and is a more accurate representation of the population of documents collected from the data source locations. However, as some of those sources are internal to BDO or are the JAs' email boxes, they may potentially contain information, communications or other material relating to other matters. Those sources therefore needed to be culled to account for these unrelated materials. The figure of 1.2 million is the total number of documents in Relativity, following de-duplication during data processing and some broad keywords run over the Joint Administrators' mailboxes in order to cull communications regarding other clients/purely internal matters.

2. Redaction Logs. We understand that information regarding the GDPR redactions is being provided with each disclosure in the load file (the field is called "Personal Data"). Kindly confirm. We further understand that no privilege redaction or withholding information has been provided. We will provide a timeline as to when this information will be provided, but we expect it will be generated as production is completed.

---

**From:** Balter, Emily J. <ebalter@cgsh.com>
**Sent:** Monday, October 28, 2019 12:51 PM
**To:** Hitchings, Jarret P. <JPHitchings@duanemorris.com>; Hyman, Rick D. <RHyman@duanemorris.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski, Michael R. <MLastowski@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Jarret,

We disagree with your re-characterization of the points below, in which you appear to backtrack from numerous of the representations that you made on our call on Friday, including your agreement to produce non-privileged correspondence between the Joint Administrators and the custodians identified in paragraphs 2 through 5 of the Court's Discovery Order [Dkt. 69], which you now state is subject to your "client's review." We were likewise surprised to learn that you are still

not in a position to give us basic updates on information that should be readily accessible to you, including confirming whether there are any discovery tasks that have not yet been started, providing fundamental explanations of your search methodologies, and confirming when you will provide us with privilege and redaction logs (which you indicated on Friday were already underway).  In any event, and in light of the upcoming hearing and the Court's Order that your production of all documents other than those described in paragraphs 2 through 5 be complete by last Saturday, please let us know what information you expect to be able to provide to us by the end of the day.

In addition, with respect to your clarification that you will provide a comparison of search *results* using your search terms and Vale's proposed terms, the number of results, without more, will not serve as a useful metric since, by definition, the narrower the search term, the fewer the hits.  The key question, of course, is whether narrowing the search terms eliminates unresponsive hits while still capturing responsive ones.   We therefore ask that you review a 5% sample of the total hits for each search term and identify the percentage of responsive documents versus false hits for the results based on (i) your search terms and (ii) Vale's proposed search terms.  We are available to discuss this process further.


Best,
Emily

___

**Emily J. Balter**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ecarswell@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2189
ebalter@cgsh.com | clearygottlieb.com

---

**From:** Hitchings, Jarret P. [mailto:JPHitchings@duanemorris.com]
**Sent:** Monday, October 28, 2019 10:18 AM
**To:** Balter, Emily J. <ebalter@cgsh.com>; Hyman, Rick D. <RHyman@duanemorris.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski, Michael R. <MLastowski@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Emily –

Several points in your summary below are incorrect or seem to suggest firm agreement to something that we indicated we would investigate. Broadly, any offer or proposed response made during our call is, of course, subject to review and direction by our clients. I've addressed some others is the text below (though points not specifically addressed are not necessarily conceded). In any event, we will respond to you promptly once we confer with our clients.


**Jarret P. Hitchings**
Associate

Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
**P:** +1 302 657 4952
**F:** +1 302 397 2740

JPHitchings@duanemorris.com
www.duanemorris.com

---

**From:** Balter, Emily J. <ebalter@cgsh.com>
**Sent:** Saturday, October 26, 2019 1:22 PM
**To:** Hyman, Rick D. <RHyman@duanemorris.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>;
Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski,
Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Mike, Rick, Jarret,

Thank you for speaking with us yesterday afternoon to discuss the Joint Administrators' discovery
progress reports and the issues that we raised in our October 18, 2019 letter. We write to confirm
the positions that the Joint Administrators have taken during the meet and confer.

Discovery progress reports (dated October 11, 14, 18 and 25, 2019):

- ***Scope of document collection/search.*** In response to our question, you have agreed to
  confirm with your client and provide a written response as to the distinction between the
  3,767,021 documents "collected from data source collections," as represented in your
  October 25, 2019 letter, and the 1.2 million documents "searched," as represented in your
  October 18, 2019 letter.***[Jarret Hitchings]*** We will provide an explanation.

- ***Discovery tasks not yet started.*** Pursuant to your obligations under paragraph 9(c) of the
  Court's Discovery Order [Dkt. 69], you represented and agreed to confirm in writing that
  there are no discovery tasks that have not yet been started.***[Jarret Hitchings]*** As concerns
  the process underway to review the 3.7 million documents in the data sources identified in
  our August 27 letter, we understand that all tasks are underway but need to confirm the
  same.

- ***Documents from Beny Steinmetz, present and former directors of BSGR, Balda, Nysco and
  Onyx.*** Pursuant to your obligations under paragraphs 2 through 5 of the Court's Discovery
  Order [Dkt. 69] to gather documents from the custodians listed therein, you represented in
  your October 25, 2019 letter that you have requested documents from (i) Beny Steinmetz
  (directly and through Marc Bonnant), (ii) Dag Cramer (individually and on behalf of Onyx),
  (iii) David Clark, (iv) David Trafford, (v) Gustaf Bodin, (vi) Peter Driver, (vii) Asher Avidan, (viii)
  Nysco Management, (ix) The Balda Foundation, (x) Marc Struik, (xi) Yossie Tchelet and (xii)
  Sandra Merloni-Horemans. You have agreed to produce the non-privileged correspondence
  between the Joint Administrators and these custodians as it relates to the requests for
  documents, and to identify any such correspondence over which you are claiming
  privilege.***[Jarret Hitchings]*** Subject to our client's review of this request. And if there is an

assertion of privilege, yes that will be identified/explained.

- With respect to Mr. Steinmetz, you stated that you have attempted to contact Mr. Steinmetz via email and physical mail but have not received a reply.  You explained that you do not know Mr. Steinmetz's address and that the mailing address and email addresses you used to contact Mr. Steinmetz were provided to you by the Joint Administrators, but that the Joint Administrators do not know if such addresses are current for Mr. Steinmetz.  You stated that you do not know from where or how the Joint Administrators obtained these addresses.

- If and when you receive documents from the custodians listed in paragraphs 2-5 of the Order, you have agreed to provide a production completion date for those documents in writing.

- **Privilege and redaction logs.**  We have now confirmed that the Joint Administrators did not produce privilege and redaction logs with their October 10, 12, 16, 18, and 23 productions. You agreed that, that being the case, the Joint Administrators would produce privilege and redaction logs for the October 10, 12, 16, 18, and 23 productions promptly, and would provide privilege and redaction logs with their subsequent productions.***[Jarret Hitchings]*** *No. We will review whether these have been provided on a rolling basis, and if not, provide an explanation. We recognize we are obligated to provide privilege and redactions log and will do so promptly but it may be that to do so on a rolling basis is not practical or efficient. We will review.*

<u>Specific issues identified in Vale's October 18, 2019 letter:</u>

- **Easily-Identifiable Documents.** You stated that in addition to using search terms you have "manually" searched for documents for all of the document requests listed in this category in our October 18, 2019 letter (document requests 3, 7, 28, 40, 43, 44, 56, 66, and 67).  You agreed to provide a written explanation clarifying the distinction between the manual search process and the use of search terms.

  - *Requests 7, 28, 40, 43.*  You have or will provide all responsive financial statements for BSGR, Octéa (as well as two of its subsidiaries, Boroma and Toguma), and West African Power Limited.  You represented that you only produced BSGR's financial statement from 2014-16, and that BSGR does not have financial statements for the years 2017 or 2018.  ***[Jarret Hitchings]*** *This is my personal understanding. The documents that have been/will be produced speak for themselves.* You have not yet produced any financial statements for Roslindale PTE and could not confirm whether such financial statements existed.  You will produce any such documents that are in your possession, custody, and control.

  - *Requests 66 and 67.*  You stated that you do not currently have all of the court filings submitted to the Guernsey Court and are working to obtain them.  ***[Jarret Hitchings]*** *Again, as to my personal understanding and what I have personally received.* You

confirmed that, once obtained, you will produce all documents on the Guernsey docket. *[Jarret Hitchings]* To the extent permitted by the Guernsey court/and any applicable orders. To the extent such documents are under seal in Guernsey, you may produce them under separate cover. *[Jarret Hitchings]* If allowable.

   o *Request 56.* This request calls for documents sufficient to identify any retainer agreements between BSGR, Beny Steinmetz or his corporate affiliates and former French President Nicolas Sarkozy. You stated that based on your searches, both manual and using search terms, you have not yet identified documents responsive to this request. You agreed to continue to search for documents responsive to this request.

- ***Searches for Document Requests That Ask for "Any and All" Communications***. We asked you to explain the process you have employed to locate responsive documents for Vale's Document Requests 4, 9, 13-19, 23, 25, 27, 35, 55, 61, and 65, which seek production of "any and all" documents and to which you have either responded "N/A" or reported that you are using a "targeted search." You stated that you did not know the basis for these responses and have agreed to follow up with a written explanation setting forth the steps you have taken to locate the documents responsive to these requests.

- ***Arbitrary and Overly Narrow Search terms.*** In our October 18 letter, we identified a number of inadequacies with the search terms used in Vale's Document Requests 3, 8, 20, 21, 24, 28, 33, 36-37, 42-44, 51-53, 60, and 67, which we stated artificially lower the responsiveness rate in contravention of the Court's order granting discovery responsive to Vale's Discovery Requests. You responded that our suggestions for improving the search terms would increase the responsiveness rate exponentially and accordingly were not feasible. In support of your statement, you have agreed to provide us with a written response which identifies (i) the responsiveness rate for each of the document requests above using your current search terms, and (ii) the responsiveness rate for each of the document requests above using Vale's proposed search terms.

- ***Use of "targeted search."*** You stated that you would confirm that in addition to running targeted searches for documents responsive to Vale's Document Requests 1, 6, 14-19, 29-32, 34, 54, 57 and 62, you have used search terms to identify documents responsive to these requests.

*[Jarret Hitchings] In general to these last several points, we indicated that we would provide further explanation as to the search methodologies, including a comparison of search results using our terms and your proposed terms.*

Please confirm promptly if anything above does not conform with what you stated to us and provide the documents and information identified above by Monday evening. We reserve all rights with respect to these and other discovery matters.

Best,

Emily

---

**Emily J. Balter**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ecarswell@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2189
ebalter@cgsh.com | clearygottlieb.com

---

**From:** Balter, Emily J.
**Sent:** Thursday, October 24, 2019 6:02 PM
**To:** Hyman, Rick D. <RHyman@duanemorris.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>;
Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski,
Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Rick,

While it would be more constructive for you to list your issues prior to a call so that we can engage
productively on a meet and confer, if you will not do so and want to start with a call, we can do a call
tomorrow afternoon at 4 pm.  If that works, we will send you a dial-in.

Best,
Emily

---

**Emily J. Balter**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ecarswell@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2189
ebalter@cgsh.com | clearygottlieb.com

---

**From:** Hyman, Rick D. [mailto:RHyman@duanemorris.com]
**Sent:** Thursday, October 24, 2019 5:25 PM
**To:** Balter, Emily J. <ebalter@cgsh.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>;
Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski,
Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

The point of the call is to "meet and confer" regarding the issues raised in your letter.

**Frederick (Rick) Hyman**
Partner

Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
**P:** +1 212 692 1063
**F:** +1 212 208 4521
**C:** +1 646 248 2969

rhyman@duanemorris.com
www.duanemorris.com

**From:** Balter, Emily J. <ebalter@cgsh.com>
**Sent:** Thursday, October 24, 2019 5:18 PM
**To:** Hyman, Rick D. <RHyman@duanemorris.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>;
Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski,
Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Rick,

We are available to meet and confer on any issues in dispute next Monday morning.  However, we
sent you a letter last week raising various discovery related issues and you have not provided any
response.  We view this as inconsistent with the Court's direction that discovery should proceed
expeditiously and we should confer on resolving disputes.  Please confirm that you will give us a
written response to our letter of last Friday, October 18 by no later than 4 pm tomorrow.  We
reserve all rights to seek assistance and relief from the Court as may be necessary or appropriate.

Best,
Emily

⎯

**Emily J. Balter**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ecarswell@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2189
ebalter@cgsh.com | clearygottlieb.com

**From:** Hyman, Rick D. [mailto:RHyman@duanemorris.com]
**Sent:** Thursday, October 24, 2019 5:06 PM
**To:** Balter, Emily J. <ebalter@cgsh.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>;
Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski,
Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Emily, can you suggest some times tomorrow afternoon for a conversation?

Rick

**Frederick (Rick) Hyman**
Partner

Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
**P:** +1 212 692 1063
**F:** +1 212 208 4521
**C:** +1 646 248 2969

rhyman@duanemorris.com
www.duanemorris.com

---

**From:** Balter, Emily J. <ebalter@cgsh.com>
**Sent:** Wednesday, October 23, 2019 11:09 PM
**To:** Hyman, Rick D. <RHyman@duanemorris.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>;
Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski,
Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Rick,

As you are aware from our letter, our objections go well beyond coming up with a new list of terms.
That said, our objections already identify specific issues with your search terms and concrete
suggestions for how they can be improved.  Please let us know if and when you will respond to all
the substantive issues we have raised, so that we understand your position and can have a
productive meet and confer.

Best,
Emily

———

**Emily J. Balter**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ecarswell@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2189
ebalter@cgsh.com | clearygottlieb.com

---

**From:** Hyman, Rick D. [mailto:RHyman@duanemorris.com]
**Sent:** Wednesday, October 23, 2019 7:34 PM
**To:** Balter, Emily J. <ebalter@cgsh.com>
**Cc:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>;
Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Lastowski,
Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** Re: BSGR - Production Progress Report

Of course we will meet and confer.  Do you have a list of terms?

Sent from my iPhone

On Oct 23, 2019, at 7:27 PM, Balter, Emily J. <ebalter@cgsh.com> wrote:

Rick,

At the October 3 hearing and in the Court's order of October 21, Judge Lane required the Joint Administrators to provide Vale with a list of search terms to facilitate a dialogue should Vale have concerns, and, should there be a dispute, ordered the parties to "meet and confer about the search terms so as to use their best efforts to reasonably resolve such dispute(s)."  Order  ¶ 10.  In light of this direction, please tell us promptly whether you intend to respond to the substantive issues we have raised and intend to meet and confer with us on these issues this week.  Otherwise, we will have no choice but to raise this non-compliance with the Court.

Best,
Emily

———

**Emily J. Balter**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ecarswell@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2189
ebalter@cgsh.com  |  clearygottlieb.com

---

**From:** Hyman, Rick D. [mailto:RHyman@duanemorris.com]
**Sent:** Wednesday, October 23, 2019 3:18 PM
**To:** Schwieder, Robert <rschwieder@cgsh.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Balter, Emily J. <ebalter@cgsh.com>
**Cc:** Lastowski, Michael R. <MLastowski@duanemorris.com>; Hitchings, Jarret P. <JPHitchings@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

All, we have received your letter dated October 18, 2019. We are disappointed that you continue to make unfounded accusations of bad faith which we consider to be unprofessional and disrespectful.  Judge Lane has already admonished Vale not to micromanage discovery.  We have produced approximately 2,440 documents to date and will continue production on a rolling basis.  If, once production is complete, Vale has reasonable grounds to believe that additional, targeted and specific search terms will identify further responsive, non-privileged information that has not been produced by the Joint Administrators or is already in Vale's possession, please provide such terms for our consideration.

Thank you.

**Frederick (Rick) Hyman**
Partner

Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
**P:** +1 212 692 1063
**F:** +1 212 208 4521
**C:** +1 646 248 2969

rhyman@duanemorris.com
www.duanemorris.com

---

**From:** Schwieder, Robert <rschwieder@cgsh.com>
**Sent:** Friday, October 18, 2019 4:21 PM
**To:** Hitchings, Jarret P. <JPHitchings@duanemorris.com>; Rosenthal, Jeffrey A.
<jrosenthal@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Levander,
Samuel <slevander@cgsh.com>; Balter, Emily J. <ebalter@cgsh.com>
**Cc:** Lastowski, Michael R. <MLastowski@duanemorris.com>; Hyman, Rick D.
<RHyman@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Counsel,

Please see attached.

Best,
Robbie

---

**Robert Schwieder | Law Clerk**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mduchene@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2918
rschwieder@cgsh.com | clearygottlieb.com

---

**From:** Hitchings, Jarret P. [mailto:JPHitchings@duanemorris.com]
**Sent:** Monday, October 14, 2019 5:33 PM
**To:** Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; Schweitzer, Lisa M.
<lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Balter, Emily J.
<ebalter@cgsh.com>
**Cc:** Lastowski, Michael R. <MLastowski@duanemorris.com>; Hyman, Rick D.
<RHyman@duanemorris.com>
**Subject:** RE: BSGR - Production Progress Report

Counsel –

Please see the attached letter supplementing our progress report from Friday.

**Jarret P. Hitchings**
Associate

Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
**P:** +1 302 657 4952
**F:** +1 302 397 2740

JPHitchings@duanemorris.com
www.duanemorris.com

**From:** Hitchings, Jarret P.
**Sent:** Friday, October 11, 2019 8:59 PM
**To:** Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; 'Schweitzer, Lisa M.'
<lschweitzer@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Balter, Emily J.
<ebalter@cgsh.com>
**Cc:** Lastowski, Michael R. <MLastowski@duanemorris.com>; Hyman, Rick D.
<RHyman@duanemorris.com>
**Subject:** BSGR - Production Progress Report

Counsel –

Please see the attached letter concerning the progress of production by the Joint
Administrators this week.

Thank you and have a nice weekend.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review
of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the
sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments
without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its
affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient,
please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.