NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

**Duane Morris®**

*FIRM and AFFILIATE OFFICES*

FREDERICK D. (RICK) HYMAN
DIRECT DIAL: +1 212 692 1063
PERSONAL FAX: +1 212 208 4521
*E-MAIL:* RHyman@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

May 4, 2020

<u>Via CM/ECF and E-mail</u>

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
 One Bowling Green
Courtroom: 701
New York, NY 10004-1408

<u>Via CM/ECF and E-mail</u>

Jeffrey A. Rosenthal, Esquire
Lisa M. Schweitzer, Esquire
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Re:    **BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Judge Lane:

We write on behalf of William Callewaert and Malcolm Cohen, in their capacity as Joint Administrators and Foreign Representatives (together, the "<u>Joint Administrators</u>") for the debtor BSG Resources Limited (in administration) ("<u>BSGR</u>") in order (i) at Your Honor's Request, to provide Your Honor with an update as to the status of the above-referenced matter (the "<u>Chapter 15 Case</u>") and (ii) to request a discovery conference before Your Honor in accordance with Local Rule 7007-1(b).

**I.    Case Status Update**

As the Court is aware, Vale S.A. ("<u>Vale</u>") has objected to Recognition of the Chapter 15 Case. In connection with that objection, Vale prounded upon the Joint Administrators certain written discovery including Vale's *First Request for Production of Documents to the Joint Administrators Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure* (the "<u>Vale Document Requests</u>"). The Vale Document Requests seek documents and other information on an exceedingly broad range of topics, including matters beyond those that this Court will be expected to consider in connection with the ultimate issues before this Court (*i.e.*, "<u>Recognition</u>").

DuaneMorris

May 4, 2020
Page 2

Despite their objections to the Vale Document Requests, the Joint Administrators have worked diligently to respond to the Vale Document Requests in full. As of April 30, 2020, the Joint Administrators have delivered to Vale over 20,000 documents in response to the Vale Document Requests.[1] The Joint Administrators' direct production of documents responsive to the Vale Document Request is concluded.

Vale continues to dispute certain production issues, including, for example, whether the Joint Administrators have undertaken sufficient efforts to obtain documents from third-parties and whether certain documents have been properly withheld from production on privilege grounds. The parties are in the process of presenting these issues to the Honorable Allan L. Gropper (ret.) (the "Discovery Neutral").[2] The parties have a call scheduled with the Discovery Neutral to address these issues on May 7, 2020. Finally, Vale has noticed the depositions of each of the Joint Administrators and two of the Debtor's directors. Those depositions have not yet occurred.

On March 5, 2020, the District Court approved a stipulation between the parties in *Vale S.A. v. BSG Resources Limited*, No. 1:19-cv-03619-VSB (S.D.N.Y.) (the "US Enforcement Proceeding"). The *Stipulation and Order* [District Court Docket No. 50] (the "District Court Stipulation") provides, among other things, that the District Court enter a judgment recognizing Vale's foreign arbitration award, but Vale would agree to limit certain enforcement activities in the United States against the Debtor for 150 days. Among other things, Vale has thus agreed not to take any enforcement action or otherwise execute in respect of the Debtor's ligation against George Soros and certain other defendants through August 2, 2020, but is entitled to seek enforcement of the award against third parties.

## II. Discovery Status Conference

On August 6, 2019, the Court entered a *Confidentiality Stipulation and Protective Order* [Docket No. 39] (the "Protective Order"). In order to enable the Joint Administrators to protect from public disclosure sensitive information, the Protective Order provides a process by which the Joint Administrators can designate documents produced in response to the Vale Document Requests as "CONFIDENTIAL." *See* Protective Order at ¶ 10. The Protective Order also establishes a process by which Vale can challenge a confidentiality designation (generally, the "Designation Challenge Process"). *See* Protective Order at ¶ 27. Ultimately, if the parties are unable to resolve a designation challenge, the Designating Party may seek a ruling from the Court upholding the designation as valid. *Id.*

---

[1] The Joint Administrators have identified approximately 3,500 additional documents that are responsive to the Vale Document Requests, but have withheld such documents from production and delivery to Vale on privilege grounds.

[2] The Discovery Neutral was appointed by *Stipulation and Order* [Docket No. 77] (the "Discovery Neutral Order"). The Discovery Neutral Order vests the Discovery Neutral with the authority to issue preliminary rulings on the merits in furtherance of the implementation of certain prior discovery orders, as well as such other and further matters as the parties may agree.

DuaneMorris

May 4, 2020
Page 3

      The Joint Administrators' concern for confidentiality is paramount for several reasons. For example, the produced documents include materials prepared by the Joint Administrators in the course of their duties and in furtherance of their efforts to return BSGR to solvency. These working papers and other documents are non-public and if disclosed could severely hinder the Joint Administrators' ability to achieve this purpose. Similarly, the produced documents include litigation materials from several pending actions around the world which themselves are subject to confidentiality restrictions. Disclosure of these documents to third-parties could likely threaten the Joint Administrators' efforts to prosecute or defend parallel litigation, including BSGR's action against George Soros and related defendants which remains pending in the United States. Moreover, public disclosure of these materials could expose the Joint Administrators and BSGR to liability in the underlying litigations. Even many of the non-litigation documents produced by the Joint Administrators are themselves subject to confidentiality obligations by which the Joint Administrators must abide. As with the litigation documents, disclosure of these documents to third-parties could expose the Joint Administrators and BSGR to liability.

      In responding to the Vale Document Requests, the Joint Administrators were required to balance this need for confidentiality against their responsibility to produce documents in a transparent and efficient manner.  In order to successfully manage this task, the Joint Administrators designated nearly all of their production as "CONFIDENTIAL" under the Protective Order.  Because the Protective Order allows broad use of "CONFIDENTIAL" documents in this Chapter 15 Case, Vale is not prejudiced in these proceedings by the Joint Administrators' confidentiality designations.

      On April 1, 2020, Vale challenged the designation of 327 documents as "CONFIDENTIAL Material." On April 9, 2020, Vale challenged the designation of an additional 412 documents as "CONFIDENTIAL Material.[3] Consistent with the Challenge Designation Process, the Joint Administrators have reviewed each of the Challenged Documents. Of the 739 Challenged Documents, the Joint Administrators have determined to lift the confidentiality designation for 662 documents.[4] As to the balance of the Challenged Documents (the "Confidential Documents"), the Joint Administrators maintain that the "CONFIDENTIAL" designation is both necessary and appropriate.

---

[3] Together the documents subject to Vale's current designation challenge are referred to as the "Challenged Documents."

[4] Within this population, there are documents that the Joint Administrators maintain are confidential but are within their discretion to disclose. The Joint Administrators have determined to lift the confidentiality designation as to these documents in the spirit of cooperation and good faith, and in order to focus the attention of the parties and this Court on documents that must remain confidential.

DuaneMorris

May 4, 2020
Page 4

    Pursuant to Paragraph 27 of the Protective Order, the Joint Adminsitrators are now required to file a motion in order to preserve the confidentiality designation of the Confidential Documents. In addition, the Joint Adminsitrators intend to move for the modification of the Protective Order to provide, among other relief, for reference of this and future confidentiality designation challenges to the Discovery Neutral. Because this motion is related to discovery, before the Joint Adminsitrators may file their motion they are required to participate in a conference with Your Honor. *See* Bankr. S.D.N.Y. L.R. 7007-1(b); Chambers Rules for the Hon. Sean H. Lane concerning Discovery Disputes.

    On behalf of the Joint Adminsitrators, we are available for the requested discovery status conference at Your Honor's convenience. If possible, given the anticipated participation of one or both of the Joint Administrators (or their staff) and the time difference overseas, we would respectfully ask that the conference be scheduled during the morning in New York. Of course, we remain available at the call of the Court.

Very truly yours,

*/s/ Frederick D. Hyman*
Frederick D. (Rick) Hyman