Duane Morris LLP
Frederick D. Hyman (NY 2553832)
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
RHyman@duanemorris.com

-and-

Jarret P. Hitchings (admitted *pro hac vice*)
222 Delaware Avenue, Ste. 1600
Wilmington, Delaware 19801
Telephone: (302) 657-4952
JPHitchings@duanemorris.com

*Attorneys for William Callewaert and Malcolm Cohen
in their capacity as Joint Administrators and Foreign Representatives
for the Debtor BSG Resources Limited (in administration)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| BSG RESOURCES LIMITED (in administration), | Case No. 19-11845 (SHL) |
| Debtor in a Foreign Proceeding. | |

**MOTION OF THE JOINT ADMINISTRATORS FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO THEIR REPLY IN SUPPORT OF THEIR MOTION FOR AN ORDER (I) AFFIRMING CONFIDENTIALITY DESIGNATIONS AND
(II) MODIFYING THE COURT'S CONFIDENTIALITY STIPULATION**

William Callewaert and Malcolm Cohen (together, the "Joint Administrators"), in their capacity as Joint Administrators and Foreign Representatives for the debtor BSG Resources Limited (in administration) (the "Debtor" or "BSGR"), by and through their undersigned counsel, hereby respectfully submits this motion (this "Motion to Seal") in accordance with the *Confidentiality Stipulation and Protective Order* [Docket No. 39] (the "Protective Order"), requiring the filing under seal of certain exhibits (the "Confidential Exhibits") submitted in connection with the Joint Administrators' *Reply in Support of Their Motion for an Order (I)*

DM3\6822985.2

*Affirming Confidentiality Designations and (II) Modifying the Court's Confidentiality Stipulation* [Docket No. 100] (the "Reply"). The Joint Administrators respectfully seek entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"). In further support of this Motion to Seal, the Joint Administrators incorporate the facts and argument set forth in the Confidentially Motion (defined below) and the Reply, and in addition respectfully state as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Protective Order.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

### Background

4. To facilitate the provision of confidential materials between the Joint Administrators and Vale, S.A. ("Vale"), the parties entered into the Protective Order, which was so-ordered by the Court on August 6, 2019. *See* Docket No. 39.

5. The Protective Order sets forth the procedures for designating discovery material as either "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" and provides the terms for the use of such materials. Moreover, the Protective Order governs the use of "CONFIDENTIAL" and "OUTSIDE COUNSEL EYES ONLY" materials in pleadings or other papers filed with the Court. Specifically, the Protective Order requires that all portions of

2

pleadings, motions or other papers filed with the Court that disclose "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" materials be filed under seal. *See* Protective Order at ¶ 20.

6. The Joint Administrators have designated as "CONFIDENTIAL" documents produced in discovery. Vale has challenged that designation as to certain documents (described in the Confidentiality Motion as the "Confidential Documents"). In accordance with the Protective Order, on May 15, 2020, the Joint Administrators filed a *Motion for an Order (I) Affirming Confidentiality Designations and (II) Modifying the Court's Confidentiality Stipulation* [Docket No. 94] (the "Confidentiality Motion"). Following Vale's objection, the Joint Administrators filed the Reply in support of the Confidentiality Motion.

7. Two of the exhibits attached to the Reply – Exhibits B and C (together the "Confidential Exhibits") – are documents produced by the Joint Administrators to Vale in discovery which the Joint Administrators have designated as "CONFIDENTIAL" pursuant to the Protective Order.[1] Because these document are designated "CONFIDENTIAL"), they must be filed under seal in accordance with the Protective Order. *See* Protective Order ¶ 20.

**Relief Requested**

8. By this Motion to Seal, the Joint Administrators seeks entry of the Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Confidential Exhibits under seal with the Clerk of this Court by submitting an electronic copy of the unredacted Confidential Exhibits by email to the Clerk's Office in PDF file format in accordance with the United States Bankruptcy Court for the Southern District of New York's *Interim Under Seal Filing Procedures Created by COVID-19*. The Confidential Exhibits may not be unsealed until and unless permitted by further order of

---

[1] The Confidential Exhibits are not the subject of Vale's confidentiality designation challenge.

the Court, or as otherwise specified by the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge.

## Basis for Relief

9. The Confidential Exhibits include [brief description] which are referenced in the Reply and support the relief requested in the Confidentiality Motion. Each of the Confidential Exhibits has been designated by the Joint Administrators under the Protective Order as "CONFIDENTIAL." In order to consider the relief requested in the Confidentiality Motion and the arguments set forth in the Reply, the Court will require an opportunity to review these supporting documents. Unless or until the Court rules that the Confidential Exhibits should not be considered or treated as "CONFIDENTIAL," the Protective Order requires that the Joint Administrators file the Appendix under seal.

10. Filing the Confidential Exhibits under seal will not prejudice Vale, the only party to have lodged an objection to the Confidentiality Motion. Vale is already in possession of copies of the Confidential Exhibits, subject to the terms of the Protective Order. Indeed, Vale has acknowledged that, at least until the Court rules on the Confidentiality Motion, the Protective Order requires that the documents designated as "CONFIDENTIAL" must be sealed if submitted to the Court. *See Motion of Vale S.A. for Leave to File Under Seal Certain Exhibits to the Letter of Jeffrey A. Rosenthal* [Docket No. 91] at 3.

WHEREFORE, the Joint Administrators respectfully request that the Court authorize the Joint Administrators to file the Confidential Exhibits under seal, together with such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 29, 2020<br>New York, NY | DUANE MORRIS LLP<br><br>*/s/ Frederick D. Hyman*<br>Frederick D. Hyman (NY 2553832)<br>1540 Broadway<br>New York, New York 10036<br>Telephone: (212) 692-1000<br>RHyman@duanemorris.com<br><br>-and-<br><br>Jarret P. Hitchings (DE 5564)<br>222 Delaware Avenue, Ste. 1600<br>Wilmington, Delaware 19801<br>Telephone: (302) 657-4952<br>JPHitchings@duanemorris.com<br><br>*Attorneys for William Callewaert and Malcolm Cohen in their capacity as Joint Administrators and Foreign Representatives for the Debtor BSG Resources Limited (in administration* |

5

DM3\6822985.2