Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 19-11845-shl

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   BSG RESOURCES LIMITED (in administration) and WILLIAM

8   CALLEWAERT and MALCOM COHEN, as JOINT ADMINISTRATORS,

9

10           Debtors.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13                  United States Bankruptcy Court

14                  One Bowling Green

15                  New York, NY   10004

16

17                  May 26, 2020

18                  10:42 AM

19

20

21   B E F O R E :

22   HON SEAN LANE

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   UNKNOWN

1  HEARING re (Status Conference) Doc. #94 Motion for

2  Protective Order / motion of the Joint Administrators for an

3  Order (I) Affirming Confidentiality Designation and (II)

4  Modifying the Court's Confidentiality Stipulation

5

6  HEARING re (Status Conference) Doc. #95 Motion to File Under

7  Seal / Motion of the Joint Administrators for Leave to File

8  Under Seal their Appendix of Confidential Documents

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Sonya Ledanski Hyde

Page 3

```
 1    A P P E A R A N C E S :

 2

 3    BDO LIMITED

 4         Joint Administrator

 5         55 Baker Street

 6         London, INTL, GY 13L

 7

 8    BY:  WILLIAM CALLEWAERT (TELEPHONICALLY)

 9

10    CLEARY GOTTLIEB STEEN & HAMILTON LLP

11         Attorneys for Vale S.A.

12         One Liberty Plaza

13         New York, NY 10006

14

15    BY:  SAMUEL LEVANDER (TELEPHONICALLY)

16         JEFFREY A. ROSENTHAL (TELEPHONICALLY)

17         ANDRES SAENZ (TELEPHONICALLY)

18

19    DUANE MORRIS LLP

20         Attorneys for the Joint Administrators

21         1540 Broadway

22         New York, NY 10036

23

24    BY:  MICHAEL LASTOWSKI (TELEPHONICALLY)

25         JARRET HITCHINGS (TELEPHONICALLY)
```

1              P R O C E E D I N G S

2          THE COURT:  All right.  The next matter that's on

3    is BSG Resources, which is the Chapter 15 case, so let me

4    find out who's on the telephone for the joint

5    administrators.

6          MR. HITCHINGS:  Good morning, Your Honor.  This is

7    Jarret Hitchings at Duane Morris on behalf of the joint

8    administrators.  I believe my colleague, Rick Hyman, from

9    Duane Morris is on as well as William Callewaert who is one

10   of the joint administrators.  We're also joined, I think, on

11   monitor and listen-only lines by some of their staff of the

12   joint administrators as well.

13         THE COURT:  All right.  thank you very much.  All

14   right, and who's on the telephone for Vale?

15         MR. ROSENTHAL:  Good morning, Your Honor.  It's

16   Jeff Rosenthal from Clearly Gottlieb.  I hope you had a good

17   holiday weekend.  And I am joined by my colleague, Sam

18   Levander.

19         THE COURT:  All right.  All right, is there

20   anybody else who has not yet made an appearance in this case

21   for this morning who wishes to make one at this time?  All

22   right.

23         So, this was scheduled at my request, just to --

24   it was specifically scheduled to address a very narrow issue

25   which was my chambers had gotten a request about what to do

 1   with, I think it was some 4,000-odd pages of documents that

 2   are requested to be filed under seal and I think these are

 3   the documents that are on the schedule and identified, I

 4   think, in the motion at saying, we'll make the Court, you

 5   know, want to have these available for review, and so that's

 6   the reason I scheduled this conference, to just address that

 7   inquiry as to what to do with the documents and I just

 8   thought that -- I appreciate when we get requests at

 9   chambers when people aren't clear as to what -- how to

10   proceed, and we try to answer them as best we can.

11          There are times when answering those questions,

12   though, begins to look like a substantive conversation and

13   obviously we try to avoid having any of those with just one

14   party and not the other, and so that's why sometimes the

15   quickest and most appropriate way to deal with these things

16   is just to have a conference call like this.

17          So this is actually something that's, pandemic or

18   not, we would proceed exactly the same way, which is just to

19   have a quick call, so I appreciate you making time today out

20   of your schedules to address this.  So here's my response,

21   and I'm happy to hear -- my response and my concerns and I'm

22   happy to hear from the joint administrators then, second.  I

23   don't want 4,000 pages of documents.  I appreciate the

24   concept of making them available for me, but when I look at

25   the motion, which I did before scheduling this call, and I

Page 6

1    looked at the notion of 4,000 documents, I am very wary and

2    I'm not going to -- this is not the way to deal with a --

3    what could be an ongoing and extensive fight over documents

4    where, essentially, I'm going to look at 4,000 pages of

5    documents.

6           It's just not something that a court has the

7    bandwidth to do.  I'm happy to look at specific documents

8    and say, well, we're going to talk about -- for example, in

9    this case, the motion says, well, we have a whole bunch of

10   documents where -- they're Dutch legal documents, and

11   therefore they're protected.  There's a whole bunch of

12   those.  There's also some documents that say they're LCIA

13   documents and therefore they're confidential because of the

14   LCIA Tribunal rules.

15          And then, there's a bunch of others that talk

16   about specific non-public documents and while they're

17   dealing with different companies, they all have sort of the

18   same approach in terms of what the joint administrators are

19   saying.  But again, I appreciate the idea of having them

20   available if I need them, but it's just not the way Courts

21   handle these sort of things, we -- because this, as I

22   understand, is the first wave of these kinds of motions or

23   issues that I may see and it's just not -- the motion itself

24   is fairly brief and there is an extensive discussion of the

25   specific categories which are the basis of the holding, but

1    I'm not doing 4,000 -- I'm not doing that.

2            That's not how these things work and I can tell

3    you that in a prior life, I remember having a FOIA case --

4    Freedom of Information Act case involving millions of

5    documents and multiple agencies and various degrees of

6    classifications.  Some were codeword classified.  Some

7    things were confidential State Department documents.  There

8    were all sorts of issues and the district judge had no

9    intention of ever saying, well, every document that's being

10   challenged for withholding or not withholding, I'm going to

11   look at because it would've been impossible and it's, in

12   fact, not the way those kinds of cases are handled either.

13           They're handled on a well, let's talk about

14   various issues.  We can tee up specific documents and make

15   rulings on various areas of the law and apply them.  So this

16   is a very longwinded way -- and I apologize for that -- to

17   say, I don't want 4,000 pages of documents.

18           I'm happy if you identify a couple of select

19   documents that you thing are representative of the sample

20   and give me those, but again, I think we may be going down a

21   path where this is not -- this is the first but not the last

22   of these kinds of motions and so -- but even if it's a one-

23   off and this is the only kind of motion like this that we

24   address, I don't want to take into custody all of these

25   documents because it implies that I'm going to be looking at

Page 8

1    all these documents to make a decision on it.  I'm going to

2    be relying on the briefing back and forth, and if necessary,

3    I'll look at the documents but I will look at a select

4    sample of those documents.

5              So that's my take, and so with that, does that

6    answer the joint administrator's question?

7              Mr. HITCHINGS:  Your Honor, Jarret Hitchings from

8    Duane Morris.  It does and -- to directly answer your

9    question.  We do want to thank Your Honor and your Court

10   staff.  They were incredibly helpful.  We did want to just

11   make sure that these documents were available to Your Honor

12   to the extent that we wanted to be able to review them in

13   connection with the motion and that was -- the purpose of

14   our inquiry, you have answered that today.

15             We will be pleased to have the documents available

16   as you receive the briefing.  If, upon reading the briefing,

17   you would like either a particular document or a selection

18   of documents, we can certainly arrange to have those

19   provided to Your Honor.  Just so Your Honor knows, the

20   scheduling that we worked out with counsel for Vale, their

21   objection will be submitted today and the joint

22   administrators will provide a reply by the end of the week,

23   Friday, and then if it makes sense, we can speak quickly

24   today about a hearing date or we can contact your chambers

25   offline for that.

1          I note that only to say that to the extent that

2     Vale identifies a particular document in connection with its

3     objection, we'd certainly be pleased to have those documents

4     submitted to you, either as a joint submission or the joint

5     administrators could prepare that and provide it.

6          THE COURT:  Well, let me throw an idea out here.

7     Obviously, you all know the contours of this back and forth

8     much better than I do, and that's always a challenge for a

9     Court.  But one possible way to address this is to say that

10    the parties agree upon a sample and say -- so for example,

11    it may be driven by what Vale considers most important.

12         It may be partially driven by what the joint

13    administrators say is a particular document that best

14    illustrates their concerns, but again, since you've seen all

15    the documents and looked at -- have looked at them, you have

16    a better sense of what would be an appropriate

17    representative sample, and so Vale, no doubt, has stressed

18    in its papers and probably has chosen a couple of documents

19    to discuss in particular because that sort of tends to be

20    how these motions play themselves out.

21         So I would be fine if the parties wanted to push

22    off by a day or two or however long you think is

23    appropriate, if it would be helpful to have that discussion

24    and identify the sample set that you think is appropriate

25    and so when we could reach a much more manageable set of

Page 10

1   documents to address in terms of pages and then just provide

2   those if I need anything else beyond that, but again, the

3   idea of 4,000 is just not -- it's just not going to work, so

4   let me ask, first, the joint administrators then I'll hear

5   from Vale, if that approach would have any merit to you.

6            MR. HITCHINGS:  Again, Your Honor, Jarret

7   Hitchings, joint administrators.  I think that that makes

8   sense and the joint administrators can certainly prepare a

9   sampling of the documents, especially based on the

10   categories that are listed in the motion that Your Honor

11   pointed out, so we're happy to submit that.

12            What I would suggest is that as Vale submits its

13   objection, again, I assume that they're going to identify

14   specific documents.  We can do the same in connection with

15   our reply and I would provide the Court and the parties with

16   a sample for the Court to review.

17            THE COURT:  All right.

18            MR. ROSENTHAL:  Your Honor --

19            THE COURT:  -- from Vale?

20            MR. ROSENTHAL:  Good morning again, Your Honor.

21   Jeff Rosenthal for Vale.  I think that the task before the

22   Court is actually, it's much easier insofar as I don't think

23   the Court ever needs to go through any of these 4,000 pages

24   of documents because, Your Honor, last Monday or maybe it

25   was two weeks ago now Monday, we really gave the parties the

Page 11

```
 1    exact road map that you wanted to undertake for handling

 2    this dispute which, as you said to the joint administrators,

 3    identify your categories, being every category that you

 4    think should be confidential and you invited them to offer

 5    us some samples of each category.

 6              They've done so in a couple of places and haven't

 7    done so in others, but their motion does set forth the seven

 8    categories of documents, whether it's in this sample or not,

 9    that they maintain merit confidentiality and as you'll see

10    from our filing later today, we've addressed each of those

11    seven categories and I think that those seven categories,

12    frankly, can be dispensed with on the law with regards to

13    whether those merit confidentiality without ever even having

14    to waive to the documents that they in most -- in come

15    cases, they've given you a sample so you'll have that one or

16    two samples.

17              In some cases, they haven't because it's a legal

18    issue.  For example, the category of documents that are

19    documents of third parties and the joint administrators have

20    no idea if they're confidential or not.  I mean, there's law

21    out there and I think Your Honor, in fact, admonished the

22    joint administrators of your views on whether they should be

23    litigating confidentiality of third parties that are not

24    their own documents.

25              There's law out there, for example, on the
```

1   question of whether confidentiality provisions in an

2   agreement justify confidentiality and filing under seal.  So

3   I don't even think that these samples themselves really

4   matter.  I think the Court, when it sees our papers, if it

5   feels otherwise, we can certainly supplement the record, but

6   I think that this is going to be a pretty easy motion for

7   the Court to resolve purely on the legal merits and the

8   facts that are undisputed that have been presented or will

9   be presented to the Court.

10          So obviously, we'll take guidance from the Court

11   after you've reviewed the papers, but I don't think that you

12   need to wade into any of these 4,000 pages.  Now, just to

13   give the Court a heads up, we are necessarily going to have

14   to file a motion to seal with our papers tonight because

15   there are a few documents that we are submitting, and in

16   fact, we're talking about some of the documents that the

17   joint administrators have referenced in their papers.

18          We're talking about them in our brief and while we

19   do not think that they're in any way, shape, or form

20   confidential, such as the arbitration award that they filed

21   with their first day papers, because they've stamped them

22   confidential, we have no choice but to submit a motion to

23   seal and request that the Court accept a redacted version of

24   our papers.  There won't be 4,000 pages, and we've obviously

25   tried to keep it as limited as possible.

Page 13

1          THE COURT:  All right, so here's -- I get all

2     that.  So here's what I would say is -- let me ask, Mr.

3     Hitchings, of the 4,000 pages, how many documents does that

4     constitute?  I know there are different document references

5     in the motion itself.  There's some that talk about 327

6     documents, and I think that that may -- the 4,000 may be --

7     constitute that number.  Am I right about that or is there a

8     different number associated with the 4,000 pages?

9          MR. HITCHINGS:  No, unfortunately, the 4,000 pages

10    concerns the 73 documents that are subject to the current

11    challenge, so there's a total of 73 documents.  Those

12    documents total just over 4,000 pages.  Most of those 73

13    documents are not a significant number of pages.  There are

14    a few that are.  It's several hundred.  So it's not as if we

15    provide a sampling that each sample document is going to be

16    --

17         THE COURT:  Although, I suspect the ones that are

18    several hundred are probably a document with many

19    attachments, which means it's really many documents.

20         MR. HITCHINGS:  I think that that's probably fair.

21         THE COURT:  All right.

22         MR. ROSENTHAL:  Your Honor, if I could just jump

23    in here.  Jeff Rosenthal.  Just to point -- I think the

24    largest documents are going to be most easily dispensed

25    with, without the Court needing to review.  There are

Page 14

1   arbitration pleadings, for example.  They asked this Court

2   to decide that our own documents, that we wrote, should be

3   confidential.  I think the Court can decide that without

4   looking at the document itself.

5        The Dutch pleadings, I think half the documents

6   are Dutch pleadings but there's really only six documents.

7   They just produced them with multiple copies.  We're,

8   frankly, not even going to be contesting those six

9   documents.  So again, I think that most of what they're

10  looking to file, if not all, are pretty much mooted and

11  they'll see that once they see our opposition today.

12       THE COURT:  All right.  So here's what I'd like to

13  do, is why doesn't everybody finish their briefing and at

14  the end of their briefing, caucus and see what, in your

15  views, would be appropriate to submit to the Court where you

16  think based on the briefing it would be very helpful for the

17  Court to see and I'm happy to take probably a tenth of what

18  is contemplated in terms of pages.  Happy to take a couple

19  hundred pages worth of documents, and if we need more, we

20  need more, but just in the first instance.

21       So that's what I'd ask.  Again, it may be that you

22  look at it and you way, well, we really think that we're

23  talking about documents that don't have a million

24  attachments and these 10 documents are 225 pages and that's

25  what we think you should take; that would be fine.  You also

Page 15

1    might say, we really think there's one really large document

2    that just comes up over and over and over again, it's a

3    couple hundred pages, but we just think that that's the

4    sensible one, then we have a couple of other one-offs and it

5    turns out to be about 500 pages, and that's fine.

6           I will ask you to do that.  I'm not going to take,

7    sort of -- I want to significantly winnow down the number of

8    pages so that it's roughly a tenth of what is being proposed

9    to be submitted, again, because I want representative

10   samples of what the issues are and if we have -- you can

11   bring the documents to the hearing and if for some reason,

12   we need to have a discussion about other documents, that

13   would be fine.

14          So, but I don't think it would be too long a

15   conversation if you have it after you submit all your

16   papers.  Then, you'll really see what you end up spending

17   most of the time talking about and then again, you can just

18   shoot me a letter and say, this is what you've agreed to and

19   I'm really happy to accept that if it's some sort of

20   consistent with this notion of proportionality.  So that's

21   what I'd like you to do and so I'll wait to get a letter

22   after -- sometime after you submit your papers and remind

23   me, do we have a hearing date or were you waiting to get a

24   hearing date from chambers?

25          MR. HITCHINGS:  Your Honor, we do not yet have a

1   hearing date and thought that we would touch base with the

2   Court today.  We're certainly happy to discuss that now or

3   reach out to Ms. Ebanks offline.

4          THE COURT:  All right.  So here's what I would do

5   is, when you submit your letter that explains what documents

6   you would propose to submit, I would imagine that I would so

7   order that and then you could submit them consistent with

8   that under seal, and at that time, then, I can also give

9   you, just put in that same letter, a request for a hearing

10  date and then I'll have Ms. Ebanks reach out to you where we

11  can get a date that works for you all in terms of your

12  schedules.  All right?

13         MR. HITCHINGS:  Perfect.

14         THE COURT:  Thank --

15         MR. HITCHINGS:  Thank you, Your Honor.

16         THE COURT:  All right.  Anything else --

17         MR. ROSENTHAL:  Thank you, Your Honor.

18         THE COURT:  -- should address here this morning?

19  Any other questions, concerns?  All right.  thank you very

20  much.  I thought it would be more productive on the

21  telephone than back and forth.  I do remember being in

22  practice and these things can get a little bit awkward and

23  so -- and again, I never -- it's really unfair to leave

24  counsel without some sort of guidance on some of these

25  things for a prolonged period of time, so I appreciate your

Page 17

1    input and hope you're all well and I'll be seeing you all

2    soon.  Thank you so much.

3              MR. HITCHINGS:  Thanks, Your Honor.

4              MR. ROSENTHAL:  Thank you, Your Honor.

5              (Whereupon these proceedings were concluded at

6    11:02 AM)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 18

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 27, 2020

[& - concluded]                                                                     Page 1

| & |
| --- |
| **&**   3:10 |

| 1 |
| --- |
| **10**   14:24 |
| **10004**   1:15 |
| **10006**   3:13 |
| **10036**   3:22 |
| **10:42**   1:18 |
| **11501**   18:23 |
| **11:02**   17:6 |
| **13l**   3:6 |
| **15**   4:3 |
| **1540**   3:21 |
| **19-11845**   1:3 |

| 2 |
| --- |
| **2020**   1:17 18:25 |
| **225**   14:24 |
| **26**   1:17 |
| **27**   18:25 |

| 3 |
| --- |
| **300**   18:22 |
| **327**   13:5 |
| **330**   18:21 |

| 4 |
| --- |
| **4,000**   5:1,23 6:1,4 |
| 7:1,17 10:3,23 |
| 12:12,24 13:3,6,8 |
| 13:9,12 |

| 5 |
| --- |
| **500**   15:5 |
| **55**   3:5 |

| 7 |
| --- |
| **73**   13:10,11,12 |

| 9 |
| --- |
| **94**   2:1 |
| **95**   2:6 |

| a |
| --- |
| **able**   8:12 |

**accept**   12:23
15:19
**accurate**   18:4
**act**   7:4
**address**   4:24 5:6
5:20 7:24 9:9 10:1
16:18
**addressed**   11:10
**administration**
1:7
**administrator**   3:4
**administrators**
1:8 2:2,7 3:20 4:5
4:8,10,12 5:22
6:18 8:22 9:5,13
10:4,7,8 11:2,19
11:22 12:17
**administrator's**
8:6
**admonished**
11:21
**affirming**   2:3
**agencies**   7:5
**ago**   10:25
**agree**   9:10
**agreed**   15:18
**agreement**   12:2
**andres**   3:17
**answer**   5:10 8:6,8
**answered**   8:14
**answering**   5:11
**anybody**   4:20
**apologize**   7:16
**appearance**   4:20
**appendix**   2:8
**apply**   7:15
**appreciate**   5:8,19
5:23 6:19 16:25
**approach**   6:18
10:5
**appropriate**   5:15
9:16,23,24 14:15

**arbitration**   12:20
14:1
**areas**   7:15
**aren't**   5:9
**arrange**   8:18
**asked**   14:1
**associated**   13:8
**assume**   10:13
**attachments**
13:19 14:24
**attorneys**   3:11,20
**available**   5:5,24
6:20 8:11,15
**avoid**   5:13
**award**   12:20
**awkward**   16:22

| b |
| --- |
| **b**   1:21 |

**back**   8:2 9:7
16:21
**baker**   3:5
**bandwidth**   6:7
**bankruptcy**   1:1
1:13,23
**base**   16:1
**based**   10:9 14:16
**basis**   6:25
**bdo**   3:3
**begins**   5:12
**behalf**   4:7
**believe**   4:8
**best**   5:10 9:13
**better**   9:8,16
**beyond**   10:2
**bit**   16:22
**bowling**   1:14
**brief**   6:24 12:18
**briefing**   8:2,16,16
14:13,14,16
**bring**   15:11
**broadway**   3:21
**bsg**   1:7 4:3

**bunch**   6:9,11,15

| c |
| --- |
| **c**   3:1 4:1 18:1,1 |

**call**   5:16,19,25
**callewaert**   1:8 3:8
4:9
**case**   1:3 4:3,20 6:9
7:3,4
**cases**   7:12 11:15
11:17
**categories**   6:25
10:10 11:3,8,11
11:11
**category**   11:3,5
11:18
**caucus**   14:14
**certainly**   8:18 9:3
10:8 12:5 16:2
**certified**   18:3
**challenge**   9:8
13:11
**challenged**   7:10
**chambers**   4:25
5:9 8:24 15:24
**chapter**   4:3
**choice**   12:22
**chosen**   9:18
**classifications**   7:6
**classified**   7:6
**clear**   5:9
**clearly**   4:16
**cleary**   3:10
**codeword**   7:6
**cohen**   1:8
**colleague**   4:8,17
**come**   11:14
**comes**   15:2
**companies**   6:17
**concept**   5:24
**concerns**   5:21
9:14 13:10 16:19
**concluded**   17:5

conference 2:1,6
  5:6,16
confidential 2:8
  6:13 7:7 11:4,20
  12:20,22 14:3
confidentiality
  2:3,4 11:9,13,23
  12:1,2
connection 8:13
  9:2 10:14
considers 9:11
consistent 15:20
  16:7
constitute 13:4,7
contact 8:24
contemplated
  14:18
contesting 14:8
contours 9:7
conversation 5:12
  15:15
copies 14:7
counsel 8:20
  16:24
country 18:21
couple 7:18 9:18
  11:6 14:18 15:3,4
court 1:1,13 4:2
  4:13,19 5:4 6:6
  8:9 9:6,9 10:15,16
  10:17,19,22,23
  12:4,7,9,10,13,23
  13:1,17,21,25
  14:1,3,12,15,17
  16:2,4,14,16,18
court's 2:4
courts 6:20
current 13:10
custody 7:24

**d**

d 4:1
date 8:24 15:23
  15:24 16:1,10,11

18:25
day 9:22 12:21
deal 5:15 6:2
dealing 6:17
debtors 1:10
decide 14:2,3
decision 8:1
degrees 7:5
department 7:7
designation 2:3
different 6:17
  13:4,8
directly 8:8
discuss 9:19 16:2
discussion 6:24
  9:23 15:12
dispensed 11:12
  13:24
dispute 11:2
district 1:2 7:8
doc 2:1,6
document 7:9
  8:17 9:2,13 13:4
  13:15,18 14:4
  15:1
documents 2:8
  5:1,3,7,23 6:1,3,5
  6:7,10,10,12,13
  6:16 7:5,7,14,17
  7:19,25 8:1,3,4,11
  8:15,18 9:3,15,18
  10:1,9,14,24 11:8
  11:14,18,19,24
  12:15,16 13:3,6
  13:10,11,12,13,19
  13:24 14:2,5,6,9
  14:19,23,24 15:11
  15:12 16:5
doesn't 14:13
doing 7:1,1
don't 5:23 7:17,24
  10:22 12:3,11
  14:23 15:14

doubt 9:17
driven 9:11,12
duane 3:19 4:7,9
  8:8
dutch 6:10 14:5,6

**e**

e 1:21,21 3:1,1 4:1
  4:1 18:1
easier 10:22
easily 13:24
easy 12:6
ebanks 16:3,10
ecro 1:25
either 7:12 8:17
  9:4
especially 10:9
essentially 6:4
everybody 14:13
exact 11:1
exactly 5:18
example 6:8 9:10
  11:18,25 14:1
explains 16:5
extensive 6:3,24
extent 8:12 9:1

**f**

f 1:21 18:1
fact 7:12 11:21
  12:16
facts 12:8
fair 13:20
fairly 6:24
feels 12:5
fight 6:3
file 2:6,7 12:14
  14:10
filed 5:2 12:20
filing 11:10 12:2
find 4:4
fine 9:21 14:25
  15:5,13
finish 14:13

first 6:22 7:21
  10:4 12:21 14:20
foia 7:3
foregoing 18:3
form 12:19
forth 8:2 9:7 11:7
  16:21
frankly 11:12
  14:8
freedom 7:4
friday 8:23

**g**

g 4:1
give 7:20 12:13
  16:8
given 11:15
go 10:23
going 6:2,4,8 7:10
  7:20,25 8:1 10:3
  10:13 12:6,13
  13:15,24 14:8
  15:6
good 4:6,15,16
  10:20
gotten 4:25
gottlieb 3:10 4:16
green 1:14
guidance 12:10
  16:24
gy 3:6

**h**

half 14:5
hamilton 3:10
handle 6:21
handled 7:12,13
handling 11:1
happy 5:21,22 6:7
  7:18 10:11 14:17
  14:18 15:19 16:2
haven't 11:6,17
heads 12:13
hear 5:21,22 10:4

**hearing**  2:1,6 8:24
  15:11,23,24 16:1
  16:9
**helpful**  8:10 9:23
  14:16
**here's**  5:20 13:1,2
  14:12 16:4
**hitchings**  3:25 4:6
  4:7 8:7,7 10:6,7
  13:3,9,20 15:25
  16:13,15 17:3
**holding**  6:25
**holiday**  4:17
**hon**  1:22
**honor**  4:6,15 8:7,9
  8:11,19,19 10:6
  10:10,18,20,24
  11:21 13:22 15:25
  16:15,17 17:3,4
**hope**  4:16 17:1
**hundred**  13:14,18
  14:19 15:3
**hyde**  2:25 18:3,8
**hyman**  4:8

### i

**idea**  6:19 9:6 10:3
  11:20
**identified**  5:3
**identifies**  9:2
**identify**  7:18 9:24
  10:13 11:3
**ii**  2:3
**illustrates**  9:14
**imagine**  16:6
**implies**  7:25
**important**  9:11
**impossible**  7:11
**incredibly**  8:10
**information**  7:4
**input**  17:1
**inquiry**  5:7 8:14
**insofar**  10:22

**instance**  14:20
**intention**  7:9
**intl**  3:6
**invited**  11:4
**involving**  7:4
**issue**  4:24 11:18
**issues**  6:23 7:8,14
  15:10
**it's**  4:15 6:20,23
  7:11,22 10:3,22
  11:8,17 13:14,14
  13:19 15:2,8,19
  16:23
**i'd**  14:12,21 15:21
**i'll**  8:3 10:4 15:21
  16:10 17:1
**i'm**  5:21,21 6:2,4
  6:7 7:1,1,10,18,25
  8:1 14:17 15:6,19

### j

**jarret**  3:25 4:7 8:7
  10:6
**jeff**  4:16 10:21
  13:23
**jeffrey**  3:16
**joined**  4:10,17
**joint**  1:8 2:2,7 3:4
  3:20 4:4,7,10,12
  5:22 6:18 8:6,21
  9:4,4,12 10:4,7,8
  11:2,19,22 12:17
**judge**  1:23 7:8
**jump**  13:22
**justify**  12:2

### k

**keep**  12:25
**kind**  7:23
**kinds**  6:22 7:12
  7:22
**know**  5:5 9:7 13:4
**knows**  8:19

### l

**lane**  1:22
**large**  15:1
**largest**  13:24
**lastowski**  3:24
**law**  7:15 11:12,20
  11:25
**lcia**  6:12,14
**leave**  2:7 16:23
**ledanski**  2:25 18:3
  18:8
**legal**  6:10 11:17
  12:7 18:20
**letter**  15:18,21
  16:5,9
**let's**  7:13
**levander**  3:15
  4:18
**liberty**  3:12
**life**  7:3
**limited**  1:7 3:3
  12:25
**lines**  4:11
**listed**  10:10
**listen**  4:11
**litigating**  11:23
**little**  16:22
**llp**  3:10,19
**london**  3:6
**long**  9:22 15:14
**longwinded**  7:16
**look**  5:12,24 6:4,7
  7:11 8:3,3 14:22
**looked**  6:1 9:15
  9:15
**looking**  7:25 14:4
  14:10

### m

**maintain**  11:9
**making**  5:19,24
**malcom**  1:8
**manageable**  9:25

**map**  11:1
**matter**  1:5 4:2
  12:4
**mean**  11:20
**means**  13:19
**merit**  10:5 11:9,13
**merits**  12:7
**michael**  3:24
**million**  14:23
**millions**  7:4
**mineola**  18:23
**modifying**  2:4
**monday**  10:24,25
**monitor**  4:11
**mooted**  14:10
**morning**  4:6,15
  4:21 10:20 16:18
**morris**  3:19 4:7,9
  8:8
**motion**  2:1,2,6,7
  5:4,25 6:9,23 7:23
  8:13 10:10 11:7
  12:6,14,22 13:5
**motions**  6:22 7:22
  9:20
**multiple**  7:5 14:7

### n

**n**  3:1 4:1 18:1
**narrow**  4:24
**necessarily**  12:13
**necessary**  8:2
**need**  6:20 10:2
  12:12 14:19,20
  15:12
**needing**  13:25
**needs**  10:23
**never**  16:23
**new**  1:2,15 3:13
  3:22
**non**  6:16
**note**  9:1
**notion**  6:1 15:20

**number**  13:7,8,13
  15:7
**ny**  1:15 3:13,22
  18:23

**o**

**o**  1:21 4:1 18:1
**objection**  8:21 9:3
  10:13
**obviously**  5:13 9:7
  12:10,24
**odd**  5:1
**offer**  11:4
**offline**  8:25 16:3
**offs**  15:4
**old**  18:21
**once**  14:11
**ones**  13:17
**ongoing**  6:3
**opposition**  14:11
**order**  2:2,3 16:7

**p**

**p**  3:1,1 4:1
**pages**  5:1,23 6:4
  7:17 10:1,23
  12:12,24 13:3,8,9
  13:12,13 14:18,19
  14:24 15:3,5,8
**pandemic**  5:17
**papers**  9:18 12:4
  12:11,14,17,21,24
  15:16,22
**partially**  9:12
**particular**  8:17
  9:2,13,19
**parties**  9:10,21
  10:15,25 11:19,23
**party**  5:14
**path**  7:21
**people**  5:9
**perfect**  16:13
**period**  16:25
**places**  11:6

**play**  9:20
**plaza**  3:12
**pleadings**  14:1,5,6
**pleased**  8:15 9:3
**point**  13:23
**pointed**  10:11
**possible**  9:9 12:25
**practice**  16:22
**prepare**  9:5 10:8
**presented**  12:8,9
**pretty**  12:6 14:10
**prior**  7:3
**probably**  9:18
  13:18,20 14:17
**proceed**  5:10,18
**proceedings**  17:5
  18:4
**produced**  14:7
**productive**  16:20
**prolonged**  16:25
**proportionality**
  15:20
**propose**  16:6
**proposed**  15:8
**protected**  6:11
**protective**  2:2
**provide**  8:22 9:5
  10:1,15 13:15
**provided**  8:19
**provisions**  12:1
**public**  6:16
**purely**  12:7
**purpose**  8:13
**push**  9:21
**put**  16:9

**q**

**question**  8:6,9
  12:1
**questions**  5:11
  16:19
**quick**  5:19
**quickest**  5:15

**quickly**  8:23

**r**

**r**  1:21 3:1 4:1 18:1
**reach**  9:25 16:3
  16:10
**reading**  8:16
**really**  10:25 12:3
  13:19 14:6,22
  15:1,1,16,19
  16:23
**reason**  5:6 15:11
**receive**  8:16
**record**  12:5 18:4
**redacted**  12:23
**referenced**  12:17
**references**  13:4
**regards**  11:12
**relying**  8:2
**remember**  7:3
  16:21
**remind**  15:22
**reply**  8:22 10:15
**representative**
  7:19 9:17 15:9
**request**  4:23,25
  12:23 16:9
**requested**  5:2
**requests**  5:8
**resolve**  12:7
**resources**  1:7 4:3
**response**  5:20,21
**review**  5:5 8:12
  10:16 13:25
**reviewed**  12:11
**rick**  4:8
**right**  4:2,13,14,19
  4:19,22 10:17
  13:1,7,21 14:12
  16:4,12,16,19
**road**  11:1 18:21
**rosenthal**  3:16
  4:15,16 10:18,20
  10:21 13:22,23

16:17 17:4
**roughly**  15:8
**rules**  6:14
**rulings**  7:15

**s**

**s**  3:1 4:1
**s.a.**  3:11
**saenz**  3:17
**sam**  4:17
**sample**  7:19 8:4
  9:10,17,24 10:16
  11:8,15 13:15
**samples**  11:5,16
  12:3 15:10
**sampling**  10:9
  13:15
**samuel**  3:15
**saying**  5:4 6:19
  7:9
**says**  6:9
**schedule**  5:3
**scheduled**  4:23,24
  5:6
**schedules**  5:20
  16:12
**scheduling**  5:25
  8:20
**seal**  2:7,8 5:2 12:2
  12:14,23 16:8
**sean**  1:22
**second**  5:22
**see**  6:23 11:9
  14:11,11,14,17
  15:16
**seeing**  17:1
**seen**  9:14
**sees**  12:4
**select**  7:18 8:3
**selection**  8:17
**sense**  8:23 9:16
  10:8
**sensible**  15:4

**set** 9:24,25 11:7
**seven** 11:7,11,11
**shape** 12:19
**shl** 1:3
**shoot** 15:18
**significant** 13:13
**significantly** 15:7
**six** 14:6,8
**solutions** 18:20
**sonya** 2:25 18:3,8
**soon** 17:2
**sort** 6:17,21 9:19
  15:7,19 16:24
**sorts** 7:8
**southern** 1:2
**speak** 8:23
**specific** 6:7,16,25
  7:14 10:14
**specifically** 4:24
**spending** 15:16
**staff** 4:11 8:10
**stamped** 12:21
**state** 7:7
**states** 1:1,13
**status** 2:1,6
**steen** 3:10
**stipulation** 2:4
**street** 3:5
**stressed** 9:17
**subject** 13:10
**submission** 9:4
**submit** 10:11
  12:22 14:15 15:15
  15:22 16:5,6,7
**submits** 10:12
**submitted** 8:21
  9:4 15:9
**submitting** 12:15
**substantive** 5:12
**suggest** 10:12
**suite** 18:22
**supplement** 12:5

**sure** 8:11
**suspect** 13:17

**t**

**t** 18:1,1
**take** 7:24 8:5
  12:10 14:17,18,25
  15:6
**talk** 6:8,15 7:13
  13:5
**talking** 12:16,18
  14:23 15:17
**task** 10:21
**tee** 7:14
**telephone** 4:4,14
  16:21
**telephonically** 3:8
  3:15,16,17,24,25
**tell** 7:2
**tends** 9:19
**tenth** 14:17 15:8
**terms** 6:18 10:1
  14:18 16:11
**thank** 4:13 8:9
  16:14,15,17,19
  17:2,4
**thanks** 17:3
**that's** 4:2 5:5,14
  5:17 7:2,9 8:5 9:8
  13:20 14:21,24
  15:3,5,20
**there's** 6:11,12,15
  11:20,25 13:5,11
  14:6 15:1
**they'll** 14:11
**they're** 6:10,11,12
  6:13,16 7:13
  10:13 11:20 12:19
  14:9
**they've** 11:6,15
  12:21
**thing** 7:19
**things** 5:15 6:21
  7:2,7 16:22,25

**think** 4:10 5:1,2,4
  7:20 9:22,24 10:7
  10:21,22 11:4,11
  11:21 12:3,4,6,11
  12:19 13:6,20,23
  14:3,5,9,16,22,25
  15:1,3,14
**third** 11:19,23
**thought** 5:8 16:1
  16:20
**throw** 9:6
**time** 4:21 5:19
  15:17 16:8,25
**times** 5:11
**today** 5:19 8:14
  8:21,24 11:10
  14:11 16:2
**tonight** 12:14
**total** 13:11,12
**touch** 16:1
**transcribed** 2:25
**transcript** 18:4
**tribunal** 6:14
**tried** 12:25
**true** 18:4
**try** 5:10,13
**turns** 15:5
**two** 9:22 10:25
  11:16

**u**

**u.s.** 1:23
**understand** 6:22
**undertake** 11:1
**undisputed** 12:8
**unfair** 16:23
**unfortunately**
  13:9
**united** 1:1,13
**unknown** 1:25

**v**

**vale** 3:11 4:14
  8:20 9:2,11,17
  10:5,12,19,21

**various** 7:5,14,15
**veritext** 18:20
**version** 12:23
**views** 11:22 14:15

**w**

**wade** 12:12
**wait** 15:21
**waiting** 15:23
**waive** 11:14
**want** 5:5,23 7:17
  7:24 8:9,10 15:7,9
**wanted** 8:12 9:21
  11:1
**wary** 6:1
**wave** 6:22
**way** 5:15,18 6:2
  6:20 7:12,16 9:9
  12:19 14:22
**week** 8:22
**weekend** 4:17
**weeks** 10:25
**we'd** 9:3
**we'll** 5:4 12:10
**we're** 4:10 6:8
  10:11 12:16,18
  14:7,22 16:2
**we've** 11:10 12:24
**who's** 4:4,14
**william** 1:7 3:8
  4:9
**winnow** 15:7
**wishes** 4:21
**withholding** 7:10
  7:10
**won't** 12:24
**work** 7:2 10:3
**worked** 8:20
**works** 16:11
**worth** 14:19
**would've** 7:11
**wrote** 14:2

[x - you've]                                                                                          Page 6

| x |
|---|
| **x**   1:4,11 |

| y |
|---|
| **york**   1:2,15 3:13 3:22 |
| **you'll**   11:9,15 15:16 |
| **you're**   17:1 |
| **you've**   9:14 12:11 15:18 |