| | Duane Morris® | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | *FIRM and AFFILIATE OFFICES* | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | FREDERICK D. (RICK) HYMAN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1063 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 208 4521 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* RHyman@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

August 5, 2020

<u>Via CM/ECF and E-mail</u>

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom: 701
New York, NY 10004-1408

      Re:    **BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Judge Lane:

      We write on behalf of William Callewaert and Malcolm Cohen, in their capacity as Joint Administrators and Foreign Representatives (together, the "<u>Joint Administrators</u>") for the debtor BSG Resources Limited (in administration) ("<u>BSGR</u>").

      The purpose of this letter is (i) to address the gross mischaracterization of events set forth in the August 5, 2020 letter submitted to Your Honor by counsel for Vale, S.A. ("<u>Vale</u>"), *see* Docket No. 107 (the "<u>August 5 Letter</u>"), and (ii) strenuously to object to this Court's consideration at the August 6, 2020 hearing (the "<u>August 6 Hearing</u>") of certain new disputes which appear to have been manufactured by Vale for tactical purpose and which are not presently or properly before this Court.

**The Confidentiality Motion and the August 6 Hearing**

      The Joint Administrators had previously filed a *Motion for an Order (I) Affirming Confidentiality Designations and (II) Modifying the Court's Confidentiality Stipulation* [Docket No. 94] (the "<u>Confidentiality Motion</u>").

DUANE MORRIS LLP

222 DELAWARE AVENUE, SUITE 1600    WILMINGTON, DE 19801-1659    PHONE: +1 302 657 4900    FAX: +1 302 657 4901

LIT-23957991-1

The Honorable Sean H. Lane 
August 5, 2020
Page 2

The Confidentiality Motion seeks very narrow and specific relief: an order (i) affirming the designation of 73 specific documents as "Confidential Documents" and (ii) modifying the "Designation Challenge Process" which was established by the Court's prior Protective Order in order to allow for the efficient resolution of what Vale intends to be a deluge of designation challenges. Following briefing, this Court set the August 6 Hearing to consider the Confidentiality Motion.

In light of certain events described further below, on August 4, 2020, following lengthy negotiations, the parties agreed to adjourn the August 6 Hearing. However, the following day (that is, this morning), Vale unjustifiably requested that the Court should proceed with the August 6 Hearing so that the Court might consider a host of new disputes not raised in the Confidentiality Motion and wholly beyond the purview of this Court.

Vale has previously and unequivocally agreed to the adjournment of the August 6 Hearing on the Confidentiality Motion. The Joint Administrators therefore object to these matters proceeding tomorrow at all. It is disappointing - albeit unsurprising - that Vale has, with little notice, reneged on this agreement for no justifiable reason.

To the extent that Your Honor intends to hear from the parties, the August 6 Hearing should proceed as a status conference only. In no event should Vale be permitted to raise new issues (*i.e.*, issues beyond the narrow issues raised in the Confidentiality Motion) for determination by this Court tomorrow.

**Developments in the Guernsey Administration**

While the Confidentiality Motion was pending before this Court, significant events have occurred in the foreign main proceeding before the Guernsey Court. Specifically, the Joint Administrators have sought to discharge their appointment as administrators for BSGR (the "Discharge Application"). The Discharge Application was brought because the Joint Administrators no longer felt they were able to achieve the purpose of the administration as ordered by the Guernsey Court because of a lack of funding. The lack of funding is not a standalone reason as Vale have stated in their August 5 Letter; the lack of funding prevents achievement of the administration purpose.

At the same time, and in consultation and coordination with the Joint Administrators, Vale has requested that BSGR be placed into liquidation and that partners from Alvarez & Marsal be appointed as liquidators (the "Liquidator Application" and together with the Discharge Application, the "Guernsey Applications"). Having made the Discharge Application, the Joint Administrators do not object to the Liquidator Application, albeit the Joint Administrators have made clear to the Guernsey Court that they were not in a position to consent to the Liquidator Application on behalf of BSGR. It should be noted that the partners in Alvarez & Marsal who are proposed to be appointed as liquidators have been chosen by Vale and we understand will be funded by Vale.

The Honorable Sean H. Lane
August 5, 2020
Page 3



      The parallel Guernsey Applications were presented to the Guernsey Court on July 28, 2020. Importantly, at Vale's express demand, BSGR's other creditors were not given notice of the Guernsey Applications. The Joint Administrators questioned this approach, but ultimately acceded to Vale's demand in order to advance the Guernsey Applications without further delay. Unfortunately, and unsurprisingly to the Joint Administrators, the Guernsey Court was concerned about the lack of notice to creditors, particularly including Nysco Management Corp. ("Nysco") and Standard Chartered Bank, and ordered the Guernsey Applications adjourned until at least August 11, 2020 in order that those persons be given notice of the Guernsey Applications.

      It should be noted that Nysco is also BSGR's shareholder and has a potential interest should the Soros litigation be successful.

      Had Vale not insisted that creditors not be given notice of the applications, the Joint Administrators consider that the Guernsey Applications would have stood a very much better prospect of being granted, in which circumstances the Guernsey Court would have appointed liquidators to replace the Joint Administrators.

      Vale's suggestion to this Court in the August 5 Letter that the Joint Administrators' application was denied as deficient or for lack of evidence is wrong: the Guernsey Court's principal concern in adjourning the Guernsey Applications was the lack of notice to Nysco and Standard Chartered Bank – a course of action taken at the insistence of Vale.

      Faced with a problem of their own making, Vale ceased to coordinate with the Joint Administrators and threatened to file a hostile submission against the Joint Administrators in the Guernsey Court, notwithstanding that the Joint Administrators have continued to take steps towards a successful Discharge Application which would cause their role to cease in any event. This threatened submission relies on a letter previously sent by Vale's lawyers to the Joint Administrators outlining certain alleged improper conduct by the Joint Administrators during the course of the Administration (the "June 26 Letter").

      The original agreement struck between Vale and the Joint Administrators was that the August 6 Hearing should be adjourned until a time after the Joint Administrators were no longer in office and Vale's nominated liquidators, Alvarez & Marsal, would be in office. The sense in such an adjournment will doubtless not be lost on this Court in circumstances where (i) it is Vale who are hostile to and oppose, *inter alia*, the Confidentiality Motion and (ii) the liquidators appointed, Alvarez & Marsal, would be Vale's chosen liquidators and funded by them.

      In return for adjourning the August 6 Hearing, the Joint Administrators agreed in principle that the June 26 Letter and its exhibits could be released from confidentiality before this Court and adduced in the Liquidator Application under seal in Guernsey.

      The Joint Administrators wished to be able to review all such documents to ensure that there was no restriction on such use. This latter step was an entirely reasonable one for the Joint Administrators to take. It would have been entirely inappropriate for the Joint Administrators to

The Honorable Sean H. Lane
August 5, 2020
Page 4



give Vale a blanket consent to use such documents without even investigating whether this could, for example, expose the Joint Administrators or the company to liability for the breach or waiver of confidentiality pertaining to such documents. The Joint Administrators commenced the review of these documents over the course of last weekend and explained to Vale on Monday of this week which documents it was not appropriate for them to release and why.

Having so investigated the position, it is clear that the voluminous exhibits to the June 26 Letter include many documents obtained through discovery in this Chapter 15 Case and are therefore properly designated as "Confidential" documents. The June 26 Letter also includes information which is confidential to the Joint Administrators (such as their working papers) and/or subject to strict non-disclosure agreements.

Notably, however, (i) none of the confidential material relating to the June 26 Letter is at issue in the Confidentiality Motion (*i.e.*, the June 26 Letter does not refer to any of the 73 documents presented to the Court for determination in the Confidentiality Motion) and (ii) it is not clear to the Joint Administrators why either the June 26 Letter or its exhibits are needed in order for Vale to make good its Liquidator Application before the Guernsey Court. As to the latter, Vale merely needs to demonstrate that BSGR is insolvent. Vale have been requested to explain why the June 26 Letter or its exhibits are needed for the Liquidator Application. They have not done so.

It should also be said that the Joint Administrators dispute each of the erroneous allegations included in the June 26 Letter. The June 26 Letter, at 35 pages, is more of a tome than a "letter." It is overbearing, overwrought and replete with false contentions. Time and space do not permit the Joint Administrators to respond to these allegations in this letter, except to state that each is vigorously disputed and all rights in connection therewith are reserved.

Notwithstanding its agreement to adduce documents under seal in the Liquidator Application, Vale now suddenly claims that it is unable to submit materials to the Guernsey Court effectively under seal. According to Vale, its Guernsey counsel was "*mistaken*" as to Vale's ability to make such an application. As a point of Guernsey law, and without waiving privilege, the Joint Administrators are informed that this is simply incorrect. There is therefore no reason for Vale to renege on its agreement to adjourn the August 6 Hearing.

Presumably, Vale intends to ask this Court to determine at the August 6 Hearing whether the various exhibits attached to the June 26 Letter are properly designated "confidential". Vale may also ask the same of this Court in respect of the June 26 Letter itself. To date, Vale has not moved for such relief. Indeed, as concerns these materials, Vale has not even complied with the Protective Order's confidentiality designation dispute procedures. The only issues before the Court tomorrow are those issues raised in the Confidentiality Motion. Other issues should be resolved under separate motions and should not be decided until after the applications pending before the Guernsey Court are resolved.

The Honorable Sean H. Lane
August 5, 2020
Page 5



      The above also leads the Joint Administrators to draw a worrying inference that the true motivation behind (to put it at its lowest) the unusual and inconsistent conduct by Vale in relation to the June 26 Letter and its exhibits may be to put in place a carefully-constructed scheme to ensure that the latter documents are able to be deployed in proceedings outside the United States free from collateral use restrictions, when such restrictions would otherwise be expected to apply.

      For each of these reasons, the Joint Administrators respectfully request that the Court adjourn the August 6 Hearing until such time as a liquidator is appointed for BSGR. The Joint Administrators reserve the right to seek costs and sanctions against Vale for its egregious conduct in connection with the re-scheduling of the August 6 Hearing, which will result in the incurring of unnecessary fees and expenses. In the meantime, the Joint Administrators will be present at the August 6 Hearing tomorrow or as otherwise rescheduled.

      Respectfully,

      */s/ Frederick D. Hyman*
      Frederick D. (Rick) Hyman