# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

THOMAS J. MOLONEY
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARP
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM

MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO

HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
    RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
    RESIDENT COUNSEL

LOUISE M. PARENT
    OF COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

August 11, 2020

VIA ELECTRONIC MAIL AND ECF

The Honorable Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
shl.chambers@nysb.uscourts.gov

Re:   *In re BSG Resources Limited*, No. 19-11845 (SHL)

Dear Judge Lane:

On behalf of Vale S.A. ("Vale"), we write to provide the Court with an update on recent developments in the Guernsey administration proceedings since the last week's hearing on August 6, 2020 before Your Honor.

Following this Court's ruling last Thursday, Vale submitted to the Guernsey court its letter to the Joint Administrators (the "Letter") describing the shortcomings in the Joint Administrators' conduct of the administration and stating that Vale would petition the Guernsey court for the termination of the administration and appointment of liquidators for BSGR. As directed by this Court in light of the Joint Administrators' insistence that contents of the Letter are highly confidential and extremely sensitive, Vale requested that the Guernsey court consider the Letter *in camera* pending a sealing application by the Joint Administrators. In their response to the Guernsey court yesterday, the Joint Administrators informed that court that it would not seek confidential treatment over the Letter or any other supporting document that had been submitted by Vale.

The Joint Administrators' withdrawal of any claim of confidentiality concerning the Letter and all related documents, in combination with the fact that the Callewaert and Driver deposition transcripts have never been designated confidential by the Joint Administrators (with the time to do so under the Protective Order having long expired), should render moot the

Hon. Sean H. Lane, p. 2

September 3, 2020 hearing scheduled by the Court to adjudicate remaining issues of confidentiality. Other than the dollar amounts or percentages of their proposed settlement with Niron, which we discussed with the Court last Thursday, we cannot conceive of any documents over which the Joint Administrators could continue to claim confidentiality given the extremely broad nature and substance of those that they have now allowed to be publicly released. Before Vale and the Court spend further time and resources preparing for the September 3 hearing, we ask that the Joint Administrators be ordered to provide the Court with a list of all remaining documents, if any, over which they still claim confidentiality together with an explanation of the basis on which confidentiality is claimed.

The parties appeared this morning before the Guernsey court with regard to the application to discharge the administration. The Joint Administrators maintained their position that the purpose of the administration cannot be achieved because of a lack of funding, and that the purpose of the administration could be achieved if they had access to regular and committed funding. The Joint Administrators have also stated that they do not agree with Vale's position that there is no prospect of the generating sufficient realizations to enable BSGR to repay its creditors in full. It is therefore the Joint Administrators' continued belief that the Soros litigation and ICSID claim are of sufficient value to restore BSGR to solvency notwithstanding Vale's $2.2 billion judgment. Shortly before the hearing, BSGR's parent Nysco informed the Guernsey court of its intent to oppose the application, and the court adjourned the matter until a hearing on August 25. Guernsey procedure, of course, does not obligate the Joint Administrators to continue in their role; the court in fact noted this morning that they are free to resign.

Inasmuch as it is now uncertain that the administration will be discharged in the face of Nysco's opposition and the Joint Administrators' refusal to accept that there is any impediment to solvency that will not be solved by access to funding (to our strong disagreement), it is appropriate for the parties to proceed apace toward a resolution of the Chapter 15 petition. There are two remaining depositions, Joint Administrator Malcolm Cohen and BSGR director Dag Cramer; last week, Vale requested that the Joint Administrators provide preferred dates in late August or early September. We have not received a response and have thus repeated our request and expressed a willingness to proceed on notice if they do not wish to provide preferred dates. Scheduling these depositions now for dates promptly after the August 25 Guernsey hearing will allow this proceeding to move toward a swift conclusion if the administration is not discharged at that time, while affording the parties an opportunity to adjourn them and re-assess their need if the administration is discharged on August 25.

In the same vein, even after we advised the Court of this issue last Thursday, the Joint Administrators have still not complied with Judge Gropper's order of July 13 rejecting the Joint Administrators' claim of privilege over certain documents they withheld or redacted, in that they have not produced the documents on an unredacted basis. We respectfully request that the Court immediately order their production, as well as the production of all other documents withheld or redacted on the same faulty claim of privilege that Judge Gropper rejected.

We appreciate that the Joint Administrators may not wish to perform additional work absent funding. But by the Joint Administrators' own admission, that has been the situation since October 2019, and the Joint Administrators have actively engaged in litigation against Vale in multiple courts since that time. If they are now unwilling to comply with their

Hon. Sean H. Lane, p. 3

legal obligations in this proceeding which they initiated, they have available the remedy of resignation or the withdrawal of their petition.  But if they choose not to elect either remedy and the administration is not discharged at the hearing on August 25 (after having been twice delayed already), the Joint Administrators have no basis to refuse to continue to comply with their obligations.

        Should the Court so desire, we are available for a conference call at your convenience.  Thank you for Your Honor's consideration.

        Respectfully submitted,

        Jeffrey A. Rosenthal

cc:   Frederick Hyman, Esq.