| | Duane Morris® | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | FIRM and AFFILIATE OFFICES | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | FREDERICK D. (RICK) HYMAN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1063 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 208 4521 | LAS VEGAS |
| LOS ANGELES | E-MAIL: RHyman@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | A GCC REPRESENTATIVE OFFICE |
| HANOI | | OF DUANE MORRIS |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

August 17, 2020

*Via CM/ECF and E-mail*

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom: 701
New York, NY 10004-1408

   Re: **BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Judge Lane:

  We write in response to the letter to Your Honor dated August 11, 2020 [Docket No. 111] (the "August 11 Letter") submitted by counsel to Vale S.A. ("Vale").[1] Vale correctly notes that Vale submitted its letter concerning the conduct of the administration (defined in the August 11 Letter as the "Letter") to the court in Guernsey under seal and that the Joint Administrators did not seek confidential treatment of the Letter and its attachments.

  Following Your Honor's ruling the Joint Administrators were advised by Guernsey counsel that absent a declaration by this Court that such documents were properly designated as "confidential" under the Confidentiality Stipulation, there was no basis on which the Guernsey court could maintain such documents under seal. The Joint Administrators did not therefore seek confidential treatment of the Letter and its attachments.

---

[1] Capitalized terms used but not defined herein have the meanings given such terms in our letter to Your Honor dated August 5, 2020 [Docket No. 109] (the "August 5 Letter").

DuaneMorris

August 17, 2020
Page 2

Contrary to the suggestion by Vale, that does not render moot all other issues relating to confidentiality before this Court, let alone those scheduled before Your Honor for September 3, 2020 (the "September 3 Hearing") to consider the *Motion of the Joint Administrators for an Order (I) Affirming Confidentiality Designations and (II) Modifying the Court's Confidentiality Stipulation* [Docket No. 94].

The Joint Administrators remain hopeful that that September 3 Hearing will be unnecessary. The Guernsey Applications were adjourned at last week's hearing in Guernsey to August 25, 2020 (the "August 25 Hearing"), the next available date in Guernsey for hearing matters of this nature. The Guernsey Applications were adjourned to allow Nysco Management Corp. ("Nysco") -- which is in breach of its obligations to fund the costs and expenses of BSGR's administration -- to raise any objections to the Guernsey Applications.

Nysco is also BSGR's shareholder and, we understand, believes that BSGR could ultimately be significantly solvent.

A further hearing in Guernsey took place on Friday, August 14, 2020 for the purpose of making directions in respect of the Guernsey Applications. At that hearing the Guernsey court considered:

(i) evidence put in at short notice by Nysco as to its ability to fund the administration going forward;

(ii) the Joint Administrators' proposal that Nysco provide limited funding to cover the necessary costs of the administration up to the August 25 Hearing; and

(iii) Nysco's request that the determination should be deferred until September 15.

The Guernsey court ordered Nysco to provide funding of $290,000 to cover the costs up to and including the August 25 Hearing (which amount is to be paid by August 19, 2020) and further, to submit additional evidence and argument by the following day concerning its ability to fund the administration thereafter.

The next interlocutory hearing in the matter in Guernsey is scheduled to take place on August 21, 2020 at which the Joint Administrators expect that the judge will decide whether a determination on the Guernsey Applications is able to proceed at the August 25 Hearing, or whether instead the determination should be deferred until September 15, 2020 (as requested by Nysco).

Duane Morris

August 17, 2020
Page 3

      Aggregate fees and expenses in excess of $4 million are due and owing to the Joint Administrators and professionals retained by them, a substantial amount of which has been incurred dealing with Vale's expansive discovery request. Absent funding of these past fees and expenses, and commitments to fund ongoing fees and expenses to the satisfaction of the Guernsey court and the Joint Administrators (and their professionals), the Joint Administrators cannot fulfil the purpose of the administration and expect that, on that basis alone, the Discharge Application – and hence the Liquidator Application – will be granted at or shortly after the August 25 Hearing.

      The granting of the Guernsey Applications would result in the immediate discharge of the Joint Administrators and the appointment of the Liquidator. At that time, the Liquidator, assuming that it is appointed as a foreign representative, would succeed to the Joint Administrators with respect to any matters before this Court. The Joint Administrators expect that following its appointment, the Liquidator will be funded by Vale and will take reasonable steps to promptly address remaining issues before this Court, including addressing issues with respect to confidentiality designations. Given the pendency of the transfer in responsibilities, the Joint Administrators should therefore not be compelled at this time to address further issues in respect of the confidentiality designations and otherwise respond to discovery demands that will certainly be irrelevant. This includes the scheduling of depositions. Requiring the Joint Administrators to do so will serve no legitimate purpose and could prejudice the rights and positions of the Liquidator. With respect to the particular documents that are the subject of Judge Gropper's order concerning the Joint Administrators' assertion of attorney-client privilege, those documents have been produced to Vale.

      Finally, Vale states that the Joint Administrators could resign as joint administrators and go on to say that this was a suggestion of the Guernsey court. We understand from the Joint Administrators' Guernsey counsel that the Guernsey court did not suggest such an approach. The Guenrsey court, naturally, considered the full range of possibilities with counsel in the course of submissions. In its reasoned decision the Guernsey court made no reference at all to resignation being a viable option.

      We also note that after their August 11 Letter, Vale made the further suggestion not only that the Joint Administrators resign, but that Vale would also make an urgent application to the Guernsey court for their choice of replacement administrator of BSGR to be appointed. This is despite Vale having asserted that the present court-ordered purpose of the administration, that BSGR be maintained as a going concern, cannot be met.

      The Joint Administrators consider that adopting a new approach now, when the court in Guernsey is fully aware of the issues, would be confusing and would introduce a significant element of uncertainty. Neither of these are in BSGR's best interests or in the intrerersts of its stakeholders.



August 17, 2020
Page 4

     Not only would Vale's latest suggestion likely frustrate the furtherance of a successful transition at the August 25 Hearing, given recent proceedings – when Vale has requested that applications to the Guernsey court be made without notice to other creditors -- it is highly likely the Guernsey court would refuse to entertain Vale's proposed approach without Nysco and other creditors first being served notice of Vale's new application. That will likely only entail further delay and uncertainty.

     Instead, under the current circumstances, the Joint Administrators have determined that a seamless transition to a Liquidator via the existing Guernsey court process is in the best interests of BSGR and its creditors. This will also allow the Liquidator to deal expediently with the matters before this Court once in office and properly funded to do so by Vale.

     We appreciate the Court's consideration and we remain available at the call of the Court.

                              Respectfully submitted,

                              */s/ Frederick Hyman*
                              Frederick Hyman, Esq.

cc:  Jeffrey Rosenthal, Esq.