# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

THOMAS J. MOLONEY
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM

MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO

HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

August 27, 2020

VIA ELECTRONIC MAIL AND ECF

The Honorable Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
shl.chambers@nysb.uscourts.gov

Re:    *In re BSG Resources Limited*, No. 19-11845 (SHL)

Dear Judge Lane:

On behalf of Vale S.A. ("Vale"), we write to provide the Court with a further update on recent developments in anticipation of the September 3, 2020 hearing at 2:00 p.m. before Your Honor and highlight three issues that will need resolution.

As the Court is aware, after Vale wrote to the Joint Administrators on June 26, 2020 outlining the exhaustive reasons why BSGR's administration should be discharged and liquidators appointed, the Joint Administrators petitioned the Guernsey court in July for a discharge of the administration.

As has become apparent during the past six weeks, the Joint Administrators do not actually desire the discharge of the administration but have used their application and the threat of the appointment of liquidators to extract additional financing from BSGR's parent, Nysco. This was despite Joint Administrator Malcolm Cohen's evidence to the Guernsey court that there were matters that required urgent attention from the week of August 10, 2020 and that could not proceed without funding, and that "*realistically there is nothing that Nysco can now say that will alter the position that the purpose of the administration is no longer achievable.*"

The Guernsey court's consideration of the discharge request has been adjourned on multiple occasions, including this past Tuesday after the Joint Administrators and Nysco

Hon. Sean H. Lane, p. 2

sought (and were granted) an adjournment of the hearing apparently in order to negotiate the terms of further funding. The Joint Administrators' counsel then submitted to the Guernsey court that an arrangement was being discussed by which Nysco would pay $1 million to the Joint Administrators (less than 25% of the amounts unpaid by Nysco) and reach an agreement with the Joint Administrators on future funding. Notwithstanding multiple statements they made to Vale, the Guernsey court, Your Honor and Judge Broderick, it appears that the Joint Administrators' intention now may be to withdraw their petition to discharge the administration if Nysco pays the $1 million.

While the Guernsey hearing has been repeatedly adjourned and their petition may be withdrawn given that they do not actually desire that the administration be discharged, the Joint Administrators have made clear that they will not abide by any of their obligations in this Chapter 15 proceeding (as well as the enforcement proceeding before Judge Broderick) until Nysco provides additional funding. They have refused Vale's efforts to engage over the past month on the scheduling of the remaining depositions, they have refused to identify documents on which they continue to claim confidentiality (which must necessarily be few, if any, given their concession in Guernsey that Vale's June 26, 2020 letter and supporting documents are, in fact, *not* confidential), and they have refused to perform their obligations with regard to documents over which they previously asserted privilege. Essentially, for so long as the Joint Administrators are in negotiations with Nysco, the Joint Administrators are treating this proceeding as stayed over Vale's objection and without having sought leave of this Court.

The Joint Administrators have suggested in writing that if Vale does not accept their self-imposed stay, Vale should fund them. Respectfully, this is inappropriate. The Joint Administrators have sought relief from this Court under Chapter 15 and have continued to pursue that petition at considerable expense to Vale despite their fees for doing so having been unpaid since October 2019 (according to their statements to this Court and elsewhere). It is not Vale's responsibility to pay the Joint Administrators to pursue their Chapter 15 petition to which Vale objected from the outset, nor is it the Joint Administrators' right to declare a unilateral stay in the hope that it will increase their leverage to force Nysco to pay them.

The first issue on which we respectfully seek assistance from the Court relates to the completion of the remaining depositions so that this 14-month old matter can finally proceed to a recognition hearing. Because the Joint Administrators have declined to offer any dates on which they will produce their witnesses, on August 18, Vale served notices of deposition for BSGR director Dag Cramer for September 3 and Joint Administrator Malcolm Cohen for September 9.[1] The Joint Administrators refused to confirm their intent to comply with those notices. As we have no scheduled hearing before the Court prior to the date for Mr. Cramer's deposition and did not want to further burden the Court to schedule a separate hearing, we have re-noticed Mr. Cramer's deposition for September 16. We are commencing the substantial work necessary to prepare for these depositions and should the Joint Administrators refuse to comply with those notices, Vale intends to seek from the Court reimbursement of its fees by the Joint Administrators. At the September 3 hearing, we will ask the Court to compel the Joint Administrators' compliance; to the extent that the selected dates are not convenient, it would be

---

[1] As with the depositions of William Callewaert and Peter Driver, we expect these depositions to be multi-day given the time differences and technological challenges.

Hon. Sean H. Lane, p. 3

inappropriate for the Joint Administrators to wait until September to propose alternative dates after they have ignored our repeated requests for convenient dates (which we had offered to accept on a provisional basis in the event the administration is not discharged by then) and thus we will ask that the specific dates be ordered.

Second, with respect to confidentiality, the parties have fully briefed their positions regarding all of the categories of documents which the Joint Administrators claim are confidential, and we will be prepared to argue on September 3 that none of those categories are confidential and thus all of the Joint Administrators' documents should be immediately de-designated. We continue to believe that considerable time and expense can be spared, and judicial resources saved, by the Joint Administrators revisiting their confidentiality designations (which were made over virtually every document they produced) in light of their withdrawal of any claim of confidentiality over Vale's June 26 letter and related documents (and the fact that the deposition transcripts of Messrs. Callewaert and Driver were never designated by them as confidential) given that those non-confidential documents and transcripts cover nearly every subject. The Joint Administrators have refused to do so and thus we hope resolution can be achieved next Thursday. For the reasons set forth in our brief, as well as their continued recalcitrance here notwithstanding their recent concession in the Guernsey proceedings regarding confidentiality, Vale believes that compelling reasons exist to sanction the Joint Administrators for violating this Court's order by designating virtually their entire production as confidential and then refusing to revisit their production in the many months since this issue has arisen.

Finally, the Joint Administrators have refused to perform their still-outstanding discovery obligations with regard to Vale's challenges to the Joint Administrators' privilege designations. First, despite notifying Vale in their weekly discovery progress report on July 17[2] that they anticipated providing "detailed responses on or before July 28" to certain of Vale's challenges to the Joint Administrators' privilege and redaction logs,[3] the Joint Administrators have decided not to fulfill that commitment. Second, it was not until after Vale wrote to this Court on August 11, 2020 that the Joint Administrators finally produced last week documents that the Discovery Neutral had ordered be produced more than a month earlier. Indeed, the Joint Administrators have "opted out" of their duty to continue to work with Vale to resolve outstanding discovery issues, as ordered by the Discovery Neutral. While we recognize that a waiver of privilege is an extreme remedy, it is appropriate in circumstances where a party, as here, refuses to correct deficiencies in its privilege log. See BlackRock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Trust Co., 14-CV-09367 (JMF)(SN), 2018 WL 3584020, *4 (S.D.N.Y. Jul. 23, 2018) (finding that party waived its privilege with respect to documents on its privilege log where it had multiple opportunities to correct privilege log deficiencies and failed to do so, instead "wait[ing] until a document is challenged to review whether its privilege designation is correct."). To the extent the Court does not order waiver of privilege over all documents challenged by Vale, we respectfully request that the Court set a prompt deadline for

---

[2] We note that without seeking this Court's approval despite it being a court-ordered obligation, Discovery Order, ECF No. 69 (Oct. 21, 2019) ¶ 9, the Joint Administrators ceased delivery of Weekly Discovery Progress Reports after July 17.

[3] Letter from Frederick Hyman to Jeffrey Rosenthal and Lisa Schweitzer dated July 17, 2020.

Hon. Sean H. Lane, p. 4

the Joint Administrators to move this Court or the Discovery Neutral to uphold their challenged designations in light of the Discovery Neutral's report.

    We look forward to addressing these issues with Your Honor next Thursday.

    Respectfully submitted,

    Jeffrey A. Rosenthal

cc:    Frederick Hyman, Esq.