| | | |
|---|---|---|
| NEW YORK |  | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | FREDERICK D. (RICK) HYMAN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1063 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 208 4521 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* RHyman@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

September 3, 2020

<u>Via CM/ECF and E-mail</u>

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom: 701
New York, NY 10004-1408

   Re: **BSG Resources Limited (in administration); Case No.: 19-11845 (SHL)**

Dear Judge Lane:

  We write on behalf of the Joint Administrators in response to the latest letter to Your Honor dated September 2, 2020 [Docket No. 118] (the "<u>September 2 Letter</u>") submitted by counsel to Vale S.A. ("<u>Vale</u>"), Mr. Rosenthal of Cleary Gottlieb Steen & Hamilton LLP ("Cleary"). The Joint Administrators would prefer not to be forced to engage in further correspondence but have no option as it is imperative that Vale's continued attempts to present matters in a misleading way are corrected.

  As you are aware, the Joint Administrators are not funded at the present time, and the Joint Administrators and their advisers have significant outstanding fees and costs. Therefore, in order to minimize further costs incurred this response will be brief. In the September 2 Letter Vale includes their lengthy interpretation of matters arising in a foreign proceeding -- the Part 71 proceedings in England in which neither BSGR nor the Joint Administrators are involved. As a result, the Joint Administrators will not address the accuracy of any such discussion.

  The Joint Administrators will, however, address other representations in the September 2 Letter and provide Your Honor with the facts.

DuaneMorris

Hon. Sean H. Lane
September 3, 2020
Page 2

First, Vale appears to have again misunderstood or misrepresented what happened at the latest Guernsey hearing, held at 2:30 p.m. (BST) on September 2, 2020 notwithstanding that its US counsel was well represented at the hearing. I am advised that the reason that yesterday's hearing was again further adjourned was *not*, as stated by Vale, solely to allow the court to consider the funding position in the light of discussions between the Joint Administrators and Nysco. The adjournment was issued because (i) the Guernsey court wants to see expert evidence on English arbitration law which goes to the possibility of reopening the LCIA arbitration proceedings on the basis of new evidence which has come to light since the LCIA award was handed down, and (ii) the Guernsey court invited all parties to consider what funding could be offered to the Joint Administrators, including from Vale, Nysco, the Balda Foundation and Beny Steinmetz. The Court also indicated that it would be helpful if an update on the Soros claim could be provided. In making the above conditions of the adjournment, the Guernsey court provided strong judicial encouragement for all the parties to consider what sort of funding arrangements could be put forward to achieve the administration purpose, including combined funding from Vale and Nysco. To that end, Guernsey legal counsel for the Joint Administrators today issued an open letter to Vale and Nysco's counsel with a potential resolution for them to consider, a copy of which is attached hereto as **Exhibit A**.

Second, Vale makes a very serious allegation when it refers to "one significant apparent misstatement made by the Joint Administrators to Your Honor in their efforts to delay performance of their obligations". The Joint Administrators deny that any intentional misstatement has occurred. Indeed, the August 28 Letter stated that "the Joint Administrators and their professionals have not been funded since late 2019". In a joint letter submitted by the parties to Judge Broderick on August 21, 2020, the Joint Administrators explained that "[t]he outstanding costs and expenses exceed an aggregate $4 million and date as far back as December 2019". Rather than simply pointing out a clarification, if it felt the need to, Vale again attacked the credibility of the Joint Administrators. In fact, irregular and relatively nominal payments have been received by the Joint Administrators and counsel during 2020. These payments were applied to long past due invoices from 2019 and portions of which still remain significantly overdue. Indeed, the Joint Adminstrators and their profesionals have not been funded since late 2019 and to suggest otherwise is unwarranted and uncalled for.

The final point that the Joint Administrators feels needs to be clarified is regarding Mr Cramer's deposition and the suggestion that the Joint Adminsitrators have withheld notification that Mr. Cramer is unwilling to participate in the deposition process. This could not be further from the truth. The Joint Administrators only became aware of Mr. Cramer's unwillingness to participate in a letter received from Mr. Cramer's English counsel, Covington & Burling LLP, dated June 10, 2020. Until this time it was always the Joint Administrators' understanding that Mr. Cramer would be willing to be deposed. It is also of note that in a letter to Duane Morris LLP dated May 20, 2020 Vale's counsel stated that *"To avoid prejudice to Vale from the remaining gaps in the Joint Administrators' production, we would conduct the other two previously noticed depositions – of Joint Administrator Malcolm Cohen and BSGR director Dag Cramer – after the completion of document discovery and the resolution of our privilege/redaction disputes."*



Hon. Sean H. Lane
September 3, 2020
Page 3

Furthermore, Guernsey counsel to the Joint Administrators have confirmed that there is no right under Guernsey law, which applies to the relationship between BSGR and Mr. Cramer as a director of BSGR, for the Joint Administrators to compel his deposition.  The Joint Administrators' view is that Mr. Cramer's compliance or otherwise with any obligation to provide testimony is not a matter that they can control as a matter of law.

    As noted above, the Joint Administrators do not consider the various other matters raised by Vale as they are irrelevant to matters to be addressed at this afternoon's hearing.  It is clearly an attempt by Vale to divert attention from the matters that are scheduled to be heard.

    Very truly yours,

    */s/ Frederick D. Hyman*
    Frederick D. (Rick) Hyman