## EXHIBIT A



Advocate Mark Dunster
Carey Olsen

**D: +44 1481 752253**

**E: mathew.newman@ogier.com**

Ref:  MCN/SZD/156519.00009

Advocate Jon Barclay
Bedell Cristin

**By email only**                                   3 September 2020

Dear Advocate Dunster and Advocate Barclay

**BSG Resources Limited - in administration ("Company" or "BSGR"))**

I refer to the hearing before the Bailiff and Jurats yesterday.

At the conclusion of the hearing, the Bailiff expressly encouraged the parties to discuss the question of further funding of the administration and what further funding could be offered by each of your respective clients – including, for the purposes of this letter, those who stand behind Nysco.  We also heard the Bailiff express some views as to a "*combination of funding*" from your respective clients in order to deal with different aspects of the administration.

The purpose of this letter is to facilitate that discussion between your respective clients by making an open proposal which, in the light of the court's position yesterday, should be taken by both Vale and Nysco in the well-intentioned spirit of good faith that it is made.

The proposal is made on the basis that:

1       Vale does not consider (i) that the claim in the US against George Soros (**Soros Claim**) would be successful nor (ii) that the arbitration award in favour of Vale against BSGR can be challenged, whereas in each case Nysco does; but on the other hand

2       Vale considers that the Company has claims against the former directors and other direct and indirect stakeholders in the Company, whereas Nysco does not.

Who is right in this regard can only be determined by ongoing litigation which requires funding.  It is logical that Nysco and Vale would prefer to fund litigation advancing their own respective beliefs.

**Ogier (Guernsey) LLP**
Redwood House
St Julian's Avenue
St Peter Port
Guernsey GY1 1WA

T +44 1481 721672
F +44 1481 721575
**ogier.com**

**Partners**
Martyn Baudains
Paul Chanter
Craig Cordle
Simon Davies
Bryan de Verneuil-Smith
Gavin Ferguson
Christopher Jones
Marcus Leese
Mathew Newman
Bryon Rees

LITI-24034268-1

BSG Resources Limited - in administration ("Company" or "BSGR"))
3 September 2020

The outcome as to whose view is ultimately correct is likely to determine whether the currently-ordered statutory purpose of the administration can be achieved, or whether BSGR can otherwise be rendered solvent.  BSGR is, however, one legal entity not two.

In that context, our clients' heads of proposal are as follows:

1      The administration order remains in place, and our clients (**BDO Administrators**) remain in office, but with two of Messrs Bowles, Fleming and Firmin (**A&M Administrators**) also appointed and sworn into office as co-administrators (the BDO Administrators and A&M Administrators together, **Co-Administrators**);

2      The BDO Administrators will be funded by Nysco or associated entities/individuals (or alternatively by a third party litigation funder if one is found) to pursue the Soros Claim and any consequential claims and matters, and by Nysco (or alternatively by a third party litigation funder if one is found) to pursue the claim against and settlement discussions with the Republic of Guinea in the ICSID arbitration proceedings, each of which will be the sole responsibility and sole control of the BDO Administrators;

3      The BDO Administrators will be funded by Nysco, or alternatively by the assets of the Company to the extent available, to continue their oversight of the day to day operations of the Company's subsidiaries, but will act jointly in all matters in this regard with the A&M Administrators (who for the avoidance of doubt would be funded by Vale for this work);

4      The A&M Administrators will be funded by Vale to investigate, and bring if necessary, further claims that the Company may have against Nysco or associated entities/individuals, which will be their sole responsibility and under their sole control;

5      The BDO Administrators will be funded by Nysco to investigate and, if appropriate, to pursue any further challenge to the LCIA arbitration award obtained by Vale against the Company, to the extent possible under English law, which will be their sole responsibility and under their sole control;

6      Vale will immediately cease all opposition and legal challenges to the Company's/BDO Administrators' Chapter 15 proceedings in New York (together with the wide-ranging discovery request in the New York Bankruptcy Court) and allow the New York Bankruptcy Court, if it is minded to do so, to grant recognition of the Royal Court's administration order dated 6 March 2018 solely in order to protect the Soros Claim.  The protection of this asset for the benefit of the administration estate is in the interests of creditors as a whole and consistent with administration as a collective insolvency procedure.  The acceptance of the jurisdiction of the Royal Court in relation to the Company and the application of Guernsey law, including the administration moratorium, is also consistent with the involvement of all parties in the current proceedings before the Royal Court;

7      The A&M Administrators will be funded by Vale to deal with and, to the extent they deem it appropriate, to comply with the discovery requests made by Vale in the New York District Court, which will be their sole responsibility and under their sole control;

8      The A&M Administrators will be funded by Vale to investigate and realise any other assets of the Company including but not limited to the Company's book debts (whether actual or those purportedly written off) and historic transactions in respect of other shareholdings including in Roslindale and West African Power Limited, which will be their sole responsibility and under their sole control (to the extent outside the matters set out in paragraph 3 above);

9      The Co-Administrators will enter into a cooperation agreement which will provide, *inter alia*, for full mutual co-operation in the exercise of their respective functions, for the sharing of

**LITI-24034268-1**

BSG Resources Limited - in administration ("Company" or "BSGR"))

3 September 2020

Company information and documents between them (including documents, books and records of the Company that they come into possession of during the performance of their respective roles) subject to appropriate provisions on confidentiality and non-disclosure, and for the Co-Administrators to meet at no less than monthly intervals to discuss and update each other on the exercise of their respective functions, such actions to be funded by both Nysco and Vale equally; the cooperation agreement will also set out their respective responsibilities for matters not explicitly addressed in this letter, applying principles consistent with those outlined above.  To the extent needed, this co-operation agreement can be blessed by the Royal Court;

10    Should the Co-Administrators together consider that the purpose of the administration order has been achieved or is incapable of achievement, they will make a joint application to the Royal Court to discharge or vary the administration order as required by section 382 of the Companies (Guernsey) Law 2008 (**Companies Law**), but only with the agreement of all of the Co-Administrators.  If agreement cannot be reached, or indeed if there are any other points of dispute between the Co-Administrators, then the Co-Administrators should apply to the Royal Court for directions under section 379(3) of the Companies Law, such proceedings to be funded jointly by Nysco and Vale; and

11    Each set of Co-Administrators shall not be liable for the acts and omissions of the other.

The above constitutes a starting point for discussion and is by no means our clients' final answer to the questions posed by the Court yesterday.  However, we nevertheless hope that it will facilitate discussions between all of us over the next few days prior to the start of the adjourned hearing on 8 September 2020.

Our clients note that this overall approach has been adopted in analogous proceedings in England and so, with some application between all consistent with the Bailiff's views yesterday, it ought to be practicable as a potential solution.

It is our clients' intention, as officers of the Court, to make this letter and any responses to it, available to the Court.

We look forward to hearing from you.

Yours sincerely

**Mathew Newman**
**Partner**

**LITI-24034268-1**