Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 19-11845-shl

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    BSG RESOURCES LIMITED (in administration) and WILLIAM

8    CALLEWAERT and MALCOM COHEN, as JOINT ADMINISTRATORS,

9

10          Debtors.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13                 United States Bankruptcy Court

14                 One Bowling Green

15                 New York, NY   10004

16

17                 May 11, 2020

18                 10:07 AM

19

20

21   B E F O R E :

22   HON SEAN LANE

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   UNKNOWN

Page 2

1    HEARING re Discovery/Pre-Motion Conference

2

3    Doc. #89 Vale's Letter in Response to Joint Administrators'

4    Status Update and Request for Pre-Motion Conference

5

6    Doc. #89 Joint Administrators' Letter Regarding (i) Status

7    Update and (ii) Request for Discovery Conference

8

9    Doc. #90 Vale's Letter in Further Response to Joint

10   Administrators' Status Update and Request for Pre-Motion

11   Conference [REDACTED - EXHIBITS A-D SUBJECT TO MOTION TO

12   SEAL]

13

14   Doc. #91 Vale's Motion to Seal Certain Exhibits to the

15   Letter of Jeffrey A. Rosenthal

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

1   A P P E A R A N C E S :

2

3   BDO LIMITED

4        Joint Administrators

5        55 Baker Street

6        London, INTL, GY 13L

7

8   BY:   WILLIAM CALLEWAERT (TELEPHONICALLY)

9        STEPHEN PETERS (TELEPHONICALLY)

10

11   CLEARY GOTTLIEB STEEN & HAMILTON LLP

12        Attorneys for Vale

13        One Liberty Plaza

14        New York, NY 10006

15

16   BY:   JEFFREY A. ROSENTHAL (TELEPHONICALLY)

17        ELIZABETH VICENS (TELEPHONICALLY)

18        LISA M. SCHWEITZER (TELEPHONICALLY)

19

20

21

22

23

24

25

1   DUANE MORRIS LLP

2        Attorneys for the Joint Administrators

3        1540 Broadway

4        New York, NY 10036

5

6   BY:   FREDERICK D. HYMAN (TELEPHONICALLY)

7        JARRET HITCHINGS (TELEPHONICALLY)

8        MICHAEL LASTOWSKI (TELEPHONICALLY)

9

10   ALSO PRESENT TELEPHONICALLY:

11

12   RICHARD VANDERFORD

13   PATRICK J. HOLOHAN

14   EMMANUELLE BERDUGO

15   SAMUEL LEVANDER

16   ANDRES SAENZ

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              THE COURT:  Good morning.  This is Judge Lane.

3    We're here for a hearing in the BSG Chapter 15 case, and the

4    matter is being conducted telephonically using a service

5    called Court-Solutions.  I have the hearing set to open on

6    the Court-Solutions website just to make sure I can confirm

7    here and who is not.  So first off, let me start by saying

8    that I hope that all of you and your families are doing

9    well, or as well as can be expected in these unusual times.

10             Second, I'd like to ask you for -- like to thank

11   you for your patience in advance with the fact that we're

12   doing things telephonically.  Here in the Court, we've been

13   doing that for some time now and it's worked reasonably

14   well.  One of the downsides obviously of not being able to

15   see you is it makes things a little more complicated over

16   the phone.

17             So we have -- I have two particular things I will

18   point out.  One is that I will try to do my best to serve,

19   for lack of a better term, as a master of ceremonies and,

20   figuratively, when passing the figurative speaking

21   microphone to parties so as to avoid having people talk over

22   one another; that's one of the things when you can't see

23   each other in person, it becomes an issue.

24             Second is that there are times when folks will

25   decide to put themselves on mute so as to avoid unnecessary

Page 6

1    noise on the line and that's appreciated, but I understand

2    it takes time to get on and off mute and so, I'll make sure

3    to give a little extra time, an extra beat when hearing from

4    folks so they can do that if they're on mute to take

5    themselves off mute.  And just double check if you do put

6    yourself on mute, that when you want to speak, you take

7    yourself off mute; that's also a hazard of the current

8    telephonic hearings.

9            And so, with that, let me find out who is on the

10   telephone from the joint administrators.

11           MR. HYMAN:  Thank you, Your Honor.  It's Rick

12   Hyman from Duane Morris.  I hope you and your family are

13   doing well as well.  I have my colleague, Jarrett Hitchings,

14   on the line with me as well, who will be our primary

15   spokesperson today.  My other colleague, Mike Lastowski, who

16   you've met in court.  I don't think he's able to be with us.

17   He has a non-COVID-related family emergency at the moment.

18           I believe that both of the joint administrators

19   have dialed in, William Callewaert and Malcom Cohen from

20   BDO.  I also believe that Steve Peters, who you've met in

21   court before, is on the line, as well as (indiscernible) and

22   Kirsty McMahon, who are very involved in the discovery

23   process.

24           THE COURT:  All right, thank you.  So let me find

25   out who is here for Vale.

Page 7

1          MR. ROSENTHAL:  Good morning, Your Honor.  It's

2   Jeff Rosenthal from Cleary Gottlieb.  I too hope that you

3   and your family are all doing well.  I have with me Lisa

4   Schweitzer who you know, and I think Miss Schweitzer and I

5   will be the only ones speaking today.  I do have a couple of

6   more colleagues I believe listening in, Lisa Vicens and

7   Emmett Berdugo.

8          THE COURT:  All right.  Good to have you all on

9   the line.  The last thing I will say is I recognize that

10   people are working from home, which means they are sharing

11   spaces often with quite a few people.  And so, we'll all do

12   our best to get through things in the most efficient way we

13   can, but everybody'll do their best.  I certainly understand

14   and appreciate the challenges of that circumstance.  So no

15   worries on that front is the reason why I'm mentioning that

16   at all.

17          All right.  So I have read the joint

18   administrator's letter requesting today's conference.  I

19   have read Vale's first letter asking for additional time to

20   file a response.  I have read Vale's subsequent letter that

21   is its response, substantive response to the issues raised

22   by the joint administrators.  I have looked briefly at the

23   attachments to Vale's letter; they are extensive.  And so, I

24   confess I have not poured through them in a detailed way,

25   but I have taken a look at them to get a general sense of

1   what -- of why they're being addressed and were provided to

2   me.

3         So with that said, people don't need to repeat

4   everything that's in their submissions.  As I said, I've

5   taken a look at those.  I do have a couple of questions and

6   concerns and let me -- I'll just identify a couple of those

7   from the outset and then people can -- I'll hear first from

8   the joint administrators and then from Vale.  One is my

9   first, and I think overwhelming, concern is we're now in

10  May.

11        We've been talking about production of documents

12  and getting information to Vale and any other parties

13  interested in being able to challenge recognition for many

14  months now.  We had many, many hearings, extensive hearings,

15  to talk about procedures to do that, to talk about the best

16  ways to get documents out in the short term, in the medium

17  term, and in the long term.  I will not burden the record

18  with a recitation of the letters that were submitted back

19  and forth and the numerous hearings we had on these issues.

20        Suffice it to say, we did spend a considerable

21  amount of time.  And one of the things that was done during

22  that time to move things forward was a confidentiality order

23  and procedures in connection with that, and it talked about

24  what could be -- well, the designation of certain materials

25  as confidential, as well as procedures to challenge the

Page 9

 1    confidentiality of materials.

 2           One of the things that was quoted back to me in

 3    one of the letters was the notion that the designation of

 4    confidential not be used too broadly.  And by that, what was

 5    quoted back to me sounded very much like what I say and have

 6    said in this case and have said in other cases and, again,

 7    is pretty much standard procedure here in the state, as you

 8    all know, which is that confidential designations do not

 9    excuse a party from making sure that what they're

10    designating is, in fact, confidential; that they're not to

11    be used as a blunder bust blunt force instrument to

12    designate everything as confidential because that raises two

13    questions: one is, what's the actual good-faith basis to

14    designate the item as confidential is you're way over-

15    designating; and two is, what's the point of the procedure

16    and why have we had to have delay and trying to get

17    procedures together for dealing with all this if, in fact,

18    the procedure is really nothing but an automatic

19    designation.

20           And so, that's a great concern to me, and I know -

21    - I think I addressed preemptively because that's always a

22    concern.  The last thing anybody wants to do in disputes

23    about discovery, which is what we call a procedure over here

24    in the U.S., is to have to relive it twice.  And so, when

25    you make progress, you want to make actual progress and not

Page 10

1    illusory progress.  So that is, by far, the biggest concern

2    that I have.

3            A related concern is that when we negotiate

4    procedures, we negotiate procedures, and they're designed to

5    give parties comfort that the procedures, as part of a

6    wholistic solution to things, actually allow parties to, if

7    they achieve certain goals here, to be more reasonable on

8    other fronts.  And so, I know we're talking about the timing

9    for challenging designations; that's clearly what this --

10   today's conference is about, and I have some -- that's a

11   concern I also have.

12           And last but not least is this case is one of many

13   cases around the globe.  I won't confess to have a handle on

14   exactly the number of cases, but there's certainly

15   procedures in Guernsey, there's procedures in the United

16   States District Court for the Southern District of New York,

17   there are procedures elsewhere.

18           And I have a concern, to the extent that there are

19   confidential designations here that are somehow, to the

20   extent they may be used offensively in other jurisdictions;

21   meaning that a designation here, which might be done on a

22   very broad basis, subject until there's a challenge if it's

23   not done properly, that that may be somehow being used

24   offensively to slow down proceedings in other jurisdictions.

25           And I confess, I have one other point, so it

1   wasn't last but least.  I have one more, which is I am very

2   concerned about the cost, the continuing cost of the

3   proceedings here.  And so, my patience will be short with

4   what I think are ill founded, anything that's ill founded in

5   terms of discovery positions because we have spent a lot of

6   time talking about this, and I do have grave concerns about

7   the costs involved that are mounting and have been

8   continuing for many, many months and there's a history here.

9           And I think I've made my concerns clear in other

10  hearings, so I am not starting today's hearing from square

11  one; we've spent far too much time dealing with these issues

12  to do so.  So there may be times that when we have

13  discussions, I'm going to really jump to the heart of

14  things, and I'm not trying to be impatient, but I am trying

15  to not relive the past.

16          So with all that, let me hear from the joint

17  administrators.

18          MR. HITCHINGS:  Good morning.  This is Jarrett

19  Hitchings on behalf of the joint administrators.  And just

20  to confirm that I came off mute, can you hear me all right,

21  Your Honor?

22          THE COURT:  Yes, we can hear you.  Thank you.

23          MR. HITCHINGS:  Thank you.  Your Honor, your

24  comments are appreciated this morning.  I have a few

25  prepared remarks that I'm happy to go through.  And then if

Page 12

1    Your Honor would like to talk about the broader status of

2    the case, I know that that was a question the Court had

3    asked in its response back to our scheduling request, or we

4    can dive right into the particular discovery issue.  And so,

5    I'm happy to do that.

6              THE COURT:  Well, let's start with this.  You were

7    the ones who -- you're the parties who asked for the

8    conference, and your letter lays out in very broad strokes

9    the subject of the conference that you request, but not the

10   particular relief you request, so let's start with that.

11             MR. HITCHINGS:  Certainly, Your Honor.  We have a

12   very discreet discovery issue that we intend to present to

13   Your Honor.  There is a protective order in place that

14   allows the parties to designate documents as confidential.

15   The joint administrators designated documents as

16   confidential.  Vale has raised a challenge to that, and the

17   parties have been working back and forth to see if we can

18   resolve it.

19             There's a small selection of documents, about 77

20   documents, that the parties could not come to a resolution

21   upon.  And, therefore, pursuant to the protective order, the

22   joint administrators need to move forward with a motion to

23   the Court in order to preserve that confidentiality

24   designation.

25             That's the discreet issue that's before Your

Page 13

1    Honor, but there's a broader context that it would be

2    helpful to explain to Your Honor and is also related to

3    additional relief that we would intend to seek.  Our motion

4    that we propose to provide to Your Honor would seek to

5    address the discreet issue as to whether or not the 77

6    documents at issue should be maintained as confidential.

7    And we also seek to modify the process in the protective

8    order for challenges and resolution of dispute to challenges

9    with designation of confidentiality.

10          When this case started and when the protective

11   order was agreed to, we anticipated a pretty streamlined

12   process.  As Your Honor can likely appreciate, we were

13   attempting to get documents out the door as fast as

14   possible.  We, the joint administrators, have a great

15   concern for confidentiality in this case, and we agreed that

16   that was the process whereby if there was a challenge, there

17   would be a back and forth; within three days, the motion

18   would be submitted if there couldn't be a resolution,

19   subject to the Court's local rule and chambers procedures

20   concerning discovery motions.

21          That anticipated a handful of documents here and

22   there concerning confidentiality designations for use and

23   purpose of the Chapter 15 case.

24          Where we're at today is an issue relating to

25   Vale's intent to use documents produced in this case in

Page 14

1    proceedings outside of the United States beyond the scope of

2    this Chapter 15 proceeding around the world, and the joint

3    administrators simply cannot agree to lift confidentiality,

4    to waive confidentiality for unknown purposes; doing so

5    would be contrary to their duties as joint administrators in

6    the Guernsey proceeding and would not be appropriate in this

7    case.

8              Therefore, given the volume of anticipated

9    challenges, what our motion would ask is that the schedule

10   for this -- for raising resolution issues would be presented

11   or be referred over to Judge Gropper, the discovery neutral

12   who's been very successful in managing a number of discovery

13   issues in this case, and also for extending the timeline by

14   which the parties would have to brief those issues again,

15   given the amount of challenges we anticipate receiving.

16             We'd also have an expectation that the reason for

17   the challenge, not just the specific articulation that Vale

18   doesn't believe the document is confidential, be stated.

19   And what we would expect is that given our concern about use

20   of these documents beyond the Chapter 15 proceeding and

21   Vale's intent to take these documents and run with them to

22   various parts of the world, we would expect that Vale would

23   indicate specifically why they need relief from any

24   confidentiality designation; what their intended purposing

25   and use is because they're not prejudiced in this case by

1   the confidentiality designation.

2          A high-level point that we must acknowledge is

3   that the vast majority of the documents have been designated

4   as confidential.  We are mindful of the --

5          THE COURT:  Let me ask you -- let me ask you a few

6   questions about what you just said.  One is, you didn't tell

7   me what your proposed timeframe is.

8          MR. HITCHINGS:  The proposed timeframe would vary

9   depending on the number of documents subject to challenge;

10  for instance, if there were over a thousand documents

11  subject to challenge, we would say that -- we would ask that

12  they be a 30-day process.  But if the challenge was to 50

13  documents, we would have a -- we would propose a meet and

14  confer on a five-day period with the parties to meet and

15  confer in that time.  If the challenge is to 50 or 100,

16  between 50 and 100, 50 documents that would roll for 10 days

17  and, yeah, if it was between 150 and 1000 documents, we

18  would extend it to 15 days.

19          THE COURT:  So let me also ask, when you say the

20  reasons for the challenges be stated.  The reason for

21  discovery in this proceeding relates to recognition, and we

22  had a lot of discussions about the scope of that.  And so,

23  why would there be a need to identify a -- if it doesn't fit

24  the discovery purposes in this case, I'm sure you'd

25  challenge it; and if it does, why does there need to be any

1    further explanation?

2           MR. HITCHINGS:  Vale is currently using the

3    confidentiality designation challenge as a way in which to

4    gain leverage over the joint administrators to permit them

5    to use documents beyond the Chapter 15 case.

6           THE COURT:  Well, but here's what I'm -- here's

7    what we're litigating this case, what needs to be done in

8    this case, so we've had enough challenges with that.  I'm

9    not anxious to bite off more than that.  If there is an

10   agreement somewhere about things be used in other

11   proceedings, then fine, there's an agreement.  If documents

12   that are produced are not confidential, then they're not

13   confidential; if they're confidential, then they are

14   confidential.  Why do I need to tackle anything more than

15   that, which is the standard approach in Chapter 15, as well

16   as, you know, regular large Chapter 11 insolvency cases?

17          MR. HITCHINGS:  We certain agree with Your Honor.

18   We're concerned about Vale using the process to overwhelm

19   the joint administrators and to use the process in order to

20   gain leverage outside of this proceeding.  For example --

21          THE COURT:  But why does -- but, again, I don't

22   unders- -- I understand what you mean, but I simultaneously

23   don't understand what you mean.  The production here is

24   covered by the regular rules, and we've spent a lot of time

25   talking about that.  So if somebody wants to use something

Page 17

1    somewhere else, you have other avenues to address that; the

2    use of those proceedings of documents in other proceedings,

3    you have rules in those proceedings and you can address it

4    in those proceedings.  If they're entitled to the document

5    here in this case, they're entitled to the document in this

6    case.  If they're entitled to get it subject to some

7    confidentiality designation, then that's what it is.

8               So I don't -- why is it that I should wade into or

9    consider even the circumstances outside of what's going on

10   in this case?  I don't want to be myopic.

11              MR. HITCHINGS:  But, Your Honor --

12              THE COURT:  I'm not trying to put artificial

13   restraints on this and be unrealistic.  At the same time, we

14   have rules about what's supposed to be produced, and those

15   are, again, proven to be challenging enough in this case.

16   This case was filed in June of 2019.  We are clearly nowhere

17   near finishing discovery.  That's unprecedented in my

18   experience in Chapter 15, and I suspect it may be

19   unprecedented in the history of Chapter 15 period full stop.

20              So why is it that we should take on the burden of

21   deciphering what other people may seek to do in other

22   jurisdictions which are governed by those jurisdictions' own

23   separate and distinct rules.

24              MR. HITCHINGS:  To be clear, Your Honor, these

25   documents have been produced.  This isn't a circumstance

Page 18

1    where we are withholding the documents subject to a

2    determination of the confidentiality, so the documents are

3    in the hands of --

4            THE COURT:  No, but this -- I understand that, but

5    discovery means that you have to sort through challenges to

6    the use of documents.  So we're still doing that, and it

7    doesn't sound like -- so I heard you say two contradictory

8    things, or they seemed contradictory to me, that there were

9    77 documents which you couldn't agree upon and that's what

10   we're going to talk about.  And then I heard you say, oh,

11   there's a whole bunch of other things that they may seek,

12   and we may be dealing with a thousand documents.

13           So putting those together, I'm assuming there's 77

14   that are already defined as needing an immediate ruling, and

15   then there's a whole other dozens, hundreds, scores say of

16   documents that may come down the pipe where we have to sort

17   out what properly can be used in this case or not, so that's

18   part of discovery.

19           People will put -- there are attorneys' eyes only

20   designations that folks will use to allow parties to start

21   looking at documents, and then you still have to sort

22   through the actual -- whether something can actually be used

23   in a case appropriately.  So am I misunderstanding any of

24   that?

25           MR. HITCHINGS:  No.  But I think that the issue is

Page 19

1    twofold and perhaps further context will be helpful.  The

2    first is the protective order in its current and original

3    format allows very, very broad usage of documents designated

4    confidential within the Chapter 15 case.  These documents

5    were produced in the Chapter 15 case in response to what

6    Vale had said are Chapter 15 issues.  Now and since,

7    frankly, the beginning of this case, Vale has sought to use

8    documents produced in this Chapter 15 case for purposes

9    outside of the Chapter 15.

10            THE COURT:  I got that.  Wait a minute.  No, no,

11   no, no.  But I'm not -- you're going to get some pushback

12   from me on this.  Why is the answer to that not to raise

13   those issues in other proceedings?  So one of the things

14   that was attached to, as a confidential document under seal,

15   and I agree with Vale, I have trouble understanding what any

16   -- why those things are under seal, but I will safely say

17   that there was a transcript of a proceeding overseas.  See,

18   now that it's designated as confidential, I'm not even sure

19   I can discuss the contents.  Although I can say I don't

20   think the contents are confidential, so I am -- so where

21   somebody overseas was asking about the confidential nature

22   of things and what was the issue.

23            And so, I understand your issue that Vale wants to

24   use things produced here in other proceedings.  But why

25   don't you go to other courts, as you clearly have with

1   issues about what should happen in those proceedings or not,

2   and address it there?  There is a very -- there is a

3   discovery test here, and if it doesn't satisfy what's

4   appropriate discovery here, then you can challenge it.  But

5   if it is appropriate discovery here, then why is it that

6   this forum should be the one to decide whether it can be

7   used in other proceedings elsewhere?  That would be the

8   subject of the rules of those courts.

9          So I'm not -- again, otherwise, we are not only

10   going to litigate the appropriateness of using documents in

11   a public open proceeding here in the United States, but we

12   are then going to go to all of those documents and litigate

13   their appropriate use in forums throughout the globe, which

14   will require us to delve into, won't it, the rules in each

15   of those courts and any stipulations or designations or

16   rulings in each of those courts.

17          So I'm not -- I am not aware of anything where I

18   have issued any ruling that automatically says that

19   something produced here is entitled to be used in a foreign

20   court, but neither have I issued any ruling that says it's

21   not entitled to be used in a foreign court.  If it's

22   confidential, it's confidential; if it's not confidential,

23   it's not confidential.  The question is whether the

24   appropriately the subject of discovery in this Chapter 15

25   case, and everybody reserves their rights to make whatever

Page 21

1    arguments you want to make to a foreign tribunal.

2              MR. HITCHINGS:  The problem for us, Your Honor, is

3    --

4              THE COURT:  So I hear what you're saying, but I

5    just -- right now, I don't agree with what you're saying.

6    So is there something I'm missing?

7              MR. HITCHINGS:  The problem is we don't know where

8    Vale might use the documents.  It may be the case that it's

9    outside of a court proceeding in total.  It may be the case

10   that it's in a court proceeding that's unknown to the joint

11   administrators and where they won't have an opportunity to

12   appear.  It's certainly possible --

13              But I don't understand why this is any different

14   than any other case.  There are documents that are

15   discovered.  If they're public -- if they're not subject to

16   protection in discovery, they're produced.  And if they are

17   subject to some further protection, meaning they're produced

18   with some caveats to them that we may have to decide what

19   happens at trial because, after all, we're going to have a

20   public trial on recognition.  So I'm not sure why, to

21   paraphrase the Bard, "It's so particular with you."

22              MR. HITCHINGS:  Your Honor, these documents were

23   produced in the Chapter 15 case.  We ask that they be

24   limited to use in the Chapter 15 case.  If Vale intends to

25   use them beyond the Chapter 15 case, we would expect that

Page 22

1    there would be some type of limitations on that use,

2    particularly where the documents are themselves already

3    confidential through their own terms.  I'm asking the Court

4    to --

5              THE COURT:  Well, but we're conflating different

6    things, so I think we finally got to where the joint

7    administrators are.  The joint administrators want to file a

8    motion that says that documents produced here can only be

9    used here; that's your motion, and so, that's separate and

10   apart from any particular document.  So I think I had

11   understood that we were talking about particular documents,

12   but we're really talking about a blanket rule that says

13   anything produced here can only be used here.

14             MR. HITCHINGS:  But, Your Honor, that's already

15   what the protective order essentially says in its current

16   form.  It limits the documents that are designated as

17   confidential to use in the Chapter 15 case.  And all we're

18   asking the Court is to, you know, keep that framework in

19   place.

20             THE COURT:  All right, well --

21             MR. HITCHINGS:  (crosstalk), as Your Honor well

22   knows.  And, therefore, the documents that are produced here

23   should be used for purposes of this case and this case only.

24   If the documents are confidential, not by virtue of a

25   designation in this case, but by the very nature of the

Page 23

1   documents are subject to --

2           THE COURT:  Well, I don't understand -- wait a

3   minute, wait a minute.  I don't understand what that means.

4   So if they are produced and allowed to be used here and we

5   have public proceedings, they're certainly out in the

6   public.  But that's different than -- again, I still get

7   back to the point of if I'm a judge in a foreign proceeding,

8   I will assess whether they can be used or not used based on

9   the rules of that proceeding.  And so, if I -- I could say

10  whatever I want here, but a judge there, that individual

11  will decide whether they think it's appropriate to be used

12  in those proceedings.

13          Anyway, but at least I understand your view now,

14  which is you want some sort of a prophylactic rule that says

15  they can't automatically be used in foreign proceedings.

16  And that's fine, although there is certainly a discussion in

17  Vale's papers about the prohibitive cost of that, repeating

18  various litigation cites over and over again.  So certainly,

19  things have been -- there was an agreement, as I understand

20  it, to use things produced here with what's called the SDNY

21  enforcement action.  And so, that was not a court issue;

22  that was something that the parties agreed to and that's how

23  usually those things come about.  But you can file your

24  motion and cite authority and Vale will respond and cite

25  authority and we'll tee that up.

1           But when you talk about something not being

2    confidential here but may be confidential for something

3    else, again, I am not here to rule on things other than what

4    can be used here; people have other forums for that.  But at

5    the same time, if it's not subject to any protective --

6    protection under the law and it's produced as a document to

7    be used in a public proceeding, that's how it's being used

8    and proceedings here are public.  There's an important value

9    in that, and so, I'm not changing the rules of the road for

10   that.

11          We'll adopt -- I'm sorry -- we'll adapt whatever

12   is confidential and how it'll be used in a public

13   proceeding.  We've done that successfully in numerous

14   proceedings here in the Bankruptcy Court and we'll do that

15   in this case as well.  So you want to file a motion about

16   that, all right?

17          As to -- I'm not quite -- am I understanding

18   correctly that 77 documents versus what seems to be a vast

19   number of other documents that you're going to fight about,

20   that the 77 are merely the ones that are ready to be teed up

21   now; is that correct?

22          MR. HITCHINGS:  Your Honor, I think that that's

23   correct.  There are 77 documents that have, let's call it,

24   going through the challenge process that Vale identified in

25   a written notice, that the parties have held a meet and

Page 25

1    confer upon where we couldn't come to grounds on a

2    resolution.

3          I will note that broadly, in every instance other

4    than the 77, where Vale has come to us with confidentiality

5    questions, we've been able to work out these issues.  I

6    don't want to suggest the conversation today is much ado

7    about nothing.  But in every instance where Vale has sought

8    to use documents on a limited basis beyond the Chapter 15

9    proceeding, they have come to the joint administrators or

10   their counsel in the U.K. and meet and confer.

11         THE COURT:  But again, counsel, you keep coming

12   back to that, despite the number of times I have told you

13   what I see my role as and what I don't see my role as.  If

14   you want to file a motion that seeks some sort of broad

15   ruling about the use of things generally, you can file that.

16   But I am not here to talk about what you can and can't use

17   in a proceeding in the U.K.  I'm not here to talk about what

18   you can and can't use in Guernsey.

19         I am living with, and we are living with, what I

20   had been told were certain confidentiality rules about other

21   courts that made things here subject to those rules and

22   limited their use.  That is becoming, based on my review,

23   seems to be less and less of an issue.  But that's how the

24   relationship has worked out here, that we have been subject

25   to rulings based on what's happened in other places, and

1    that's what I was told was the issue.

2         But I am not interested, and I continue to not be

3    interested, in making specific rulings about how things can

4    be used in other proceedings around the globe.  Every court

5    has their own proceedings and their own rules, and you will

6    figure it out.  You may end up doing it at great cost if you

7    end up duplicating litigation if the standards are the same,

8    but, you know, I guess we'll take that as it comes.

9         Here's my concern about what you did say though

10   with the 77 documents and the other documents.  All the

11   letters seem to agree that the vast majority of what was

12   produced was subject to confidentiality and a

13   confidentiality designation by the joint administrators.

14   Vale has represented in its letter that when challenged, 90

15   percent of those designations fell to the side and were

16   essentially removed.

17        That raises grave concerns about the

18   appropriateness of the designations in the first instance.

19   And I did address this specifically in a prior conference

20   many, many months ago to try to head this off; that

21   confidentiality designation was not to be used as in a

22   blunderbuss fashion where it was not meaningful and was not

23   the subject of appropriate reflection.  And that even if, in

24   the interest of time, certain things were provided that were

25   immediately requested because, as I remember when this case

Page 27

1   was started, really nothing was provided; that those would

2   still need to be looked at so that you could figure out

3   whether that confidentiality designation should stand.

4           So you -- and the reason I mention all this is

5   because your statement seemed to indicate that you don't

6   think this is a problem; that you say, well, we don't want

7   to say there's nothing to see here today, but we've been

8   able to work things out.  But that presupposes that a

9   procedure where 90 percent of what you've designated as

10  confidential has to go through a challenge and then it's

11  removed, that that's acceptable.  It's not.

12          It raises a serious question whether, under Rule

13  11 or the appropriate rules in the confidentiality

14  stipulation, you have a basis for maintaining the position

15  that you maintain.  It also requires great costs to be

16  undertaken to challenge those things one by one by one.  And

17  so, and I will tell you if that kind of stuff comes to me,

18  we will definitely be having a conversation about who should

19  bear the cost for this kind of litigation.

20          So I am -- I've told you already, so that's why

21  I'm telling you again in a less polite way that that is not

22  acceptable.  If that is in fact true, that when challenged,

23  90 percent of the confidentiality designations are removed,

24  then you all are not doing your confidentiality reviews

25  properly.

1          MR. HITCHINGS:  Your Honor, it is true that the

2     joint administrators have been willing to work with Vale in

3     connection with resolving challenge designations.  To the

4     extent that 90 percent or a large percentage of those

5     challenges have been resolved.  That's not an

6     acknowledgement or a waiver on the part of the joint

7     administrators that those 90 percent were -- designations

8     were not made in good faith or that they're not supportable.

9     That's merely a recognition that the joint administrators

10    are able, upon further review, to agree to lift that

11    confidentiality designation.

12          To the extent that there are ones that the joint

13    administrators had to maintain, those are ones that, again

14    upon further review, the joint administrators simply cannot

15    agree to lift given the unique aspects of the particular

16    document, whether that's being under seal in a foreign

17    proceeding or confidential by its own terms.

18          So we don't want to leave Your Honor today with

19    the impression that by agreeing with Vale to lift certain

20    restrictions concerning certain documents, that that's an

21    acknowledgement that any particular designation was made

22    inappropriately.  That, in fact, evidences the ability --

23          THE COURT:  Counsel, I'm sorry.  If the number is

24    90 percent, I'm going to call you on that because I just --

25    I understand the words you just said, but I just can't adopt

1    that as that's business as usual and it's perfectly fine.  I

2    understand that in an individual document-by-document basis,

3    I understand that you can't let the perfect be the enemy of

4    the good, and that it may take time or upon further

5    reflection, you might be able to accommodate, and I never

6    want to hold somebody's goodwill against them.

7            But if it is true that the number if 90 percent,

8    that is not the same thing as an occasional rethinking and

9    an accommodation.  That means that there has been a cut made

10   of the documents based on a view of things that has turned

11   out not to be supportable, and it is really an inescapable

12   conclusion when you're dealing with something like a 90

13   percent rate where you are removing the designations.  And

14   so, I can't agree with you that that's okay.

15           MR. HYMAN:  Your Honor, it's Rick Hyman.  If I may

16   have a moment to comment.

17           THE COURT:  Sure.

18           MR. HYMAN:  And we appreciate all your comments

19   this morning, and we understand the perspective.  And we

20   have tried to work through this --

21           THE COURT:  But here's my concern: I said this

22   many months ago before we went through this process.  And I

23   think at the time, I heard that you appreciated my

24   perspective then, but it doesn't seem to have made any

25   difference because no one acted the way in accordance with

Page 30

1     the direction that I gave you.

2            MR. HYMAN:  I understand.

3            THE COURT:  And that's why you're getting a less

4     polite -- no, no, I don't -- but, again, that's what I was

5     told at the time.  So I am -- you're getting a progressively

6     less polite reception for that reason.  And my question is,

7     how do I actually make sure that you do what you're supposed

8     to do when you tell me you understand and then act in a way

9     that reflects a lack of understanding.

10            MR. HYMAN:  I only wanted to comment, Your Honor,

11     that, as I think you noted earlier, in connection with the

12     enforcement proceeding, which is the judgment that was

13     issued in the District Court, the joint administrators had

14     agreed to lift the confidentiality designation with respect

15     to 100 percent of the documents to allow Vale to pursue that

16     enforcement wherever they sought to pursue it outside of the

17     Bankruptcy Court of course, so the joint administrators did

18     make that accommodation.

19            What we're really talking about here is the use of

20     these documents in proceedings where the joint

21     administrators or BSGR are not party.  These are

22     administrate- -- these are proceedings in connection with

23     alleging fraudulent activity on the part of certain of the

24     people that you've heard in our proceeding, but that do not

25     include BSGR.

 1            What we had really been trying to ask Vale is to

 2    provide us, in connection with the request to use the

 3    documents, the purposes that you're using those documents.

 4    When that has happened previously --

 5            THE COURT:  But again, we're revisiting old ground

 6    where I think I've told you what my views are.  If you want

 7    to work out something about what can be used in a foreign

 8    proceeding, that's fine.  But that's not what -- and you

 9    want to file a motion that limits the use of all documents

10    that are produced here only for these proceedings, that's

11    fine, but I am not interested in mediating that dispute

12    about the use of documents in foreign proceedings.

13            If you reach accommodations because you don't want

14    to get in front of a judge in a foreign proceeding who may

15    have a strong view about how much time you're wasting of him

16    or her, that's up to you.  But I'm not -- that's, again, I

17    don't see that being what I should be doing here.

18            I will also question the use of estate resources

19    here, if you're talking about protecting third parties.  So

20    I understand if BSG needs to protect itself from certain --

21    the disclosure of certain confidential information that will

22    harm it as an estate.  I'm less clear, although I suspect

23    you have explanations you can provide of various levels of

24    fulsomeness, about why BSG is concerned about third parties

25    as it is; maybe there's EU privacy regulations.  I don't

1   know.

2          But, again, that just shows how further afield

3   this is of what I'm trying to do, which is to get this

4   recognition proceeding on track to be completed.  Because

5   right now, this issue is -- again, a Chapter 15 case is

6   supposed to move with all deliberate speed, and this case is

7   now rounding into the year mark.  So that's -- again, the

8   job I have to do, that we have to do in this particular

9   case.

10          All right.  So is there anything else from the

11  joint administrators?

12          MR. HITCHINGS:  No, Your Honor.  We appreciate

13  your comments today.  We will file an appropriate motion.

14          THE COURT:  All right.  So let me hear from

15  counsel for Vale.

16          MR. ROSENTHAL:  Good morning, Your Honor.  Jeff

17  Rosenthal again from Vale.  My comments are going to be very

18  brief because I really don't think that there's much to say

19  beyond what Your Honor has already said in your remarks.

20          But there's something I just want to be clear is,

21  we're not asking anything of this Court today.  We think

22  that -- we're befuddled that they are putting up roadblocks

23  with regard to our use in other proceedings to make things

24  more expensive.  But that's an issue right now for

25  negotiations between the parties; we're not asking the Court

1        for relief.

2                But the one thing that I want to point out because

3        Mr. Hutchings kind of kept back to a point in his complaints

4        about what Vale wanted to use the documents for and the like

5        is, all we're asking right now -- frankly, we don't have to

6        ask because we're entitled to it -- is the use of non-

7        confidential documents.  And what they've done, and Your

8        Honor made a comment a moment ago, the vast majority of that

9        production, everybody agrees was produced with a

10       confidentiality stip.

11               I think that they've actually admitted in their

12       papers to you virtually every single document, not the

13       majority, almost every single one of their documents has

14       been stamped confidential, including documents that they

15       attached to their public filings already before the Court.

16       They've been reproduced to us and stamped it confidential.

17       So all --

18               THE COURT:  Well, listen, I will say that I'm

19       concerned about the length of time it's taken, if that's

20       what has been done, and I'm concerned about the cost.  And

21       if parties want to make an appropriate application on those

22       subjects in the future, then I'll hear it at that time.

23               MR. ROSENTHAL:  I think, Your Honor, depending on

24       how things get resolved in our negotiations with them, we

25       probably will if we can't reach an amicable resolution.  But

Page 34

1    all we're saying right now is if it's not confidential, the

2    protective order is very clear: we have no obligations to

3    return those documents, no restrictions on the use of those

4    documents; they're public if they're not stamped

5    confidential.

6              And all we're saying is if you the joint

7    administrators don't want to reach a resolution with us,

8    then we actually have to go through and figure out which of

9    your few documents really are confidential so we know which

10   ones have restricted use that maybe we'll have to go to the

11   English Court and see what we want to do with it.  But if

12   it's not confidential, we don't even get there.  We have

13   free use of them.  The confidentiality order is very clear.

14             And that's all that we're saying here today, is

15   that we regret the need to have to litigate this, frankly,

16   in your Court because if we could reach an accommodation

17   with them as to how we could use these documents elsewhere,

18   voluntarily between them, maybe we obviate the need to ever

19   go through, you know, 20,000 documents that they've mis-

20   stamped.

21             So Mr. Hitchings constantly referred back to you

22   of our desire to use these documents and the restrictions on

23   using these documents, but that presupposes that they're

24   confidential documents in the first place.

25             THE COURT:  All right.

1          MR. ROSENTHAL:  So I think that's really all I

2     have to say in emphasizing that we don't -- we're not

3     seeking anything from Your Honor at this point, just

4     upholding the procedures of the protective order.

5          THE COURT:  All right.  Well, I'll ask the parties

6     to work out a schedule for any motion that the joint

7     administrators are going to file.  I will also -- I don't

8     think we need to get into a deep dive on this right now.

9     There's been numerous mentions made of the discovery

10    neutral, and that's Judge Gropper, who is kind of enough to

11    chat with the parties and it sounds like that has been a

12    productive discussion.  And the scope of what he's looking

13    at and talking to you folks about in the scope of what is

14    coming back to this Court as set forth in the agreements of

15    the parties and orders about the discovery neutral.

16          But I mention this all just as background to the

17    following statement: Judge Gropper is an exceedingly

18    knowledgeable and sophisticated individual when it comes to

19    Chapter 15 and to all the different aspects of it, including

20    the foreign litigation that traditionally accompanies

21    Chapter 15 cases of various types and the rules of the road

22    as to how to best sanely navigate all those kinds of

23    litigations in a way that is efficient and economical.

24          And I think you would be wise to, if you're trying

25    to work something out rather than spend time further

Page 36

1    litigating, to take advantage of his considerable wisdom and

2    experience on the topic and, perhaps, that would be a good

3    use of your time and his before embarking on further

4    litigation.  But I'll leave that to you all, and I'm

5    probably not telling you anything you don't already know,

6    but I just thought I would throw that out there for what

7    it's worth.

8              All right.  So with that, I think the takeaway

9    from today is that the joint administrators will file a

10   motion; that sounds like the motion will be a motion

11   directed to a broad proposition about the use of these

12   materials that are produced in this case.  I would imagine

13   that deals with not only the general state of the law on

14   such matters, but also the particular orders and agreements

15   entered into in this case.

16             And is that the -- am I understanding correctly

17   the scope of the joint administrators' motion?  That, and I

18   guess your request to change the timing for designate- --

19   for the process when something is designated as

20   confidential.

21             MR. HITCHINGS:  Your Honor, Jarrett Hitchings

22   again for the joint administrators.  Broadly, I think that

23   that's right.  Our motion (audio distortion) two issues:

24   one, the 77 documents that we believe confidentiality should

25   be maintained for, presenting that to Your Honor for a

Page 37

1    determination; and then, secondly, modifying the current

2    challenge designation process to allow for additional time,

3    further disclosure as to the basis for the challenge.

4         And, in fact, we recommend or would ask for Your

5    Honor to refer any unresolved disputes to Judge Gropper.  I

6    think if there's one thing the parties in this case can

7    agree, it's that Judge Gropper has been very effective.  We

8    all appreciate what he's been able to do as far as bringing

9    parties together on a number of discovery issues.  So as far

10   as the joint administrators are concerned, we think that

11   reference of any of these issues to Judge Gropper would

12   certainly be appropriate.

13        As far as the broader relief, I think that Your

14   Honor just summarized, as far as an affirmative request to

15   keep all documents within at least in the case within the

16   bounds of the Chapter 15 case, the joint administrators will

17   consider whether that type of relief is appropriate for them

18   and include that if appropriate.

19        THE COURT:  All right.

20        MR. ROSENTHAL:  Your Honor, this is Jeff

21   Rosenthal.

22        THE COURT:  Go ahead.

23        MR. ROSENTHAL:  Can I just remark real briefly.

24        THE COURT:  Sure.

25        MR. ROSENTHAL:  First of all, I echo the comments

Page 38

1    that the Court made and that Mr. Hitchings made about, you

2    know, Judge Gropper.  He has been of enormous assistance in

3    this case.  I think that we're almost getting to the point

4    where a majority of the documents that we've seen we would

5    not have seen but for Judge Gropper's involvement, and we're

6    grateful for that.

7            With regard to the motions that they're planning

8    to file, I just would like to get a little bit of clarity

9    insofar as there's a motion essentially to amend the

10   protective order.  I understand that the Court now has just

11   authorized the joint administrators to file that and cite

12   the authority that they plan to cite with regard to the

13   amendments.

14           There's the second question, which is, as Mr.

15   Hitchings noted, the 77 documents and, frankly, anything

16   else that we challenge with them because we are preparing

17   other documents that are inappropriately designated, and for

18   those, there is an existing procedure in Paragraph 27 of the

19   protective order.  And we just make clear that unless and

20   until the Court decides to amend the protective order,

21   that's the procedure that they need to follow right now

22   because they haven't followed it so far.

23           They viewed their request to Your Honor to -- or

24   they view your chambers' rules, Your Honor, as essentially

25   prohibiting them from making a motion required under the

1    protective order without permission to make the motion that

2    the protective order already requires.  And I think we would

3    all benefit from the clarity from the Court that says until

4    the Court changes the protective order, those are the

5    procedures that the parties have to follow.

6            THE COURT:  Well, I do have a couple of comments:

7    one is that the protective order governs, so chambers' rules

8    are chambers' rules, unless they're otherwise specifically -

9    - a topic is specifically addressed in an order in a case;

10   that's what's happened here, and so, the protective order

11   governs.

12           Second is that if we're going to go down the road

13   of massive and seriatim challenges to the confidentiality of

14   documents, which sounds like that's now what I'm hearing is

15   what's going to come out of this.  I am going to insist upon

16   it being done in a way that allows me to make rulings and

17   that those rulings are applied to documents that have not

18   yet been specifically identified for challenge.

19           So what that means is, I would ask the parties and

20   ask the joint administrators to come up with a list of

21   issues and categories of things that they believe are

22   entitled to protection, continued protection, and then

23   identify certain documents that are examples of that issue

24   in play with the understanding that when I make a ruling on

25   the category in question -- so let's say it's the

Page 40

1    identification of a particular individual or a particular

2    company or whatever it is that implicates a certain legal

3    issue, that that ruling then would be applied not only to

4    that document, but to all other documents where the ruling

5    applies.

6            So because it is folly to litigate these kinds of

7    motions document by document by document without some

8    understanding that you really want to address principles and

9    then apply those rulings so that you are not doing this

10   forever, so that's going to require the joint administrators

11   to identify what it is they want in the first instance to

12   challenge.  And, again, I'm going to insist that those

13   rulings be applied to other documents that are being

14   withheld on this -- where information is being withheld on

15   the same basis, and I'm not going to relitigate those.

16           If we litigate them and I make a ruling, then the

17   ruling sticks and the only thing that could be the subject

18   of a further debate is whether particular -- information in

19   a particular document is actually covered by that former

20   ruling, so that's what I'll insist upon.

21           So the joint administrators should consult with

22   Vale's counsel about what are likely to be the most

23   significant issues to address so that we do this in an

24   efficient way, so that's an important thing.  So I know

25   you're thinking about the 77 documents, and it may be that

Page 41

1   you identify four or five issues that are the driving force

2   for those 77 documents, and maybe that's how you decide to

3   tee it up, but it's still going to be issue by issue in

4   terms of what the rulings are about what's entitled to

5   protection.

6          And so, last but not least, by saying that, you

7   know, you're going to file your motion, I think I've already

8   given my views that I'm not going to be very sympathetic if

9   there's been an overbroad use of the confidential

10  designation, such that a party has essentially created its

11  own problem, notwithstanding my earlier comment that that's

12  not how a confidential designation should be used.  So, you

13  can file your motion dealing with the procedures, but I just

14  wanted to make sure that message is understood.

15          MR. HITCHINGS:  Your Honor --

16          MR. ROSENTHAL:  Your Honor, it's Jeff Rosenthal.

17  Just real briefly, I appreciate the procedures that you've

18  just outlined.  The one question I have is -- one of the

19  reasons why the protective order has had this three-day

20  requirement is to prevent foot dragging, and with the

21  procedure that you've just identified, it would be helpful,

22  I think, if Your Honor can give the joint administrators a

23  very concrete deadline because otherwise I'm fearful we'll

24  see this a month from now.

25          Just by way of example, we had our monthly check-

1    in with Judge Gropper last, I believe, Wednesday and there

2    were two open issues that we thought would be addressed by

3    him and it was literally the moment we hung up the phone

4    with Judge Gropper that we got lengthy letters from the

5    joint administrators explaining their positions and it was

6    never addressed for Judge Gropper because they just said on

7    the call, you'll be getting our letter.  It's ready but we

8    haven't sent it yet.

9            So, I'd just like something to move this process

10   along if possible.  Can the Court --

11           THE COURT:  All right.  When are the joint

12   administrators going to file their motion?

13           MR. HITCHINGS:  Your Honor, we're prepared to file

14   the motion in its current form today.  Your Honor, it's

15   given us some helpful insight as far as -- especially as far

16   as kind of the broader category.  It is a little bit

17   difficult for us to anticipate that given we only have 77

18   documents at issue.  So, I think we would need from Vale

19   identification of the broad categories that they're looking

20   at before we can --

21           THE COURT:  No, I actually think it's the opposite

22   of that.  You're withholding documents based on certain

23   legal principles and so they only know, I think, that you've

24   designated something as confidential and they aren't getting

25   it.  You're the one who --

1          MR. HITCHINGS:  Hold on.  They have the documents.

2     Again, these are the documents that they already are in

3     possession of, and so they're coming to us to say, we don't

4     believe these should be designated as confidential.  It's

5     incumbent on them to tell us what the basis of their

6     challenge is.  They have these documents.  There has been no

7     document withheld concerning the confidentiality here.  They

8     have all of these documents and, in fact, Your Honor --

9          THE COURT:  Well, let's -- wait, wait, wait, wait.

10    You keep saying that but the -- they were produced as

11    attorney's eyes only and now the thought is that they can't

12    use them because they're confidential and they can't use

13    them in the proceeding --

14         MR. HITCHINGS:  Your Honor, that's not correct.

15         THE COURT:  Right.  So, that means they're still

16    withheld.  When you've withheld them have you explained --

17    what sort of detail have you provided about the basis for

18    them being withheld?

19         MR. HITCHINGS:  Your Honor, just so we're clear.

20    There's two tiers of designation permitted under the

21    confidentiality order.  There's attorney's eyes only which

22    Your Honor was very clear should not be used broadly, and,

23    in fact, I'm not aware that there's been any documents

24    designated attorney's eyes only but I may be incorrect on

25    that.

Page 44

1            We're talking about documents that have been

2     designated at the lower tier of confidential.  These are

3     documents that are permitted to be provided to Vale, to its

4     experts, to various parties in the case, to the Court.  So,

5     we are not talking here at all about attorney's eyes only

6     documents.  We're talking --

7            THE COURT:  No, no.  I'm asking a different

8     question.  I'm asking, when you say, here is a document that

9     is being produced attorney's eyes only.  You may not use it

10    generally speaking because it is confidential.  When you say

11    it is confidential, what sort of justification or level of

12    detail are you providing for that determination?

13            MR. HITCHINGS:  Again, to be clear, Your Honor,

14    nothing has been -- we're not talking about documents that

15    have been designated attorney's eyes only.  We're talking

16    about documents --

17            THE COURT:  Okay.  You're answering a question I'm

18    not asking.  I'm putting aside attorney's eyes only for the

19    moment.  I'm asking about your basis of saying something is

20    confidential and therefore cannot be used in a public forum

21    because it is confidential.  Just to remind counsel, there

22    are rules for privilege logs, for example, under both the

23    southern district of New York district court and the

24    bankruptcy court about what you're supposed to do to give

25    information -- enough information for a party to challenge a

Page 45

1    withholding.  And so I'm asking in this case what has been

2    done to justify the withholding of a document on the basis

3    of it being confidential.  I'm not making a value judgment

4    as to whether it's proper or not.  I'm trying to figure out

5    who essentially has enough information to identify the

6    issues that are going to arise in these documents.

7            So, is there anything that's like a privilege log

8    or like a privilege log that has been provided by the joint

9    administrators when justifying the confidential status of

10   various documents?

11           MR. HITCHINGS:  No.  And such a log is not

12   anticipated or required under the protective order.

13           THE COURT:  All right.

14           MR. HITCHINGS:  However, to the extent, that --

15           THE COURT:  No, that's fine but what that means is

16   that Vale can't be -- so I asked that you talk so you can

17   get a sense of what they're most interested in, but when it

18   comes to the justification for the confidential designation,

19   that burden is on you.  It doesn't sound like -- and I'm not

20   making a value judgment -- that the way things have worked

21   that you have provided any sort of declaration or any sort

22   of explanation, either in a document-by-document basis or a

23   category-by-category basis of the justifications for the

24   confidential nature of various documents or portions of

25   various documents.  And so what I'm saying is that when you

Page 46

1    file your motion, what's going to happen is you're going to

2    say, for example, document number 1 is confidential for the

3    following three reasons:  EU regulations, attorney/client,

4    deliberative process -- whatever it is.  And so what I'm

5    trying to get at is that these themes and your

6    justifications will no doubt recur in different documents

7    and some of them will be much more prevalent than others,

8    and so my thought is that it probably makes sense, although

9    you all can talk about it and think about it, to try to

10   identify among the more popular basis for withholding as

11   matters to address for a second or third.

12          Now, it may be that you have a conversation with

13   Vale and they say these are the documents that we want to be

14   public the most in this case, and therefore, the issues

15   raised in those documents make sense to tee up first.

16          I don't know.  It's very hard for me to give

17   specific guidance without seeing the documents, but I'm just

18   saying, representative documents or representative issues I

19   would think would be helpful because if we litigate them

20   then it should affect a larger number of documents and

21   relieve the need -- I am not sitting there going through a

22   thousand documents.  It's not going to happen.  It's not an

23   efficient way to do things.

24          I am going to do representative samples and order

25   folks to apply those rulings to the remaining documents that

Page 47

1    exist.  And so that may mean that you produce something in a

2    redacted form when you realize that you have no basis for

3    this justification, but the Court agrees with you with --

4    for that other justification as to withholding.  So, that --

5    I'm just trying to let you know what my procedures are in

6    terms of thinking about these kinds of issues and doing it

7    in a efficient and economical way.

8             It probably doesn't matter for the -- whatever

9    motion you've already teed up because those are -- I imagine

10   those 77 documents are among the more sought after by Vale

11   and probably among the more contentious, but I'm just

12   letting you know, as we go down this road, how I plan to do

13   things and how I plan not to do things for purposes of this

14   case.  So, any other questions or comments about the motion

15   that will be filed by the joint administrators?

16             MR. HITCHINGS:  Not concerning the specific

17   motion.  We understand what Your Honor would like us to

18   attempt to achieve with kind of the categorical approaches.

19   I think there still is issue as to timing.  The

20   confidentiality stipulation, again, was prepared at a time,

21   you know, before we anticipated these issues on the volume

22   that we're seeing.

23             It is, to be fair, unclear as to the timing by

24   which that motion is due.  The language of the protective

25   order says if the parties don't resolve the dispute within

Page 48

1   three days -- and it's not clear whether that's business or

2   calendar -- of the designated party receiving written notice

3   of the challenge, the designating party may seek a ruling

4   from the bankruptcy court upholding the designation is

5   valided.  It's unclear whether that requires the motion to

6   filed within three days, and that's part of the reason why

7   we're seeking to have the schedule clarified.  In addition,

8   the three-day time frame just is not workable given the

9   volume of documents that we're expecting to see.

10          THE COURT:  Well, that's going to be the subject

11   of your motion, so for purposes of this motion, when do you

12   anticipate filing this particular motion?

13          MR. HITCHINGS:  I think given the comments of the

14   Court today, we can have the motion that we intend to file

15   revised and on file by the end of the week --

16          THE COURT:  All right.  Is that acceptable to

17   Vale?

18          MR. HITCHINGS:  -- Your Honor, subject to

19   receiving from Vale confirmation of the various categories

20   that they would like to have us address.

21          THE COURT:  No, no, no, no.  You know, we're not -

22   - I'm not leaving here today with that sort of a caveat.

23   Again, I'm trying to give you a preview of what this is

24   going to look like long-term, but it sounds like you already

25   have a motion teed up, and it sounds like there's a benefit

Page 49

1    to getting it teed up and getting it filed and getting this

2    process started.  We have to start somewhere, but I'm just

3    letting people know that when I make rulings on various

4    things that they will be applied to other documents.

5           And so that's -- I'm not going to require -- I'm

6    certainly not going to discourage parties from talking about

7    what needs to be addressed.  Discovery is not meant to have

8    a judge sit and address document by document, issue by

9    issue, so that I have to quit my day job and that's

10   particularly why we have Judge Gropper involved in this

11   case, to provide sort of a more -- a steady hand on the

12   discovery process.  So, I'm going to order that the motion

13   be filed by the end of the week.  You can work out

14   scheduling among the parties for briefing and perhaps you do

15   that once the motion is filed or before or however you want

16   to do it.  You can submit it in an order and I'll so order

17   it so it's on the record.

18          And then you can leave an open date for the

19   hearing and just say the hearing will be scheduled and that

20   will -- my plan would be to, once I start looking at the

21   papers, figure out what I need to do to get ready for any

22   hearing and then we'll be in contact with the parties to

23   schedule such a hearing.  So, -- all right.  Anything else

24   on -- for today's conference?  Let me hear first from the

25   joint administrators.  Anything else?

1            MR. HITCHINGS:  Your Honor, not concerning the

2     discovery issue on confidentiality.  We are happy to discuss

3     some broader scheduling and status of the case if Your Honor

4     is interested, but otherwise, I think we have sufficient

5     marching orders and a lot on our plate today and happy to

6     tee up those issues.

7            THE COURT:  All right.  Thank you very much.  Is

8     there anything else on the broader case that we should

9     discuss today or is that -- have we sort of bitten off as

10    much as we can chew, so to speak?

11           MR. HITCHINGS:  Your Honor, I think I'm just happy

12    to share with you, you know, where we've -- not necessarily

13    where we've been but where we are.  As the parties did say,

14    Judge Gropper has been immanently helpful solving a number

15    of discovery disputes.  We are pleased that we've achieved,

16    we think, a lot.  The joint administrators believe that the

17    documents have been produced sufficient to satisfy the

18    discovery obligations, support the issues that this Court

19    will consider.

20           At recognition earlier this year, there was an

21    agreement between the parties that Vale would stand still on

22    enforcement actions concerning (indiscernible) litigation

23    for a period of 150 days through August 2, and so that is

24    kind of the outside date that the parties are working

25    towards.  The joint administrators are hopeful that the

Page 51

1   recognition hearing can be scheduled by that date, but we're

2   certainly mindful of limitations caused by the current

3   global pandemic and how that may affect the ability of the

4   parties to go forward with the depositions.  We do

5   anticipate --

6           THE COURT:  Well, let me ask, if we -- if there's

7   going to be a discovery motion dealing with what can be used

8   publicly in this case that's going to filed now and a

9   preview of other potential motions that you mentioned

10  dealing with large swaths of documents and depositions that

11  have not yet occurred, how is August going to work?

12          MR. HITCHINGS:  Your Honor, that's is our hope.

13  We have been working diligently towards that.  We certainly

14  understand the challenges in getting there.  Our position is

15  that the joint administrators are ready to proceed.  To the

16  extent that Vale believes that there are discovery issues

17  that they haven't been able to resolve, we think that that

18  is driven largely in part because of their intent to use

19  documents beyond the Chapter 15 case.  I won't belabor the

20  point.  I think we've discussed that already today.

21          THE COURT:  Well, but, again, you -- well, that's

22  actually something I have to take very strong issue with.

23  We are a court that is about public proceedings.  I am not

24  having a trial in secret, so people cannot designate things,

25  especially given a track record of releasing 90 percent when

Page 52

1   you're challenged, and have -- just say, well, we want to

2   have it because we can't be bothered to identify what is

3   truly confidential and what's not, so we want the Court to

4   have a trial that is not public.  I'm not doing that.  I

5   don't do that.  I've never done that.  Other judges in this

6   court don't do that.  I don't believe the American system

7   contemplates that.

8            So, I think it is entirely incorrect to say that

9   you're ready to go, because you're not ready to go until

10  you've identified what you need to use and what needs to be

11  done at the trial that can be done in an open and public

12  forum because that's what the American system is.  So,

13  there's a lot of work to get there in this case.

14           So, I don't want anyone to be under any illusions

15  that that's how it would go otherwise.  It never goes that

16  way.  I don't allow it, and I will sua sponte identify

17  things if -- even in cases where parties say, well, we all

18  agreed it's confidential and I will say, well, why shouldn't

19  it be on the record in this case.  So, that's how it goes.

20  So, there are significant issues that will need to be

21  addressed before we can have an appropriate proceeding on

22  recognition in this case.

23           MR. HITCHINGS:  Certainly, Your Honor, and my

24  comments are not --

25           THE COURT:  Well, I -- but it -- again, I've heard

Page 53

1    this from the joint administrators in numerous points in

2    this proceeding, that you're ready to go and essentially

3    everything else is everybody's problem and that has yet to

4    be the case.  So, anything else from the joint

5    administrators?

6              MR. HITCHINGS:  No, Your Honor.

7              THE COURT:  Anything from Vale?

8              MR. ROSENTHAL:  Nothing further from Vale, Your

9    Honor.  We thank you for your time.

10             THE COURT:  All right.  Thank you very much, and

11   again, all of you please stay safe and we'll be talking

12   soon.  Thank you.

13             AUTOMATED VOICE:  The judge has left the call.  If

14   this was an accident or you were instructed by the judge to

15   rejoin the call, please call back.  Thank you for using

16   Court Solutions.  Goodbye.

17             (Whereupon these proceedings were concluded at

18   11:25 AM)

19

20

21

22

23

24

25

Page 54

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 15, 2020

| & | | |
|---|---|---|
| **&**   3:11 | | |

**1**

**1**   46:2
**10**   15:16
**100**   15:15,16
  30:15
**1000**   15:17
**10004**   1:15
**10006**   3:14
**10036**   4:4
**10:07**   1:18
**11**   1:17 16:16
  27:13
**11501**   54:23
**11:25**   53:18
**13l**   3:6
**15**   5:3 13:23 14:2
  14:20 15:18 16:5
  16:15 17:18,19
  19:4,5,6,8,9 20:24
  21:23,24,25 22:17
  25:8 32:5 35:19
  35:21 37:16 51:19
  54:25
**150**   15:17 50:23
**1540**   4:3
**19-11845**   1:3

**2**

**2**   50:23
**20,000**   34:19
**2019**   17:16
**2020**   1:17 54:25
**27**   38:18

**3**

**30**   15:12
**300**   54:22
**330**   54:21

**5**

**50**   15:12,15,16,16

**55**   3:5

**7**

**77**   12:19 13:5 18:9
  18:13 24:18,20,23
  25:4 26:10 36:24
  38:15 40:25 41:2
  42:17 47:10

**8**

**89**   2:3,6

**9**

**90**   2:9 26:14 27:9
  27:23 28:4,7,24
  29:7,12 51:25
**91**   2:14

**a**

**ability**   28:22 51:3
**able**   5:14 6:16
  8:13 25:5 27:8
  28:10 29:5 37:8
  51:17
**acceptable**   27:11
  27:22 48:16
**accident**   53:14
**accommodate**
  29:5
**accommodation**
  29:9 30:18 34:16
**accommodations**
  31:13
**accompanies**
  35:20
**accurate**   54:4
**achieve**   10:7
  47:18
**achieved**   50:15
**acknowledge**   15:2
**acknowledgement**
  28:6,21
**act**   30:8
**acted**   29:25
**action**   23:21

**actions**   50:22
**activity**   30:23
**actual**   9:13,25
  18:22
**adapt**   24:11
**addition**   48:7
**additional**   7:19
  13:3 37:2
**address**   13:5 17:1
  17:3 20:2 26:19
  40:8,23 46:11
  48:20 49:8
**addressed**   8:1
  9:21 39:9 42:2,6
  49:7 52:21
**administrate**
  30:22
**administration**
  1:7
**administrator's**
  7:18
**administrators**
  1:8 2:3,6,10 3:4
  4:2 6:10,18 7:22
  8:8 11:17,19
  12:15,22 13:14
  14:3,5 16:4,19
  21:11 22:7,7 25:9
  26:13 28:2,7,9,13
  28:14 30:13,17,21
  32:11 34:7 35:7
  36:9,17,22 37:10
  37:16 38:11 39:20
  40:10,21 41:22
  42:5,12 45:9
  47:15 49:25 50:16
  50:25 51:15 53:1
  53:5
**admitted**   33:11
**ado**   25:6
**adopt**   24:11 28:25
**advance**   5:11

**advantage**   36:1
**affect**   46:20 51:3
**affirmative**   37:14
**afield**   32:2
**ago**   26:20 29:22
  33:8
**agree**   14:3 16:17
  18:9 19:15 21:5
  26:11 28:10,15
  29:14 37:7
**agreed**   13:11,15
  23:22 30:14 52:18
**agreeing**   28:19
**agreement**   16:10
  16:11 23:19 50:21
**agreements**   35:14
  36:14
**agrees**   33:9 47:3
**ahead**   37:22
**alleging**   30:23
**allow**   10:6 18:20
  30:15 37:2 52:16
**allowed**   23:4
**allows**   12:14 19:3
  39:16
**amend**   38:9,20
**amendments**
  38:13
**american**   52:6,12
**amicable**   33:25
**amount**   8:21
  14:15
**andres**   4:16
**answer**   19:12
**answering**   44:17
**anticipate**   14:15
  42:17 48:12 51:5
**anticipated**   13:11
  13:21 14:8 45:12
  47:21
**anxious**   16:9
**anybody**   9:22

**anyway** 23:13
**apart** 22:10
**appear** 21:12
**application** 33:21
**applied** 39:17
  40:3,13 49:4
**applies** 40:5
**apply** 40:9 46:25
**appreciate** 7:14
  13:12 29:18 32:12
  37:8 41:17
**appreciated** 6:1
  11:24 29:23
**approach** 16:15
**approaches** 47:18
**appropriate** 14:6
  20:4,5,13 23:11
  26:23 27:13 32:13
  33:21 37:12,17,18
  52:21
**appropriately**
  18:23 20:24
**appropriateness**
  20:10 26:18
**arguments** 21:1
**articulation** 14:17
**artificial** 17:12
**aside** 44:18
**asked** 12:3,7
  45:16
**asking** 7:19 19:21
  22:3,18 32:21,25
  33:5 44:7,8,18,19
  45:1
**aspects** 28:15
  35:19
**assess** 23:8
**assistance** 38:2
**assuming** 18:13
**attached** 19:14
  33:15
**attachments** 7:23

**attempt** 47:18
**attempting** 13:13
**attorney** 46:3
**attorney's** 43:11
  43:21,24 44:5,9
  44:15,18
**attorneys** 3:12 4:2
  18:19
**audio** 36:23
**august** 50:23
  51:11
**authority** 23:24
  23:25 38:12
**authorized** 38:11
**automated** 53:13
**automatic** 9:18
**automatically**
  20:18 23:15
**avenues** 17:1
**avoid** 5:21,25
**aware** 20:17
  43:23

**b**

**b** 1:21
**back** 8:18 9:2,5
  12:3,17 13:17
  23:7 25:12 33:3
  34:21 35:14 53:15
**background**
  35:16
**baker** 3:5
**bankruptcy** 1:1
  1:13,23 24:14
  30:17 44:24 48:4
**bard** 21:21
**based** 23:8 25:22
  25:25 29:10 42:22
**basis** 9:13 10:22
  25:8 27:14 29:2
  37:3 40:15 43:5
  43:17 44:19 45:2
  45:22,23 46:10
  47:2

**bdo** 3:3 6:20
**bear** 27:19
**beat** 6:3
**becoming** 25:22
**befuddled** 32:22
**beginning** 19:7
**behalf** 11:19
**belabor** 51:19
**believe** 6:18,20
  7:6 14:18 36:24
  39:21 42:1 43:4
  50:16 52:6
**believes** 51:16
**benefit** 39:3 48:25
**berdugo** 4:14 7:7
**best** 5:18 7:12,13
  8:15 35:22
**better** 5:19
**beyond** 14:1,20
  16:5 21:25 25:8
  32:19 51:19
**biggest** 10:1
**bit** 38:8 42:16
**bite** 16:9
**bitten** 50:9
**blanket** 22:12
**blunder** 9:11
**blunderbuss**
  26:22
**blunt** 9:11
**bothered** 52:2
**bounds** 37:16
**bowling** 1:14
**brief** 14:14 32:18
**briefing** 49:14
**briefly** 7:22 37:23
  41:17
**bringing** 37:8
**broad** 10:22 12:8
  19:3 25:14 36:11
  42:19
**broader** 12:1 13:1
  37:13 42:16 50:3

  50:8
**broadly** 9:4 25:3
  36:22 43:22
**broadway** 4:3
**bsg** 1:7 5:3 31:20
  31:24
**bsgr** 30:21,25
**bunch** 18:11
**burden** 8:17
  17:20 45:19
**business** 29:1 48:1
**bust** 9:11

**c**

**c** 3:1 5:1 54:1,1
**calendar** 48:2
**call** 9:23 24:23
  28:24 42:7 53:13
  53:15,15
**called** 5:5 23:20
**callewaert** 1:8 3:8
  6:19
**case** 1:3 5:3 9:6
  10:12 12:2 13:10
  13:15,23,25 14:7
  14:13,25 15:24
  16:5,7,8 17:5,6,10
  17:15,16 18:17,23
  19:4,5,7,8 20:25
  21:8,9,14,23,24
  21:25 22:17,23,23
  22:25 24:15 26:25
  32:5,6,9 36:12,15
  37:6,15,16 38:3
  39:9 44:4 45:1
  46:14 47:14 49:11
  50:3,8 51:8,19
  52:13,19,22 53:4
**cases** 9:6 10:13,14
  16:16 35:21 52:17
**categorical** 47:18
**categories** 39:21
  42:19 48:19

[category - counsel]

category 39:25
42:16 45:23,23
caused 51:2
caveat 48:22
caveats 21:18
ceremonies 5:19
certain 2:14 8:24
10:7 16:17 25:20
26:24 28:19,20
30:23 31:20,21
39:23 40:2 42:22
certainly 7:13
10:14 12:11 21:12
23:5,16,18 37:12
49:6 51:2,13
52:23
certified 54:3
challenge 8:13,25
10:22 12:16 13:16
14:17 15:9,11,12
15:15,25 16:3
20:4 24:24 27:10
27:16 28:3 37:2,3
38:16 39:18 40:12
43:6 44:25 48:3
challenged 26:14
27:22 52:1
challenges 7:14
13:8,8 14:9,15
15:20 16:8 18:5
28:5 39:13 51:14
challenging 10:9
17:15
chambers 13:19
38:24 39:7,8
change 36:18
changes 39:4
changing 24:9
chapter 5:3 13:23
14:2,20 16:5,15
16:16 17:18,19
19:4,5,6,8,9 20:24
21:23,24,25 22:17

25:8 32:5 35:19
35:21 37:16 51:19
chat 35:11
check 6:5 41:25
chew 50:10
circumstance
7:14 17:25
circumstances
17:9
cite 23:24,24
38:11,12
cites 23:18
clarified 48:7
clarity 38:8 39:3
clear 11:9 17:24
31:22 32:20 34:2
34:13 38:19 43:19
43:22 44:13 48:1
clearly 10:9 17:16
19:25
cleary 3:11 7:2
client 46:3
cohen 1:8 6:19
colleague 6:13,15
colleagues 7:6
come 12:20 18:16
23:23 25:1,4,9
39:15,20
comes 26:8 27:17
35:18 45:18
comfort 10:5
coming 25:11
35:14 43:3
comment 29:16
30:10 33:8 41:11
comments 11:24
29:18 32:13,17
37:25 39:6 47:14
48:13 52:24
company 40:2
complaints 33:3
completed 32:4

complicated 5:15
concern 8:9 9:20
9:22 10:1,3,11,18
13:15 14:19 26:9
29:21
concerned 11:2
16:18 31:24 33:19
33:20 37:10
concerning 13:20
13:22 28:20 43:7
47:16 50:1,22
concerns 8:6 11:6
11:9 26:17
concluded 53:17
conclusion 29:12
concrete 41:23
conducted 5:4
confer 15:14,15
25:1,10
conference 2:1,4
2:7,11 7:18 10:10
12:8,9 26:19
49:24
confess 7:24 10:13
10:25
confidential 8:25
9:4,8,10,12,14
10:19 12:14,16
13:6 14:18 15:4
16:12,13,13,14
19:4,14,18,20,21
20:22,22,22,23
22:3,17,24 24:2,2
24:12 27:10 28:17
31:21 33:7,14,16
34:1,5,9,12,24
36:20 41:9,12
42:24 43:4,12
44:2,10,11,20,21
45:3,9,18,24 46:2
52:3,18
confidentiality
8:22 9:1 12:23

13:9,15,22 14:3,4
14:24 15:1 16:3
17:7 18:2 25:4,20
26:12,13,21 27:3
27:13,23,24 28:11
30:14 33:10 34:13
36:24 39:13 43:7
43:21 47:20 50:2
confirm 5:6 11:20
confirmation
48:19
conflating 22:5
connection 8:23
28:3 30:11,22
31:2
consider 17:9
37:17 50:19
considerable 8:20
36:1
constantly 34:21
consult 40:21
contact 49:22
contemplates 52:7
contentious 47:11
contents 19:19,20
context 13:1 19:1
continue 26:2
continued 39:22
continuing 11:2,8
contradictory
18:7,8
contrary 14:5
conversation 25:6
27:18 46:12
correct 24:21,23
43:14
correctly 24:18
36:16
cost 11:2,2 23:17
26:6 27:19 33:20
costs 11:7 27:15
counsel 25:10,11
28:23 32:15 40:22

[counsel - documents]                                                                Page 4

44:21
**country**  54:21
**couple**  7:5 8:5,6
  39:6
**course**  30:17
**court**  1:1,13 5:2,5
  5:6,12 6:16,21,24
  7:8 10:16 11:22
  12:2,6,23 15:5,19
  16:6,21 17:12
  18:4 19:10 20:20
  20:21 21:4,9,10
  22:3,5,18,20 23:2
  23:21 24:14 25:11
  26:4 28:23 29:17
  29:21 30:3,13,17
  31:5 32:14,21,25
  33:15,18 34:11,16
  34:25 35:5,14
  37:19,22,24 38:1
  38:10,20 39:3,4,6
  42:10,11,21 43:9
  43:15 44:4,7,17
  44:23,24 45:13,15
  47:3 48:4,10,14
  48:16,21 50:7,18
  51:6,21,23 52:3,6
  52:25 53:7,10,16
**court's**  13:19
**courts**  19:25 20:8
  20:15,16 25:21
**covered**  16:24
  40:19
**covid**  6:17
**created**  41:10
**crosstalk**  22:21
**current**  6:7 19:2
  22:15 37:1 42:14
  51:2
**currently**  16:2
**cut**  29:9

**d**

**d**  2:11 4:6 5:1
**date**  49:18 50:24
  51:1 54:25
**day**  15:12,14
  41:19 48:8 49:9
**days**  13:17 15:16
  15:18 48:1,6
  50:23
**deadline**  41:23
**dealing**  9:17
  11:11 18:12 29:12
  41:13 51:7,10
**deals**  36:13
**debate**  40:18
**debtors**  1:10
**decide**  5:25 20:6
  21:18 23:11 41:2
**decides**  38:20
**deciphering**  17:21
**declaration**  45:21
**deep**  35:8
**defined**  18:14
**definitely**  27:18
**delay**  9:16
**deliberate**  32:6
**deliberative**  46:4
**delve**  20:14
**depending**  15:9
  33:23
**depositions**  51:4
  51:10
**designate**  9:12,14
  12:14 36:18 51:24
**designated**  12:15
  15:3 19:3,18
  22:16 27:9 36:19
  38:17 42:24 43:4
  43:24 44:2,15
  48:2
**designating**  9:10
  9:15 48:3

**designation**  8:24
  9:3,19 10:21
  12:24 13:9 14:24
  15:1 16:3 17:7
  22:25 26:13,21
  27:3 28:11,21
  30:14 37:2 41:10
  41:12 43:20 45:18
  48:4
**designations**  9:8
  10:9,19 13:22
  18:20 20:15 26:15
  26:18 27:23 28:3
  28:7 29:13
**designed**  10:4
**desire**  34:22
**despite**  25:12
**detail**  43:17 44:12
**detailed**  7:24
**determination**
  18:2 37:1 44:12
**dialed**  6:19
**difference**  29:25
**different**  21:13
  22:5 23:6 35:19
  44:7 46:6
**difficult**  42:17
**diligently**  51:13
**directed**  36:11
**direction**  30:1
**disclosure**  31:21
  37:3
**discourage**  49:6
**discovered**  21:15
**discovery**  2:1,7
  6:22 9:23 11:5
  12:4,12 13:20
  14:11,12 15:21,24
  17:17 18:5,18
  20:3,4,5,24 21:16
  35:9,15 37:9 49:7
  49:12 50:2,15,18
  51:7,16

**discreet**  12:12,25
  13:5
**discuss**  19:19 50:2
  50:9
**discussed**  51:20
**discussion**  23:16
  35:12
**discussions**  11:13
  15:22
**dispute**  13:8
  31:11 47:25
**disputes**  9:22 37:5
  50:15
**distinct**  17:23
**distortion**  36:23
**district**  1:2 10:16
  10:16 30:13 44:23
  44:23
**dive**  12:4 35:8
**doc**  2:3,6,9,14
**document**  14:18
  17:4,5 19:14
  22:10 24:6 28:16
  29:2,2 33:12 40:4
  40:7,7,7,19 43:7
  44:8 45:2,2,22
  46:2 49:8,8
**documents**  8:11
  8:16 12:14,15,19
  12:20 13:6,13,21
  13:25 14:20,21
  15:3,9,10,13,16
  15:17 16:5,11
  17:2,25 18:1,2,6,9
  18:12,16,21 19:3
  19:4,8 20:10,12
  21:8,14,22 22:2,8
  22:11,16,22,24
  23:1 24:18,19,23
  25:8 26:10,10
  28:20 29:10 30:15
  30:20 31:3,3,9,12
  33:4,7,13,14 34:3

[documents - form]                                                                    Page 5

34:4,9,17,19,22
34:23,24 36:24
37:15 38:4,15,17
39:14,17,23 40:4
40:13,25 41:2
42:18,22 43:1,2,6
43:8,23 44:1,3,6
44:14,16 45:6,10
45:24,25 46:6,13
46:15,17,18,20,22
46:25 47:10 48:9
49:4 50:17 51:10
51:19
**doing** 5:8,12,13
6:13 7:3 14:4 18:6
26:6 27:24 31:17
40:9 47:6 52:4
**door** 13:13
**double** 6:5
**doubt** 46:6
**downsides** 5:14
**dozens** 18:15
**dragging** 41:20
**driven** 51:18
**driving** 41:1
**duane** 4:1 6:12
**due** 47:24
**duplicating** 26:7
**duties** 14:5

**e**

**e** 1:21,21 3:1,1 5:1
5:1 54:1
**earlier** 30:11
41:11 50:20
**echo** 37:25
**economical** 35:23
47:7
**ecro** 1:25
**effective** 37:7
**efficient** 7:12
35:23 40:24 46:23
47:7

**either** 45:22
**elizabeth** 3:17
**embarking** 36:3
**emergency** 6:17
**emmanuelle** 4:14
**emmett** 7:7
**emphasizing** 35:2
**enemy** 29:3
**enforcement**
23:21 30:12,16
50:22
**english** 34:11
**enormous** 38:2
**entered** 36:15
**entirely** 52:8
**entitled** 17:4,5,6
20:19,21 33:6
39:22 41:4
**especially** 42:15
51:25
**essentially** 22:15
26:16 38:9,24
41:10 45:5 53:2
**estate** 31:18,22
**eu** 31:25 46:3
**everybody** 20:25
33:9
**everybody'll** 7:13
**everybody's** 53:3
**evidences** 28:22
**exactly** 10:14
**example** 16:20
41:25 44:22 46:2
**examples** 39:23
**exceedingly** 35:17
**excuse** 9:9
**exhibits** 2:11,14
**exist** 47:1
**existing** 38:18
**expect** 14:19,22
21:25
**expectation** 14:16

**expected** 5:9
**expecting** 48:9
**expensive** 32:24
**experience** 17:18
36:2
**experts** 44:4
**explain** 13:2
**explained** 43:16
**explaining** 42:5
**explanation** 16:1
45:22
**explanations**
31:23
**extend** 15:18
**extending** 14:13
**extensive** 7:23
8:14
**extent** 10:18,20
28:4,12 45:14
51:16
**extra** 6:3,3
**eyes** 18:19 43:11
43:21,24 44:5,9
44:15,18

**f**

**f** 1:21 54:1
**fact** 5:11 9:10,17
27:22 28:22 37:4
43:8,23
**fair** 47:23
**faith** 9:13 28:8
**families** 5:8
**family** 6:12,17 7:3
**far** 10:1 11:11
37:8,9,13,14
38:22 42:15,15
**fashion** 26:22
**fast** 13:13
**fearful** 41:23
**fell** 26:15
**fight** 24:19
**figurative** 5:20

**figuratively** 5:20
**figure** 26:6 27:2
34:8 45:4 49:21
**file** 7:20 22:7
23:23 24:15 25:14
25:15 31:9 32:13
35:7 36:9 38:8,11
41:7,13 42:12,13
46:1 48:14,15
**filed** 17:16 47:15
48:6 49:1,13,15
51:8
**filing** 48:12
**filings** 33:15
**finally** 22:6
**find** 6:9,24
**fine** 16:11 23:16
29:1 31:8,11
45:15
**finishing** 17:17
**first** 5:7 7:19 8:7,9
19:2 26:18 34:24
37:25 40:11 46:15
49:24
**fit** 15:23
**five** 15:14 41:1
**folks** 5:24 6:4
18:20 35:13 46:25
**follow** 38:21 39:5
**followed** 38:22
**following** 35:17
46:3
**folly** 40:6
**foot** 41:20
**force** 9:11 41:1
**foregoing** 54:3
**foreign** 20:19,21
21:1 23:7,15
28:16 31:7,12,14
35:20
**forever** 40:10
**form** 22:16 42:14
47:2

[format - hyman]                                                                Page 6

format   19:3
former   40:19
forth   8:19 12:17
   13:17 35:14
forum   20:6 44:20
   52:12
forums   20:13 24:4
forward   8:22
   12:22 51:4
founded   11:4,4
four   41:1
frame   48:8
framework   22:18
frankly   19:7 33:5
   34:15 38:15
fraudulent   30:23
frederick   4:6
free   34:13
front   7:15 31:14
fronts   10:8
full   17:19
fulsomeness   31:24
further   2:9 16:1
   19:1 21:17 28:10
   28:14 29:4 32:2
   35:25 36:3 37:3
   40:18 53:8
future   33:22

**g**

g   5:1
gain   16:4,20
general   7:25
   36:13
generally   25:15
   44:10
getting   8:12 30:3
   30:5 38:3 42:7,24
   49:1,1,1 51:14
give   6:3 10:5
   41:22 44:24 46:16
   48:23
given   14:8,15,19
   28:15 41:8 42:15

42:17 48:8,13
   51:25
global   51:3
globe   10:13 20:13
   26:4
go   11:25 19:25
   20:12 27:10 34:8
   34:10,19 37:22
   39:12 47:12 51:4
   52:9,9,15 53:2
goals   10:7
goes   52:15,19
going   11:13 17:9
   18:10 19:11 20:10
   20:12 21:19 24:19
   24:24 28:24 32:17
   35:7 39:12,15,15
   40:10,12,15 41:3
   41:7,8 42:12 45:6
   46:1,1,21,22,24
   48:10,24 49:5,6
   49:12 51:7,8,11
good   5:2 7:1,8
   9:13 11:18 28:8
   29:4 32:16 36:2
goodbye   53:16
goodwill   29:6
gottlieb   3:11 7:2
governed   17:22
governs   39:7,11
grateful   38:6
grave   11:6 26:17
great   9:20 13:14
   26:6 27:15
green   1:14
gropper   14:11
   35:10,17 37:5,7
   37:11 38:2 42:1,4
   42:6 49:10 50:14
gropper's   38:5
ground   31:5
grounds   25:1

guernsey   10:15
   14:6 25:18
guess   26:8 36:18
guidance   46:17
gy   3:6

**h**

hamilton   3:11
hand   49:11
handful   13:21
handle   10:13
hands   18:3
happen   20:1 46:1
   46:22
happened   25:25
   31:4 39:10
happens   21:19
happy   11:25 12:5
   50:2,5,11
hard   46:16
harm   31:22
hazard   6:7
head   26:20
hear   8:7 11:16,20
   11:22 21:4 32:14
   33:22 49:24
heard   18:7,10
   29:23 30:24 52:25
hearing   2:1 5:3,5
   6:3 11:10 39:14
   49:19,19,22,23
   51:1
hearings   6:8 8:14
   8:14,19 11:10
heart   11:13
held   24:25
helpful   13:2 19:1
   41:21 42:15 46:19
   50:14
high   15:2
history   11:8 17:19
hitchings   4:7 6:13
   11:18,19,23 12:11
   15:8 16:2,17

17:11,24 18:25
   21:2,7,22 22:14
   22:21 24:22 28:1
   32:12 34:21 36:21
   36:21 38:1,15
   41:15 42:13 43:1
   43:14,19 44:13
   45:11,14 47:16
   48:13,18 50:1,11
   51:12 52:23 53:6
hold   29:6 43:1
holohan   4:13
home   7:10
hon   1:22
honor   6:11 7:1
   11:21,23 12:1,11
   12:13 13:1,2,4,12
   16:17 17:11,24
   21:2,22 22:14,21
   24:22 28:1,18
   29:15 30:10 32:12
   32:16,19 33:8,23
   35:3 36:21,25
   37:5,14,20 38:23
   38:24 41:15,16,22
   42:13,14 43:8,14
   43:19,22 44:13
   47:17 48:18 50:1
   50:3,11 51:12
   52:23 53:6,9
hope   5:8 6:12 7:2
   51:12
hopeful   50:25
hundreds   18:15
hung   42:3
hutchings   33:3
hyde   2:25 54:3,8
hyman   4:6 6:11
   6:12 29:15,18,18
   30:2,10

[identification - left]                                                      Page 7

| i | insight 42:15 | it'll 24:12 | justifications |
|---|---|---|---|

**i**

**identification**
  40:1 42:19
**identified** 24:24
  39:18 41:21 52:10
**identify** 8:6 15:23
  39:23 40:11 41:1
  45:5 46:10 52:2
  52:16
**ii** 2:7
**illusions** 52:14
**illusory** 10:1
**imagine** 36:12
  47:9
**immanently** 50:14
**immediate** 18:14
**immediately**
  26:25
**impatient** 11:14
**implicates** 40:2
**important** 24:8
  40:24
**impression** 28:19
**inappropriately**
  28:22 38:17
**include** 30:25
  37:18
**including** 33:14
  35:19
**incorrect** 43:24
  52:8
**incumbent** 43:5
**indicate** 14:23
  27:5
**indiscernible** 6:21
  50:22
**individual** 23:10
  29:2 35:18 40:1
**inescapable** 29:11
**information** 8:12
  31:21 40:14,18
  44:25,25 45:5

**insight** 42:15
**insist** 39:15 40:12
  40:20
**insofar** 38:9
**insolvency** 16:16
**instance** 15:10
  25:3,7 26:18
  40:11
**instructed** 53:14
**instrument** 9:11
**intend** 12:12 13:3
  48:14
**intended** 14:24
**intends** 21:24
**intent** 13:25 14:21
  51:18
**interest** 26:24
**interested** 8:13
  26:2,3 31:11
  45:17 50:4
**intl** 3:6
**involved** 6:22
  11:7 49:10
**involvement** 38:5
**issue** 5:23 12:4,12
  12:25 13:5,6,24
  18:25 19:22,23
  23:21 25:23 26:1
  32:5,24 39:23
  40:3 41:3,3 42:18
  47:19 49:8,9 50:2
  51:22
**issued** 20:18,20
  30:13
**issues** 7:21 8:19
  11:11 14:10,13,14
  19:6,13 20:1 25:5
  36:23 37:9,11
  39:21 40:23 41:1
  42:2 45:6 46:14
  46:18 47:6,21
  50:6,18 51:16
  52:20

**it'll** 24:12
**item** 9:14

**j**

**j** 4:13
**jarret** 4:7
**jarrett** 6:13 11:18
  36:21
**jeff** 7:2 32:16
  37:20 41:16
**jeffrey** 2:15 3:16
**job** 32:8 49:9
**joint** 1:8 2:3,6,9
  3:4 4:2 6:10,18
  7:17,22 8:8 11:16
  11:19 12:15,22
  13:14 14:2,5 16:4
  16:19 21:10 22:6
  22:7 25:9 26:13
  28:2,6,9,12,14
  30:13,17,20 32:11
  34:6 35:6 36:9,17
  36:22 37:10,16
  38:11 39:20 40:10
  40:21 41:22 42:5
  42:11 45:8 47:15
  49:25 50:16,25
  51:15 53:1,4
**judge** 1:23 5:2
  14:11 23:7,10
  31:14 35:10,17
  37:5,7,11 38:2,5
  42:1,4,6 49:8,10
  50:14 53:13,14
**judges** 52:5
**judgment** 30:12
  45:3,20
**jump** 11:13
**june** 17:16
**jurisdictions**
  10:20,24 17:22,22
**justification**
  44:11 45:18 47:3
  47:4

**justifications**
  45:23 46:6
**justify** 45:2
**justifying** 45:9

**k**

**keep** 22:18 25:11
  37:15 43:10
**kept** 33:3
**kind** 27:17,19
  33:3 35:10 42:16
  47:18 50:24
**kinds** 35:22 40:6
  47:6
**kirsty** 6:22
**know** 7:4 9:8,20
  10:8 12:2 16:16
  21:7 22:18 26:8
  32:1 34:9,19 36:5
  38:2 40:24 41:7
  42:23 46:16 47:5
  47:12,21 48:21
  49:3 50:12
**knowledgeable**
  35:18
**knows** 22:22

**l**

**lack** 5:19 30:9
**lane** 1:22 5:2
**language** 47:24
**large** 16:16 28:4
  51:10
**largely** 51:18
**larger** 46:20
**lastowski** 4:8 6:15
**law** 24:6 36:13
**lays** 12:8
**leave** 28:18 36:4
  49:18
**leaving** 48:22
**ledanski** 2:25 54:3
  54:8
**left** 53:13

**legal**  40:2 42:23
54:20
**length**  33:19
**lengthy**  42:4
**letter**  2:3,6,9,15
7:18,19,20,23
12:8 26:14 42:7
**letters**  8:18 9:3
26:11 42:4
**letting**  47:12 49:3
**levander**  4:15
**level**  15:2 44:11
**levels**  31:23
**leverage**  16:4,20
**liberty**  3:13
**lift**  14:3 28:10,15
28:19 30:14
**limitations**  22:1
51:2
**limited**  1:7 3:3
21:24 25:8,22
**limits**  22:16 31:9
**line**  6:1,14,21 7:9
**lisa**  3:18 7:3,6
**list**  39:20
**listen**  33:18
**listening**  7:6
**literally**  42:3
**litigate**  20:10,12
34:15 40:6,16
46:19
**litigating**  16:7
36:1
**litigation**  23:18
26:7 27:19 35:20
36:4 50:22
**litigations**  35:23
**little**  5:15 6:3 38:8
42:16
**living**  25:19,19
**llp**  3:11 4:1
**local**  13:19

**log**  45:7,8,11
**logs**  44:22
**london**  3:6
**long**  8:17 48:24
**look**  7:25 8:5
48:24
**looked**  7:22 27:2
**looking**  18:21
35:12 42:19 49:20
**lot**  11:5 15:22
16:24 50:5,16
52:13
**lower**  44:2

**m**

**m**  3:18
**maintain**  27:15
28:13
**maintained**  13:6
36:25
**maintaining**
27:14
**majority**  15:3
26:11 33:8,13
38:4
**making**  9:9 26:3
38:25 45:3,20
**malcom**  1:8 6:19
**managing**  14:12
**marching**  50:5
**mark**  32:7
**massive**  39:13
**master**  5:19
**materials**  8:24 9:1
36:12
**matter**  1:5 5:4
47:8
**matters**  36:14
46:11
**mcmahon**  6:22
**mean**  16:22,23
47:1
**meaning**  10:21
21:17

**meaningful**  26:22
**means**  7:10 18:5
23:3 29:9 39:19
43:15 45:15
**meant**  49:7
**mediating**  31:11
**medium**  8:16
**meet**  15:13,14
24:25 25:10
**mention**  27:4
35:16
**mentioned**  51:9
**mentioning**  7:15
**mentions**  35:9
**merely**  24:20 28:9
**message**  41:14
**met**  6:16,20
**michael**  4:8
**microphone**  5:21
**mike**  6:15
**mindful**  15:4 51:2
**mineola**  54:23
**minute**  19:10 23:3
23:3
**mis**  34:19
**missing**  21:6
**misunderstanding**
18:23
**modify**  13:7
**modifying**  37:1
**moment**  6:17
29:16 33:8 42:3
44:19
**month**  41:24
**monthly**  41:25
**months**  8:14 11:8
26:20 29:22
**morning**  5:2 7:1
11:18,24 29:19
32:16
**morris**  4:1 6:12
**motion**  2:1,4,10
2:11,14 12:22

13:3,17 14:9 22:8
22:9 23:24 24:15
25:14 31:9 32:13
35:6 36:10,10,10
36:17,23 38:9,25
39:1 41:7,13
42:12,14 46:1
47:9,14,17,24
48:5,11,11,12,14
48:25 49:12,15
51:7
**motions**  13:20
38:7 40:7 51:9
**mounting**  11:7
**move**  8:22 12:22
32:6 42:9
**mute**  5:25 6:2,4,5
6:6,7 11:20
**myopic**  17:10

**n**

**n**  3:1 5:1 54:1
**nature**  19:21
22:25 45:24
**navigate**  35:22
**near**  17:17
**necessarily**  50:12
**need**  8:3 12:22
14:23 15:23,25
16:14 27:2 34:15
34:18 35:8 38:21
42:18 46:21 49:21
52:10,20
**needing**  18:14
**needs**  16:7 31:20
49:7 52:10
**negotiate**  10:3,4
**negotiations**
32:25 33:24
**neither**  20:20
**neutral**  14:11
35:10,15
**never**  29:5 42:6
52:5,15

**new** 1:2,15 3:14
4:4 10:16 44:23
**noise** 6:1
**non** 6:17 33:6
**note** 25:3
**noted** 30:11 38:15
**notice** 24:25 48:2
**notion** 9:3
**notwithstanding**
41:11
**number** 10:14
14:12 15:9 24:19
25:12 28:23 29:7
37:9 46:2,20
50:14
**numerous** 8:19
24:13 35:9 53:1
**ny** 1:15 3:14 4:4
54:23

**o**

**o** 1:21 5:1 54:1
**obligations** 34:2
50:18
**obviate** 34:18
**obviously** 5:14
**occasional** 29:8
**occurred** 51:11
**offensively** 10:20
10:24
**oh** 18:10
**okay** 29:14 44:17
**old** 31:5 54:21
**once** 49:15,20
**ones** 7:5 12:7
24:20 28:12,13
34:10
**open** 5:5 20:11
42:2 49:18 52:11
**opportunity**
21:11
**opposite** 42:21
**order** 8:22 12:13
12:21,23 13:8,11

16:19 19:2 22:15
34:2,13 35:4
38:10,19,20 39:1
39:2,4,7,9,10
41:19 43:21 45:12
46:24 47:25 49:12
49:16,16
**orders** 35:15
36:14 50:5
**original** 19:2
**outlined** 41:18
**outset** 8:7
**outside** 14:1 16:20
17:9 19:9 21:9
30:16 50:24
**overbroad** 41:9
**overseas** 19:17,21
**overwhelm** 16:18
**overwhelming** 8:9

**p**

**p** 3:1,1 5:1
**pandemic** 51:3
**papers** 23:17
33:12 49:21
**paragraph** 38:18
**paraphrase** 21:21
**part** 10:5 18:18
28:6 30:23 48:6
51:18
**particular** 5:17
12:4,10 21:21
22:10,11 28:15,21
32:8 36:14 40:1,1
40:18,19 48:12
**particularly** 22:2
49:10
**parties** 5:21 8:12
10:5,6 12:7,14,17
12:20 14:14 15:14
18:20 23:22 24:25
31:19,24 32:25
33:21 35:5,11,15
37:6,9 39:5,19

44:4 47:25 49:6
49:14,22 50:13,21
50:24 51:4 52:17
**parts** 14:22
**party** 9:9 30:21
41:10 44:25 48:2
48:3
**passing** 5:20
**patience** 5:11 11:3
**patrick** 4:13
**people** 5:21 7:10
7:11 8:3,7 17:21
18:19 24:4 30:24
49:3 51:24
**percent** 26:15
27:9,23 28:4,7,24
29:7,13 30:15
51:25
**percentage** 28:4
**perfect** 29:3
**perfectly** 29:1
**period** 15:14
17:19 50:23
**permission** 39:1
**permit** 16:4
**permitted** 43:20
44:3
**person** 5:23
**perspective** 29:19
29:24
**peters** 3:9 6:20
**phone** 5:16 42:3
**pipe** 18:16
**place** 12:13 22:19
34:24
**places** 25:25
**plan** 38:12 47:12
47:13 49:20
**planning** 38:7
**plate** 50:5
**play** 39:24
**plaza** 3:13

**please** 53:11,15
**pleased** 50:15
**point** 5:18 9:15
10:25 15:2 23:7
33:2,3 35:3 38:3
51:20
**points** 53:1
**polite** 27:21 30:4
30:6
**popular** 46:10
**portions** 45:24
**position** 27:14
51:14
**positions** 11:5
42:5
**possession** 43:3
**possible** 13:14
21:12 42:10
**potential** 51:9
**poured** 7:24
**pre** 2:1,4,10
**preemptively**
9:21
**prejudiced** 14:25
**prepared** 11:25
42:13 47:20
**preparing** 38:16
**present** 4:10
12:12
**presented** 14:10
**presenting** 36:25
**preserve** 12:23
**presupposes** 27:8
34:23
**pretty** 9:7 13:11
**prevalent** 46:7
**prevent** 41:20
**preview** 48:23
51:9
**previously** 31:4
**primary** 6:14
**principles** 40:8
42:23

**prior** 26:19
**privacy** 31:25
**privilege** 44:22
45:7,8
**probably** 33:25
36:5 46:8 47:8,11
**problem** 21:2,7
27:6 41:11 53:3
**procedure** 9:7,15
9:18,23 27:9
38:18,21 41:21
**procedures** 8:15
8:23,25 9:17 10:4
10:4,5,15,15,17
13:19 35:4 39:5
41:13,17 47:5
**proceed** 51:15
**proceeding** 14:2,6
14:20 15:21 16:20
19:17 20:11 21:9
21:10 23:7,9 24:7
24:13 25:9,17
28:17 30:12,24
31:8,14 32:4
43:13 52:21 53:2
**proceedings**
10:24 11:3 14:1
16:11 17:2,2,3,4
19:13,24 20:1,7
23:5,12,15 24:8
24:14 26:4,5
30:20,22 31:10,12
32:23 51:23 53:17
54:4
**process** 6:23 13:7
13:12,16 15:12
16:18,19 24:24
29:22 36:19 37:2
42:9 46:4 49:2,12
**produce** 47:1
**produced** 13:25
16:12 17:14,25
19:5,8,24 20:19

21:16,17,23 22:8
22:13,22 23:4,20
24:6 26:12 31:10
33:9 36:12 43:10
44:9 50:17
**production** 8:11
16:23 33:9
**productive** 35:12
**progress** 9:25,25
10:1
**progressively**
30:5
**prohibiting** 38:25
**prohibitive** 23:17
**proper** 45:4
**properly** 10:23
18:17 27:25
**prophylactic**
23:14
**propose** 13:4
15:13
**proposed** 15:7,8
**proposition** 36:11
**protect** 31:20
**protecting** 31:19
**protection** 21:16
21:17 24:6 39:22
39:22 41:5
**protective** 12:13
12:21 13:7,10
19:2 22:15 24:5
34:2 35:4 38:10
38:19,20 39:1,2,4
39:7,10 41:19
45:12 47:24
**proven** 17:15
**provide** 13:4 31:2
31:23 49:11
**provided** 8:1
26:24 27:1 43:17
44:3 45:8,21
**providing** 44:12

**public** 20:11
21:15,20 23:5,6
24:7,8,12 33:15
34:4 44:20 46:14
51:23 52:4,11
**publicly** 51:8
**purpose** 13:23
**purposes** 14:4
15:24 19:8 22:23
31:3 47:13 48:11
**purposing** 14:24
**pursuant** 12:21
**pursue** 30:15,16
**pushback** 19:11
**put** 5:25 6:5 17:12
18:19
**putting** 18:13
32:22 44:18

**q**

**question** 12:2
20:23 27:12 30:6
31:18 38:14 39:25
41:18 44:8,17
**questions** 8:5 9:13
15:6 25:5 47:14
**quit** 49:9
**quite** 7:11 24:17
**quoted** 9:2,5

**r**

**r** 1:21 3:1 5:1 54:1
**raise** 19:12
**raised** 7:21 12:16
46:15
**raises** 9:12 26:17
27:12
**raising** 14:10
**rate** 29:13
**reach** 31:13 33:25
34:7,16
**read** 7:17,19,20
**ready** 24:20 42:7
49:21 51:15 52:9
52:9 53:2

**real** 37:23 41:17
**realize** 47:2
**really** 9:18 11:13
22:12 27:1 29:11
30:19 31:1 32:18
34:9 35:1 40:8
**reason** 7:15 14:16
15:20 27:4 30:6
48:6
**reasonable** 10:7
**reasonably** 5:13
**reasons** 15:20
41:19 46:3
**receiving** 14:15
48:2,19
**reception** 30:6
**recitation** 8:18
**recognition** 8:13
15:21 21:20 28:9
32:4 50:20 51:1
52:22
**recognize** 7:9
**recommend** 37:4
**record** 8:17 49:17
51:25 52:19 54:4
**recur** 46:6
**redacted** 2:11
47:2
**refer** 37:5
**reference** 37:11
**referred** 14:11
34:21
**reflection** 26:23
29:5
**reflects** 30:9
**regard** 32:23 38:7
38:12
**regarding** 2:6
**regret** 34:15
**regular** 16:16,24
**regulations** 31:25
46:3

**rejoin** 53:15
**related** 6:17 10:3
  13:2
**relates** 15:21
**relating** 13:24
**relationship**
  25:24
**releasing** 51:25
**relief** 12:10 13:3
  14:23 33:1 37:13
  37:17
**relieve** 46:21
**relitigate** 40:15
**relive** 9:24 11:15
**remaining** 46:25
**remark** 37:23
**remarks** 11:25
  32:19
**remember** 26:25
**remind** 44:21
**removed** 26:16
  27:11,23
**removing** 29:13
**repeat** 8:3
**repeating** 23:17
**representative**
  46:18,18,24
**represented** 26:14
**reproduced** 33:16
**request** 2:4,7,10
  12:3,9,10 31:2
  36:18 37:14 38:23
**requested** 26:25
**requesting** 7:18
**require** 20:14
  40:10 49:5
**required** 38:25
  45:12
**requirement**
  41:20
**requires** 27:15
  39:2 48:5

**reserves** 20:25
**resolution** 12:20
  13:8,18 14:10
  25:2 33:25 34:7
**resolve** 12:18
  47:25 51:17
**resolved** 28:5
  33:24
**resolving** 28:3
**resources** 1:7
  31:18
**respect** 30:14
**respond** 23:24
**response** 2:3,9
  7:20,21,21 12:3
  19:5
**restraints** 17:13
**restricted** 34:10
**restrictions** 28:20
  34:3,22
**rethinking** 29:8
**return** 34:3
**review** 25:22
  28:10,14
**reviews** 27:24
**revised** 48:15
**revisiting** 31:5
**richard** 4:12
**rick** 6:11 29:15
**right** 6:24 7:8,17
  11:20 12:4 21:5
  22:20 24:16 32:5
  32:10,14,24 33:5
  34:1,25 35:5,8
  36:8,23 37:19
  38:21 42:11 43:15
  45:13 48:16 49:23
  50:7 53:10
**rights** 20:25
**road** 24:9 35:21
  39:12 47:12 54:21
**roadblocks** 32:22

**role** 25:13,13
**roll** 15:16
**rosenthal** 2:15
  3:16 7:1,2 32:16
  32:17 33:23 35:1
  37:20,21,23,25
  41:16,16 53:8
**rounding** 32:7
**rule** 13:19 22:12
  23:14 24:3 27:12
**rules** 16:24 17:3
  17:14,23 20:8,14
  23:9 24:9 25:20
  25:21 26:5 27:13
  35:21 38:24 39:7
  39:8 44:22
**ruling** 18:14
  20:18,20 25:15
  39:24 40:3,4,16
  40:17,20 48:3
**rulings** 20:16
  25:25 26:3 39:16
  39:17 40:9,13
  41:4 46:25 49:3
**run** 14:21

**s**

**s** 3:1 5:1
**saenz** 4:16
**safe** 53:11
**safely** 19:16
**samples** 46:24
**samuel** 4:15
**sanely** 35:22
**satisfy** 20:3 50:17
**saying** 5:7 21:4,5
  34:1,6,14 41:6
  43:10 44:19 45:25
  46:18
**says** 20:18,20 22:8
  22:12,15 23:14
  39:3 47:25
**schedule** 14:9
  35:6 48:7 49:23

**scheduled** 49:19
  51:1
**scheduling** 12:3
  49:14 50:3
**schweitzer** 3:18
  7:4,4
**scope** 14:1 15:22
  35:12,13 36:17
**scores** 18:15
**sdny** 23:20
**seal** 2:12,14 19:14
  19:16 28:16
**sean** 1:22
**second** 5:10,24
  38:14 39:12 46:11
**secondly** 37:1
**secret** 51:24
**see** 5:15,22 12:17
  19:17 25:13,13
  27:7 31:17 34:11
  41:24 48:9
**seeing** 46:17
  47:22
**seek** 13:3,4,7
  17:21 18:11 48:3
**seeking** 35:3 48:7
**seeks** 25:14
**seen** 38:4,5
**selection** 12:19
**sense** 7:25 45:17
  46:8,15
**sent** 42:8
**separate** 17:23
  22:9
**seriatim** 39:13
**serious** 27:12
**serve** 5:18
**service** 5:4
**set** 5:5 35:14
**share** 50:12
**sharing** 7:10
**shl** 1:3

[short - thank]                                                                    Page 12

**short**  8:16 11:3
**shows**  32:2
**side**  26:15
**significant**  40:23
  52:20
**simply**  14:3 28:14
**simultaneously**
  16:22
**single**  33:12,13
**sit**  49:8
**sitting**  46:21
**slow**  10:24
**small**  12:19
**solution**  10:6
**solutions**  5:5,6
  53:16 54:20
**solving**  50:14
**somebody**  16:25
  19:21
**somebody's**  29:6
**sonya**  2:25 54:3,8
**soon**  53:12
**sophisticated**
  35:18
**sorry**  24:11 28:23
**sort**  18:5,16,21
  23:14 25:14 43:17
  44:11 45:21,21
  48:22 49:11 50:9
**sought**  19:7 25:7
  30:16 47:10
**sound**  18:7 45:19
**sounded**  9:5
**sounds**  35:11
  36:10 39:14 48:24
  48:25
**southern**  1:2
  10:16 44:23
**spaces**  7:11
**speak**  6:6 50:10
**speaking**  5:20 7:5
  44:10

**specific**  14:17
  26:3 46:17 47:16
**specifically**  14:23
  26:19 39:8,9,18
**speed**  32:6
**spend**  8:20 35:25
**spent**  11:5,11
  16:24
**spokesperson**
  6:15
**sponte**  52:16
**square**  11:10
**stamped**  33:14,16
  34:4,20
**stand**  27:3 50:21
**standard**  9:7
  16:15
**standards**  26:7
**start**  5:7 12:6,10
  18:20 49:2,20
**started**  13:10 27:1
  49:2
**starting**  11:10
**state**  9:7 36:13
**stated**  14:18 15:20
**statement**  27:5
  35:17
**states**  1:1,13
  10:16 14:1 20:11
**status**  2:4,6,10
  12:1 45:9 50:3
**stay**  53:11
**steady**  49:11
**steen**  3:11
**stephen**  3:9
**steve**  6:20
**sticks**  40:17
**stip**  33:10
**stipulation**  27:14
  47:20
**stipulations**  20:15
**stop**  17:19

**streamlined**  13:11
**street**  3:5
**strokes**  12:8
**strong**  31:15
  51:22
**stuff**  27:17
**sua**  52:16
**subject**  2:11 10:22
  12:9 13:19 15:9
  15:11 17:6 18:1
  20:8,24 21:15,17
  23:1 24:5 25:21
  25:24 26:12,23
  40:17 48:10,18
**subjects**  33:22
**submissions**  8:4
**submit**  49:16
**submitted**  8:18
  13:18
**subsequent**  7:20
**substantive**  7:21
**successful**  14:12
**successfully**  24:13
**suffice**  8:20
**sufficient**  50:4,17
**suggest**  25:6
**suite**  54:22
**summarized**
  37:14
**support**  50:18
**supportable**  28:8
  29:11
**supposed**  17:14
  30:7 32:6 44:24
**sure**  5:6 6:2 9:9
  15:24 19:18 21:20
  29:17 30:7 37:24
  41:14
**suspect**  17:18
  31:22
**swaths**  51:10
**sympathetic**  41:8

**system**  52:6,12

**t**

**t**  54:1,1
**tackle**  16:14
**take**  6:4,6 14:21
  17:20 26:8 29:4
  36:1 51:22
**takeaway**  36:8
**taken**  7:25 8:5
  33:19
**takes**  6:2
**talk**  5:21 8:15,15
  12:1 18:10 24:1
  25:16,17 45:16
  46:9
**talked**  8:23
**talking**  8:11 10:8
  11:6 16:25 22:11
  22:12 30:19 31:19
  35:13 44:1,5,6,14
  44:15 49:6 53:11
**tee**  23:25 41:3
  46:15 50:6
**teed**  24:20 47:9
  48:25 49:1
**telephone**  6:10
**telephonic**  6:8
**telephonically**  3:8
  3:9,16,17,18 4:6,7
  4:8,10 5:4,12
**tell**  15:6 27:17
  30:8 43:5
**telling**  27:21 36:5
**term**  5:19 8:16,17
  8:17 48:24
**terms**  11:5 22:3
  28:17 41:4 47:6
**test**  20:3
**thank**  5:10 6:11
  6:24 11:22,23
  50:7 53:9,10,12
  53:15

**themes** 46:5
**thing** 7:9 9:22
  29:8 33:2 37:6
  40:17,24
**things** 5:12,15,17
  5:22 7:12 8:21,22
  9:2 10:6 11:14
  16:10 18:8,11
  19:13,16,22,24
  22:6 23:19,20,23
  24:3 25:15,21
  26:3,24 27:8,16
  29:10 32:23 33:24
  39:21 45:20 46:23
  47:13,13 49:4
  51:24 52:17
**think** 6:16 7:4 8:9
  9:21 11:4,9 18:25
  19:20 22:6,10
  23:11 24:22 27:6
  29:23 30:11 31:6
  32:18,21 33:11,23
  35:1,8,24 36:8,22
  37:6,10,13 38:3
  39:2 41:7,22
  42:18,21,23 46:9
  46:19 47:19 48:13
  50:4,11,16 51:17
  51:20 52:8
**thinking** 40:25
  47:6
**third** 31:19,24
  46:11
**thought** 36:6 42:2
  43:11 46:8
**thousand** 15:10
  18:12 46:22
**three** 13:17 41:19
  46:3 48:1,6,8
**throw** 36:6
**tier** 44:2
**tiers** 43:20

**time** 5:13 6:2,3
  7:19 8:21,22 11:6
  11:11 15:15 16:24
  17:13 24:5 26:24
  29:4,23 30:5
  31:15 33:19,22
  35:25 36:3 37:2
  47:20 48:8 53:9
**timeframe** 15:7,8
**timeline** 14:13
**times** 5:9,24 11:12
  25:12
**timing** 10:8 36:18
  47:19,23
**today** 6:15 7:5
  13:24 25:6 27:7
  28:18 32:13,21
  34:14 36:9 42:14
  48:14,22 50:5,9
  51:20
**today's** 7:18 10:10
  11:10 49:24
**told** 25:12,20 26:1
  27:20 30:5 31:6
**topic** 36:2 39:9
**total** 21:9
**track** 32:4 51:25
**traditionally**
  35:20
**transcribed** 2:25
**transcript** 19:17
  54:4
**trial** 21:19,20
  51:24 52:4,11
**tribunal** 21:1
**tried** 29:20
**trouble** 19:15
**true** 27:22 28:1
  29:7 54:4
**truly** 52:3
**try** 5:18 26:20
  46:9

**trying** 9:16 11:14
  11:14 17:12 31:1
  32:3 35:24 45:4
  46:5 47:5 48:23
**turned** 29:10
**twice** 9:24
**two** 5:17 9:12,15
  18:7 36:23 42:2
  43:20
**twofold** 19:1
**type** 22:1 37:17
**types** 35:21

**u**

**u.k.** 25:10,17
**u.s.** 1:23 9:24
**unclear** 47:23
  48:5
**unders** 16:22
**understand** 6:1
  7:13 16:22,23
  18:4 19:23 21:13
  23:2,3,13,19
  28:25 29:2,3,19
  30:2,8 31:20
  38:10 47:17 51:14
**understanding**
  19:15 24:17 30:9
  36:16 39:24 40:8
**understood** 22:11
  41:14
**undertaken** 27:16
**unique** 28:15
**united** 1:1,13
  10:15 14:1 20:11
**unknown** 1:25
  14:4 21:10
**unnecessary** 5:25
**unprecedented**
  17:17,19
**unrealistic** 17:13
**unresolved** 37:5
**unusual** 5:9

**update** 2:4,7,10
**upholding** 35:4
  48:4
**usage** 19:3
**use** 13:22,25
  14:19,25 16:5,19
  16:25 17:2 18:6
  18:20 19:7,24
  20:13 21:8,24,25
  22:1,17 23:20
  25:8,15,16,18,22
  30:19 31:2,9,12
  31:18 32:23 33:4
  33:6 34:3,10,13
  34:17,22 36:3,11
  41:9 43:12,12
  44:9 51:18 52:10
**usual** 29:1
**usually** 23:23

**v**

**vale** 3:12 6:25 8:8
  8:12 12:16 14:17
  14:22 16:2,18
  19:6,7,15,23 21:8
  21:24 23:24 24:24
  25:4,7 26:14 28:2
  28:19 30:15 31:1
  32:15,17 33:4
  42:18 44:3 45:16
  46:13 47:10 48:17
  48:19 50:21 51:16
  53:7,8
**vale's** 2:3,9,14
  7:19,20,23 13:25
  14:21 23:17 40:22
**valided** 48:5
**value** 24:8 45:3,20
**vanderford** 4:12
**various** 14:22
  23:18 31:23 35:21
  44:4 45:10,24,25
  48:19 49:3

**vary** 15:8
**vast** 15:3 24:18
  26:11 33:8
**veritext** 54:20
**versus** 24:18
**vicens** 3:17 7:6
**view** 23:13 29:10
  31:15 38:24
**viewed** 38:23
**views** 31:6 41:8
**virtually** 33:12
**virtue** 22:24
**voice** 53:13
**volume** 14:8
  47:21 48:9
**voluntarily** 34:18

**w**

**wade** 17:8
**wait** 19:10 23:2,3
  43:9,9,9,9
**waive** 14:4
**waiver** 28:6
**want** 6:6 9:25
  17:10 21:1 22:7
  23:10,14 24:15
  25:6,14 27:6
  28:18 29:6 31:6,9
  31:13 32:20 33:2
  33:21 34:7,11
  40:8,11 46:13
  49:15 52:1,3,14
**wanted** 30:10
  33:4 41:14
**wants** 9:22 16:25
  19:23
**wasting** 31:15
**way** 7:12,24 9:14
  16:3 27:21 29:25
  30:8 35:23 39:16
  40:24 41:25 45:20
  46:23 47:7 52:16
**ways** 8:16

**we've** 5:12 8:11
  11:11 16:8,24
  24:13 25:5 27:7
  38:4 50:12,13,15
  51:20
**website** 5:6
**wednesday** 42:1
**week** 48:15 49:13
**went** 29:22
**wholistic** 10:6
**william** 1:7 3:8
  6:19
**willing** 28:2
**wisdom** 36:1
**wise** 35:24
**withheld** 40:14,14
  43:7,16,16,18
**withholding** 18:1
  42:22 45:1,2
  46:10 47:4
**words** 28:25
**work** 25:5 27:8
  28:2 29:20 31:7
  35:6,25 49:13
  51:11 52:13
**workable** 48:8
**worked** 5:13
  25:24 45:20
**working** 7:10
  12:17 50:24 51:13
**world** 14:2,22
**worries** 7:15
**worth** 36:7
**written** 24:25
  48:2

**x**

**x** 1:4,11

**y**

**yeah** 15:17
**year** 32:7 50:20
**york** 1:2,15 3:14
  4:4 10:16 44:23